## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————— :
                                            :
**DEANNA J. CHANG,**                        :
    **1315 Irving St. NW**          :
    **Washington, DC 20010**        :
                                            :
       **Plaintiff,**       :
**v.**                                      :          **Civ. A. No.:**
                                            :
**DISTRICT OF COLUMBIA**                    :
**DEPARTMENT OF CONSUMER AND**              :
**REGULATORY AFFAIRS, MAYOR**               :
**ADRIAN M. FENTY, in his**                 :
**official capacity, LINDA K. ARGO,**       :
**in her official and individual capacities;** :
**and DON MASOERO, in his official and**    :
**individual capacities,**                  :
                                            :
       **Defendants.**      :
——————————————————:


## COMPLAINT

Plaintiff, Deanna J. Chang, a resident of the District of Columbia, brings this action

against the Defendants for illegal and improper actions authorized and taken by Adrian M. Fenty,

in his official capacity as Mayor of the District of Columbia, the District of Columbia

Department of Consumer and Regulatory Affairs ("DCRA"), Linda K. Argo, individually and in

her official capacity as Director of DCRA, and Don Masoero, individually and in his official

capacity as Chief Building Inspector of DCRA, (collectively, "Defendants"), seeking injunctive

relief, declaratory relief, compensatory and punitive damages, and other costs and fees for

violations of Plaintiff's constitutionally protected rights.

1.       This is an action brought pursuant to 42 U.S.C. § 1983 alleging violations of rights

         guaranteed Plaintiff under the Fifth Amendment to the United States Constitution, as well

         as the District of Columbia Constitution.  Plaintiff also alleges violations of Section 6-

         1405.01 of the DC Code, relating to the Administration of Construction Regulations.

2.       The actions giving rise to these violations relate to the improper and unlawful issuance of

         a Stop Work Order ("Order"), and subsequent refusals by Defendants to rescind, remove

         or otherwise revoke said Order despite clear, unequivocal evidence that the Order was

         unfounded and contrary to the provisions of the DC Code.

## JURISDICTION

3.       Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3),

         as this action involves a federal question and the violation of civil rights secured by the

         United States Constitution.

4.       Notice of the filing of this lawsuit was provided to the Office of Risk Management on

         May 5, 2008.  A copy of that letter is attached as Exh. 1.

## VENUE

5.       Plaintiff is a resident of the District of Columbia and the actions alleged occurred in this

         District.  Therefore, venue properly lies in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

6.       Plaintiff is an adult citizen of the United States and resident of the District of Columbia.

7.       Defendant Adrian M. Fenty is Mayor of the District of Columbia.

8.       Defendant Linda K. Argo is Director of DCRA, an agency responsible for, among other

         things, overseeing the implementation and enforcement of building codes in the District

of Columbia, including issuance of Stop Work Orders and assessment of penalties for violations of the building code.

9.  Defendant Don Masoero is an employee of DCRA whose responsibilities include, among other things, reviewing the validity of Stop Work Orders issued by other employees of DCRA, and assessing fines for the violations alleged in the Stop Work Orders.

## FACTUAL ALLEGATIONS

10.  On April 28, 2005, DCRA issued Building Permit No. B472074 ("Permit") to Deanna Chang to renovate her residence at 1315 Irving St. NW in accordance with architectural plans submitted and approved by DCRA (hereinafter the "Work"). Exh. 2, Copy of Permit.

11.  The authorized Work involved major renovations of three floors of the house. Work on the third floor of the house began shortly after the issuance of the Permit.

12.  Because of the size of the house, the extensive amount of work to be done, construction at the house proceeded floor by floor and at a slower pace than if the entire house was being renovated all at once.

13.  Work continued on the house through 2006, 2007, and into 2008.

14.  In March 2008, Work on the first floor of the house commenced.

15.  On March 19, 2008, a Stop Work Order was issued by Michael Pearson, acting on behalf of DCRA. The Order alleged four separate violations of the DC's Building Code: (1) Working without a building permit, in violation of 12 DCMR 105; (2) Working without a demolition permit, in violation of 12 DCMR 105.1; (3) Failure to post building permit, in violation of 16 DCMR [illegible]; and (4) Failure to post demolition permit, in violation of 16 DCMR [illegible]. Exh. 3, Stop Work Order.

16.     On March 21, 2008, Ms. Chang went to DCRA to determine why the Stop Work Order
        was issued, since she believed, based on her reading of the DC Code, the fact that she had
        been doing construction at her home for nearly three years, that she had all the requisite
        permits.

17.     She was informed by an employee of DCRA that her building permit was indeed valid,
        and that demolition work was covered by the building permit.  The employee further
        stated that she was not in violation of any Building Code requirement, and that she should
        speak with Tomeka Jones, another DCRA employee, who dealt with Stop Work Orders.

18.     Ms. Chang met with Ms. Jones that day.  Ms. Jones informed her that the only way to get
        the Stop Work Order removed was to file a Notice of Appeal with Don Masoero, the
        Chief Building Inspector at DCRA.  She also informed Ms. Chang that the fines
        associated with the violations alleged in the Stop Work Order were $5000.  The Notice of
        Appeal was scanned and emailed to Mr. Masoero's assistant on Friday, March 21, 2008.
        Exh. 4, Notice of Appeal.

19.     The Stop Work Order provides that appeal to the Director of DCRA can be made in the
        event that Mr. Masoero denies or does not act on a Notice of Appeal within three
        working days.  See Exh. 3.

20.     Plaintiff called Mr. Masoero's office on Friday, March 21, and Monday March 24, 2008,
        to discuss removal of the Stop Work Order, and left messages with his assistant both
        days.  On Tuesday March 25, Ms. Chang received a call from Mr. Masoero's assistant,
        Ms. Hall, who indicated that she did not have any record of the Stop Work Order, and
        could not schedule a hearing with Mr. Masoero until she did.  Ms. Hall indicated that she
        would call Plaintiff when she got the information.

21.    On Thursday March 27, 2008, after more than three business days had passed since filing the Notice of Appeal with Mr. Masoero's office, Plaintiff filed a Notice of Appeal, along with supporting documents, with Defendant Linda Argo, the Director of DCRA.  Exh. 5, Letter and Notice of Appeal dated March 27, 2008.

22.    Over the course of the next couple of weeks, Plaintff sent emails and left voicemails at Defendant Argo's office requesting a meeting to discuss the Stop Work Order. Defendant Argo declined to return any of the phone calls or emails, nor did she take any action on the Notice of Appeal.

23.    Finally, on April 4, 2008, Ms. Chang received a voicemail message from Ms. Hall indicating that she was scheduled to meet with Defendant Masoero the following Tuesday, April 8, 2008.

24.    At that meeting, Mr. Masoero agreed with Ms. Chang that three of the violations – failure to post a building permit, working without a demolition permit, and failure to post a demolition permit – were not valid, and removed them from the list of violations.  See, Exh. 6, Notice of Infraction.

25.    Mr. Masoero stated that Plaintiff's building permit was expired, and that she was therefore working without a building permit, in violation of DC Code.  According to Mr. Masoero, building permits expire after one year, unless the permittee applies for a six month extension.  Because Ms. Chang did not apply for an extension of her permit within the first year it was issued, Mr. Masoero took the position that her permit had expired.

26.    However, Mr. Masoero's interpretation of the expiration of building permits is directly contrary to Section 105.5 of the DC Code, which provides:

> **105.5 Expiration of Permit.** Any permit issued shall become invalid if the authorized work is not begun within one year after

the permit is issued, or if the authorized work is suspended or
abandoned for a period of one year, after the date work is begun.

27.    Ms. Chang also informed Mr. Masoero that DCRA's permit office informed her that she

could not renew her permit because it was valid.

28.    Despite all the evidence to the contrary, Mr. Masoero continued to reiterate that Ms.

Chang, Ms. Chang's permit, the employee at DCRA, and the DCRA publications were all

wrong – that permits only lasted for one year unless renewed.  When asked to see where

that Code provision was, Mr. Masoero responded that he couldn't find it because he had

just moved offices.

29.    Mr. Masoero advised Ms. Chang that if she wanted to continue construction anytime

soon, she would have to admit to the violation, pay a $2000 fine and get a new building

permit.  Otherwise, she would have to wait several months to get a hearing date.

30.    Ms. Chang denied the alleged violation, and has been waiting for a hearing to be

scheduled with the Office of Administrative Hearings.  On May 16, 2008, the Office of

Administrative Hearings informed Plaintiff that they still had not received the Notice of

Infraction from DCRA.

31.    In the meantime, Plaintiff has continued to attempt to resolve this issue without resort to

costly and time consuming administrative or judicial litigation.  Numerous attempts to

resolve this issue with Defendants have been met with silence.  See, Exh. 7, email

correspondence.

32.    Since March 19, 2008, Plaintiff has been residing in what is literally a construction zone.

Her first floor no longer has a kitchen, walls and ceilings are missing, and electrical and

plumbing fixtures were disconnected in order for the demolition to take place.  See, Exh. 8, photos of Ms. Chang's house.

33.     Because of Defendants' improper issuance of the Stop Work Order and failure to enforce the clear terms of DC's construction code, she has been deprived of use of the first floor of her house since March 19, 2008, and will continue to be deprived of that portion of her house until the Stop Work Order is removed, or this Court bars enforcement of the Order and allows work to continue.

**COUNT I**
**42 U.S.C. § 1983**
**Violation of Procedural Due Process**
**Defendants Argo and Masoero**

34.     Plaintiff realleges and incorporates Paragraphs 1 through 33 as if set forth fully herein.

35.     The United States Constitution prohibits the deprivation of life, liberty or property without due process of law.  U.S. Const. amend. V.

36.     The District of Columbia Constitution prohibits the deprivation of life, liberty or property without due process of law.  D.C. Const. art. I, § 105.

37.     The Stop Work Order was issued by an employee of the DCRA under color of law.

38.     There was no valid basis for issuance of the Stop Work Order.

39.     Defendants Argo and Masoero knew or reasonably should have known that their subordinates were engaging in these acts and that their conduct would deprive Plaintiff of these rights.

40.     Defendants Argo and Masoero failed to take action to prevent their subordinates from engaging in such conduct.

41.     The actions of Defendants Argo and Masoero were done with deliberate indifference to, or reckless disregard for rights secured to Plaintiff.

## COUNT II
### 42 U.S.C § 1983
### Violation of Procedural Due Process
### All Defendants

42.     Plaintiff realleges and incorporates Paragraphs 1 through 41 as if set forth fully herein.

43.     Defendants, DCRA, Fenty, Argo and Masoero acted under color of law in issuing the Stop Work Order.

44.     Issuance of the Stop Work Order without opportunity for a meaningful hearing on the matter resulted in a denial of Plaintiff's constitutionally protected property rights.

45.     Assessment of $2000 in penalties without the opportunity for a meaningful hearing on the matter resulted in a denial of Plaintiff's constitutionally protected property rights.

## COUNT III
### 42 U.S.C. § 1983
### Violation of Procedural Due Process
### All Defendants

46.     Plaintiff realleges and reincorporates Paragraphs 1 through 45 as if set forth fully herein.

47.     By failing to rescind the improperly issued Stop Work Order, Defendants have revoked the building permit in which Plaintiff has a constitutionally protected property right.

48.     These actions were undertaken by Defendants under color of law, and resulted in violation of Plaintiff's right to due process.

## COUNT IV
### 42 U.S.C. § 1983
### Violation of Substantive Due Process
### All Defendants

49.     Plaintiff realleges and reincorporates Paragraphs 1 through 48 as if set forth fully herein.

50.   In issuing an invalid Stop Work Order and refusing to take steps necessary to rescind or otherwise revoke the invalid Stop Work Order, Defendants have deprived Plaintiff of the use and value of a substantial portion of her home.

51.   These actions were undertaken by Defendants under color of law, and resulted in violation of Plaintiff's right to due process.

**COUNT V**
**42 U.S.C. § 1983**
**Violation of Substantive Due Process**
**Defendants Argo and Masoero individually**

52.   Plaintiff realleges and reincorporates Paragraphs 1 through 51 as if fully set forth below

53.   In issuing an invalid Stop Work Order and refusing to take steps necessary to rescind or otherwise revoke the invalid Stop Work Order, Defendants Argo and Masoero deprived Plaintiff of the use and value of a substantial portion of her home.

54.   The actions of Defendants Argo and Masoero were done under color of law with deliberate indifference to, or reckless disregard for rights secured to Plaintiff.

**COUNT VI**
**Violation of DC St. Sec 6-1405.01**

55.   Plaintiff realleges and incorporates Paragraphs 1 thorough 54 as if set forth fully below.

56.   Defendants actions are in direct contravention of DC St. Sec. 6-1405.01, which requires that construction regulations be administered in a manner that is "fair, efficient, predictable. . . [and] devoid of unnecessary time delays and other administrative burdens...."

**PRAYER FOR RELIEF**

As a result of the unlawful and improper actions of Defendants, Plaintiff prays for the following relief:

      1.     Injunctive relief in the form of a "negative injunction" barring Defendants or any other representative of the District of Columbia from enforcing the Stop Work Order at Plaintiff's residence;

      2.     Injunctive relief in the form of removal of the Stop Work Order from Plaintiff's residence and voiding any fines or penalties associated therewith;

      3.     Declaratory relief in the form of a declaration that building permit number B462074 is valid;

      4.     Compensatory damages in an amount to be determined;

      5.     Punitive damages in an amount to be determined;

      6.     Attorney's fees, costs, and prejudgment interest; and

      7.     Such further relief as this Court deems just and proper.

Respectfully Submitted,

Dated:  May 20, 2008

_____

DEANNA J. CHANG
DC Bar No. 458381
1315 Irving St. NW
Washington, DC 20010
ph:  202.486.3221
email:  morleymash@yahoo.com

1315 Irving St. NW
Washington, DC 20010
202.486.3221
morleymash@yahoo.com

May 5, 2008

DC Office of Risk Management
Claims Department
441 4th Street, NW
Suite 800 South
Washington, DC 20001

Dear Sir/Madam:

This letter is to inform you, pursuant to Section 12-309 of the DC Code, that I intend to file suit against the District of Columbia, Mayor Fenty, the Department of Consumer and Regulatory Affairs ("DCRA"), Linda Argo, Director of DCRA, and/or Don Masoero, Chief Building Officer for DCRA, for violations of Constitutional and DC statutory rights resulting from an unlawful Stop Work Order at the above address. Said claims will be filed in US District Court for the District of Columbia, pursuant to 42 U.S.C. § 1983, and will seek injunctive relief, declaratory judgment that the Order is invalid, compensatory and punitive damages to the extent available, as well as prejudgment interest, costs and attorney's fees.

The complaint will allege that the Defendants issued a Stop Work Order, Exh. 1, and Notice of Infraction, Exh. 5, for failure to have a building permit at the above address despite the fact that I did indeed have a valid building permit covering that work. Exh. 2. According to Mr. Masoero, however, my building permit was not valid, because permits automatically expire after one year unless renewed. However, Mr. Masoero's position is directly contradicted by the DCMR, which states:

> **105.5 Expiration of Permit.** Any permit issued shall become invalid if the authorized work is not begun within one year after the permit is issued, or if the authorized work is suspended or abandoned for a period of one year, after the date work is begun.

DCMR 12A Sec. 105.5. As work under the permit was commenced within one year of issuance of the permit, and has not been suspended or abandoned for one year, my permit has not expired. Numerous other sources set forth the standard for expiration of permits as well, including the permit itself and publications put out by DCRA. These documents are attached as Exhibits 2, 6 and 7.

Numerous attempts to resolve this matter with Mr. Masoero, Ms. Argo, and Mayor Fenty have been fruitless. *See* Exhibits 4, 8-12. Despite clear evidence that the work at my residence was being conducted pursuant to a valid building permit, Defendants have refused to authorize removal of the Stop Work Order. *See* Exh. 5, 10.

Moreover, after denying the Notice of Infraction and requesting a hearing by the Office of Administrative Hearings, Defendants have not forwarded the appropriate paperwork to OAH to allow them to schedule my case for hearing. I denied the Notice of Infraction on April 8, 2008, and as of the date of this letter, OAH has not been provided with the information it needs from the City to calendar my appeal. I was informed that the Notice of Infraction must come from the City, and that until that is done, they could do nothing for me.

As a result of the unlawful and improper actions of the Defendants in issuing the Stop Work Order, failing to rescind the Order despite clear evidence that it was issued in error, failing to provide the proper paperwork in order to allow OAH to hear my appeal, I have been deprived of use of an entire floor of my home since March 19, 2008, and will continue to be deprived of it until the Stop Work Order is removed. The actions of the Defendants have resulted in an unconstitutional taking of my property without just compensation, as well as violations of my right to due process.

In addition to compensatory damages covering the lost value of the affected areas of the house, time spent attempting to resolve these issues (at an hourly rate commensurate with the prevailing market rate of an attorney with my level of experience), and pain and suffering, the egregiousness of the actions of the Defendants warrant the assessment of significant punitive damages, which I also intend to seek. Finally, I will seek recovery of prejudgment interest and all costs, including attorney's fees, associated with my claim.

Attached to this letter are numerous documents in support of my claim, including:

1.  Stop Work Order issued March 19, 2008
2.  Building Permit # B472074
3.  Stop Work Order Appeal Form
4.  Letter to Linda K. Argo, Director of DCRA, dated March 27, 2008
5.  Notice of Infraction dated April 2, 2008
6.  Copy of DCRA publication, "HOMEOWNERS Center Frequently Asked Questions and Answers"
7.  Copy of DCRA publication, "You Can Build It In DC"
8.  Email from Deanna Chang to Linda Argo, Don Masoero and Jim Graham dated April 8, 2008
9.  Email from Deanna Chang to John DeTaeye and Jim Graham dated April 9, 2008
10. Email from Don Masoero to Jim Graham dated April 10, 2008
11. Email from Deanna Chang to Jim Graham and Don Masoero dated April 14, 2008

      12.      Letter to Hon. Adrian M. Fenty dated April 14, 2008 (w/o exhibits).

      This notice should not be construed as a limitation of any sort on the defendants against whom I will file, nor shall it be construed as a limitation of the causes of action I will pursue.

      I can be reached at 202.486.3221 or morleymash@yahoo.com.

                    Sincerely,
                      /s/

                    Deanna J. Chang

cc:     (w/o enclosures)
        Hon. Adrian M. Fenty
        Jim Graham
        Linda Argo
        Don Masoero

★ ★ ★ GOVERNMENT
OF THE DISTRICT
OF COLUMBIA
Form BLRA-15
(Rev. 9/30/91)

DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
BUILDING AND LAND REGULATION ADMINISTRATION    GOVERNMENT

**BUILDING PERMIT**

(Type)

Date **4/28/05**

Address of work **1315 IRVING STREET N.W.**

Permission is hereby granted to

**BREANNA CHANG** perform the work described herein at the address shown above in strict accordance with the conditions stated on BOTH sides of this permit.

Authorized work and conditions of performance thereof.

Reg'd 3  04/28/05  at 12:31 ACTA
Receipt# 164997  Amount $**1,360.00

PERMIT NO. **B490174**

ALTERATION AND REPAIR    BUILD STRUCTURE & EQUI

Lot **805**    Square    **2848**

TOTAL PERMIT FEE    $

FILING FEE    $

NO.    DATE

FEE PAYABLE    $    **1360.00**

FOR INSPECTIONS CALL 727-2562  **442-4641**

(Owner)

**CONVERT YOUTH RESIDENTIAL CARE HOME INTO A 2-UNIT FLAT.
INTERIOR RENOVATION AS PER PLANS. UPDATE INTERIOR OF AN IN-LAW SUITE
IN THREE STORY HOUSE. / NO ADDITIONS TO EXTERIOR.
SEPARATE ELECTRICAL, PLUMBING AND MECHANICAL INSTALLATION PERMITS ARE REQUIRED.**

Builder    Value $    No. of Bldgs.

Width of Bldgs.    Length    Height    No. of Stories    **3 W/B.**

Zone **R-4**

Height of Terrace above grade **WARD:**    To be occupied as    Projections:    **FLAT**

Address of owner **1315 IRVING ST. NW.**

Deposit No.    Amount $

DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS

Chief, Permit Issuance Branch

By    Permit Clerk

**PATRICK CANAVAN ACTING DIRECTOR**

DIRECTOR    **E. KING**

CONDITIONS: As a condition precedent to the issuance of this permit, the owner agrees to conform with all conditions set forth herein, and to perform the work authorized hereby in accordance with the approved application and plans on file with the District Government and to perform all applicable laws and regulations of the District of Columbia. The District of Columbia has the right to enter upon the property and to inspect all the work authorized by this permit, and to require any change in construction which may be necessary to insure compliance with the permit and with all applicable regulations of the District of Columbia. Work authorized under this Permit must start within one (1) year of the date appearing on the reverse side of this permit or this permit is automatically void. If work is not started, any application for partial refund must be made within six months of the date appearing on the reverse side of this permit.

THIS PERMIT MUST ALWAYS BE CONSPICUOUSLY DISPLAYED AT ADDRESS OF WORK UNTIL WORK IS COMPLETED.

NOTIFY THE BUILDING INSPECTOR THE DAY THE WORK STARTS. PHONE: 727-7562   614 H. St. N.W.

A separate permit is required for all Plumbing, Refrigeration, Gas Fitting, and Electrical Work.



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**

### DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS

Inspections & Compliance Administration
941 North Capitol Street, NE #2000
Washington, DC 20002

# STOP WORK ORDER

1315 Irving St NW
*(address)*

You are hereby ordered to IMMEDIATELY STOP all work at this building or structure.

☒ You are performing work that violates the Construction Code:
☐ You are performing work in an unsafe and dangerous manner:

| Code Section (s) | Violation (s) | What You Must Do to Correct the Violation (s) |
|---|---|---|
| 12 DCMR 105.1 | Working W/O Building Permit | Obtain Proper Permit |
| 12 DCMR 105.1 | Working W/O Demo Permit | Obtain Proper Permit |
| 16 DCMR 3309.3c | Fail to Post Building Permit | Obtain Proper Permit |
| 16 DCMR 3309.3c | Fail to Demo Permit | Obtain Proper Permit |

Do NOT work at this address until you:
☐ Correct the violation(s)
☐ Pay the fine amount
☐ Obtain and post the required permits

☐ Electrical   ☐ Plumbing   ☐ Construction   ☐ Boiler   ☐ Fire   ☐ Elevator   ☐ Other___ Demo
☐ Receive approval from the Code Official to remove the Stop Work Order.

## WARNING

Unauthorized removal of a posted Stop Work Order is a Construction Code violation, subject to penalties and injunctive relief under DC Official Code §§ 6-1406 and 6-1407 and 12A DCMR § 114.3.

A Stop Work Order for illegal construction under 12A DCMR §§ 113.7 and 114.6 requires you to stop all work at the building or structure, *whether or not the work requires building permits.*

It is a Stop Work Order violation for an owner or agent to enter the site for any reason without the Code Official's approval. (The Code Official may allow temporary access to ensure the property's security and safety, under 12A DCMR § 114.6.1.)

Anyone who continues any work in or around a structure posted with a Stop Work Order – except to do work that the Code Official approves to remove a violation or unsafe condition – is subject to penalties and injunctive relief under DC Official Code §§ 6-1406 and 6-1407, 12A DCMR §§ 105.8 and 114.10.

## RIGHT TO APPEAL

You have the right to appeal this Order to the Reviewing Official (Don Masoero, Chief Building Code Official, Inspections and Compliance Administration) within 15 days of its posting, under 12A DCMR § 112.1. You may call the Reviewing Official at (202) 442-Stop_____. You may obtain a Stop Work Order Appeal Request Form at the address above or at dcra.dc.gov. If the Reviewing Official denies your appeal or takes no action within 3 working days of receiving it, you may appeal to the Director.

If the Director denies or takes no action on your appeal within 3 working days of receiving it, you may appeal to the DC Office of Administrative Hearings (OAH). You may deliver your written request for a hearing to OAH at 941 North Capitol Street, NE #9100, Washington, DC 20002 or mail it to PO Box 77718, Washington, DC 20013-8713.

Signature of Issuing Official _Michael Pearson_   Date _7/4/08_   Time _4:00_

Print Name: _____   Phone Number _____

**DCRA**
DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS

# STOP WORK ORDER APPEAL FORM

Under Title 12A, DC Municipal Regulations, § 112.1, you have the right to appeal the Stop Work Order on your property. To exercise this right, you must complete and file this form within 15 calendar days after posting of the Stop Work Order. You may mail (or hand-deliver) this appeal to the Reviewing Official:

> Don Masoero
> Building Code Official for the Inspections and Compliance Administration
> Department of Consumer & Regulatory Affairs
> 941 North Capitol Street, NE Suite 2000
> Washington, DC 20002

Within 3 working days of the Reviewing Official's receipt of your Appeal Form, the Reviewing Official shall affirm, modify, or reverse the Stop Work Order.

If the Reviewing Official denies your appeal or takes no action within 3 working days, you may request a review of the matter by the Director, Department of Consumer and Regulatory Affairs, 941 North Capitol Street, NE, Suite 9500, Washington, DC 20002.

Under Title 12A, DC Municipal Regulations, § 112.2, if the Director denies or takes no action on your appeal within 3 working days of receiving it, you may appeal to the DC Office of Administrative Hearings (OAH). You may deliver your written request for a hearing to: OAH, 941 North Capitol St NE #9100, Washington, DC 20002 or mail it to PO Box 77718, Washington, DC 20013-8713.

| Owner's or Agent's Name | Phone(s) |
|---|---|
| Deanna J. Chang | 202.486.3221 (h) 202.514.4185 (w) |

| Owner or Agent's Address | Zip |
|---|---|
| 1315 Irving St. NW | 20010 |

| Address of Stop Work Order | Date of Stop Work Order |
|---|---|
| Same | 3/19/08 |

Under Title 12, §112 DC Municipal Regulations, I appeal the above Stop Work Order (Owner's or Agent's Signature)

*Deanna Chang*

## Reasons for Appeal

☐ DCRA has incorrectly interpreted the true intent of the Construction Code or rules.

☐ The Construction Code provisions do not fully apply.

☐ An equally good or better form of construction will meet the intent of the Construction Code.

Explanation:

Valid building permit was obtained 4/28/06; permit #B472074. I was informed that the permit has not expired because work has been ongoing.

Inspector reviewed approved plans.

~~Has been why is same permit is~~

Scanned and sent to Ms. Hall 3/21/08 by Tameka Jones

1315 Irving St. NW
Washington, DC 20010
202.486.3221 (h)
202.514.4185 (w)
deanna.chang@usdoj.gov
March 27, 2008

<u>VIA Facsimile & Hand delivery</u>
Linda Argo, Director
DC Department of Consumer & Regulatory Affairs
941 North Capitol Street, NE
Suite 9500
Washington, DC 20002

Dear Director Argo:

I respectfully submit the following Notice of Appeal along with supporting documentation regarding a Stop Work Order that was posted on my house March 19, 2008.  The Notice of Appeal was sent to Mr. Masoero's office on Friday March 21, 2008, per the instructions provided on the Appeal form.  More than three working days have passed and there has been no resolution to the Stop Work Order.  Therefore, I am appealing the Order to you.

As is stated in the Notice of Appeal, I do have a valid building permit for the renovations at my home.  The permit number is #B472074 and was issued April 28, 2005.  A copy of that permit is attached.  Construction began within one year of issuance of the permit, and has not been suspended for more than a year in that time.  Therefore, according to DC regulations and DCRA employees, my permits are still valid.  A copy of that permit has been posted in the window since that date, but apparently had fallen down.

As for a demolition permit, I was not aware that one was needed.  The building and demo plans were reviewed and approved by DCRA, and appropriate permits were issued at that time. The Building Permit indicates that separate electrical, plumbing and mechanical installation permits are required, but there is no mention of a demolition permit.  Moreover, the information provided on your website indicates that demolition is included in building permits.  There is no mention of a demolition permit.  I have attached a printout of that page as well.

In short, I respectfully request that the Stop Work Order that was placed on my house be removed and no fines assessed.  Thank you very much for your prompt attention to this matter.

Sincerely,

Deanna J. Chang

enc.

GOVERNMENT OF THE DISTRICT OF COLUMBIA

# NOTICE OF INFRACTION

Notice No. **I7DO924**

Issuing Agency:  [ ] DOH   [ ] DMH   [ ] DCRA   [X] 1st NOI

[ ] CFSA   [ ] FEMS   [ ] Other _____   [ ] 2nd NOI (1st NOI No. _____)

**4, 2, 08**
Date of Service

**1315 Irving St NW**

Location of Infraction:    Type of Location:   [ ] Vacant Lot   [ ] Construction Site   [ ] Occupied   [ ] Other _____

Business/Company Name **CHANG, DEANNA J**    Charge as Respondent (circle): YES  NO    Telephone Number

Individual Name (Last, First, Middle) **1315 Irving St NW**    Charge as Respondent (circle): (YES)  NO    Telephone Number

Mailing Address **Washington**                    **DC**

City                        State            Zip Code

Business License/Permit Type _____    Business License/Permit No. _____

**You are charged with violating the District of Columbia laws or regulations stated below. You MUST SIGN and RETURN this form within 15 DAYS of the date of service. You must also indicate below each infraction whether you ADMIT, ADMIT WITH EXPLANATION or DENY. Instructions on back.**

If you DENY one or more of the infractions, you must timely sign and return this form as your answer. If you do so, a hearing in your case is pre-scheduled on the _____ day of _____, _____ at _____ AM / PM at the following location:

Office of Administrative Hearings, _____, Suite _____, Washington, D.C.

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| **12 DCMR 105.1** | $ **1,000** | $ |

Nature of Infraction **Working W/O Building Permit**

Date of Infraction **3-19-08**    Time of Infraction **4:00 pm**    Previous Infractions Committed   1   2   3   4

ANSWER:  [ ] ADMIT (Pay Fine)    [X] DENY (Appear for a Hearing)    [ ] ADMIT WITH EXPLANATION (Hearing by Mail)

Signature **X** _____

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| **12 DCMR 105.1** | $ **1,000** | $ |

Nature of Infraction **Working W/O Demo Permit**

Date of Infraction **3-19-08**    Time of Infraction **4:00 pm**    Previous Infractions Committed   1   2   3   4

ANSWER:  [ ] ADMIT (Pay Fine)    [ ] DENY (Appear for a Hearing)    [ ] ADMIT WITH EXPLANATION (Hearing by Mail)

Signature _____

Total Fines and Penalties $ **5,000**
Total Administrative Fees $ ~~10.00~~
Total Amount Due for ALL Infractions $ **5,000**

**WARNING:** Failure to answer (see reverse) each infraction on this Notice within 15 days of the date of service by signing and returning this form will result in assessment of a penalty equal to and in addition to the specified amount of the fine. You also may be subject to other penalties and actions allowed by law including suspension and non-renewal of your license or permit, the sealing of your business, a lien being placed on your property, and attachment of your equipment. If this is your second Notice for the charges, your failure to respond within 15 days of the date of service will result in the assessment of a penalty equal to twice the amount of the fine. For Medicaid-funded facilities: This Notice and information obtained through this proceeding may be used for evaluation under applicable law, including 42 CFR Chs. 442 and 483 and for any proceeding under 42 CFR Ch. 431. For information call (202) 442-9091.

I personally declare under penalty of perjury that I observed and/or determined that the infraction(s) charged have been committed.

_Michael Pearson_    **Michael Pearson**    **4-2-08**    **529**
Inspector's/Investigator's Signature    Print Name    Date    Badge/Identification Number

I sign my name below to acknowledge receipt of this Notice of Infraction and not as an admission of guilt or liability to the charge(s) listed.

Respondent's Signature _____    Print Name _____    Date _____

OAH (WHITE)    RESPONDENT (YELLOW)    INSPECTOR (PINK)    ENFORCEMENT (GOLDENROD)
Form OAH-412, Rev. 12-04

YOUR ANSWER MUST BE RECEIVED BY THE 15TH DAY AFTER THE DATE OF SERVICE TO AVOID THE ASSESSMENT OF ANY ADDITIONAL MONETARY PENALTIES REQUIRED BY LAW. YOU HAVE THE RIGHT TO REQUEST A HEARING. YOU MAY ANSWER EACH INFRACTION IN ONE OF THE FOLLOWING WAYS:

## TO ADMIT THE INFRACTION(S) AND PAY THE FINE(S):

On this Notice and within 15 days of the date of service:

- CHECK the "ADMIT" box under the infraction(s) listed on this Notice and sign your name on the SIGNATURE line(s).

Make a personal check, cashier's check, or money order payable to the D.C. TREASURER (no cash accepted by mail) for the total amount due for the fines, penalties, and administrative fee of $10.00 for the infraction(s) you are admitting. Note that there will be a fee for all returned checks. Write the NOTICE NUMBER (upper right corner of this Notice) on the front of your check or money order. Make a photocopy of this Notice for your records. Total amount now due is applicable fines and penalties plus mandatory administrative fee of $10.00.

- Complete all information requested below in SECTION A and SECTION B and complete and sign the declaration in SECTION B.

- After completing all required information, enclose full payment with this Notice in an envelope with required postage and mail to:

    Infraction Clerk, Office of Administrative Hearings, P.O. Box 77718, Washington, DC 20013-8718      (202) 442-9091

## TO ADMIT THE INFRACTION(S) WITH EXPLANATION AND REQUEST A HEARING BY MAIL:

On this Notice and within 15 days of the date of service:

- CHECK the "ADMIT WITH EXPLANATION" box under each infraction(s) listed on this Notice and sign your name on the SIGNATURE line(s).

- Complete all the information requested below in SECTION A and SECTION B below and sign the declaration in SECTION B.

- Although a plea of Admit with Explanation is an admission of liability, you must prepare and submit any written explanation, affidavits, or other evidence explaining the circumstances surrounding the infraction that you believe justify a reduction of the fine. An Administrative Law Judge will review the evidence in your case and issue a ruling in writing. Failure to submit sufficient relevant evidence of mitigating circumstances will result in a failure to obtain any reduction or suspension of the fine. Write the NOTICE NUMBER on the front of any document submitted. Make a photocopy of this Notice for your records.

- After providing all required information, enclose this Notice together with any explanation, affidavits, or other evidence you wish to submit in an envelope with required postage and mail to following address:

    Infraction Clerk, Office of Administrative Hearings, P.O. Box 77718, Washington, DC 20013-8718      (202) 442-9091

## TO DENY THE INFRACTION(S) AND REQUEST TO APPEAR IN PERSON FOR A HEARING:

On this Notice and within 15 days of the date of service:

- CHECK the "DENY" box under the infraction (s) listed on this Notice and sign your name on the SIGNATURE line(s).

- Your hearing date and time are pre-scheduled and appear on this Notice and will be confirmed in writing upon timely receipt of your plea of Deny. If you fail to appear at your scheduled date and time after you request a hearing in person, the hearing may proceed to a final decision in your absence. You may be required to submit a copy of all evidence prior to the hearing date. Make a photocopy of this Notice for your records. You will be notified by mail if your hearing date and time are changed.

- Provide all the information requested below in SECTION A. You do not need to fill-in and sign below in SECTION B unless you have also Admitted or Admitted with Explanation one of the charged infractions.

- After providing all required information, enclose this Notice in an envelope with required postage and mail to following address:

    Infraction Clerk, Office of Administrative Hearings, P.O. Box 77718, Washington, DC 20013-8718      (202) 442-9091

## TO FILE A RESPONSE IN PERSON:

Alternatively, you may submit this Notice and any documentation in person with the required information at the location on the front of this Notice or at any of OAH's filing locations weekdays, 9:00 A.M. - 5:00 P.M. For a list of locations, please call (202) 442-9091 or visit OAH's web site at HTTP://WWW.OAH.DC.GOV

---

**SECTION A:       TO BE COMPLETED BY ALL RESPONDENTS**

Name (print) _Danna Chang_          Telephone: _3202/486-3221_ Fax: _____

Street Address _1315 Irving St. NW_      City _WDC_      State _____ Zip _____

---

**SECTION B:       TO BE COMPLETED BY ALL RESPONDENTS ADMITTING OR ADMITTING WITH EXPLANATION**

I hereby declare under penalty of perjury that I have received this Notice, answered each infraction as indicated on the reverse side, and [ ] CORRECTED or [ ] NOT CORRECTED (check only one) all the infraction(s) listed on this Notice that were ADMITTED or ADMITTED WITH EXPLANATION.

Signature _____      Date _____

WARNING: SUBMISSION OF A FALSE STATEMENT IS A CRIME PUNISHABLE UNDER D.C. OFFICIAL CODE § 22-2504.

Form OAH-412B, Rev. 12-04                    HTTP://WWW.OAH.DC.GOV

Date:          Mon, 14 Apr 2008 06:49:18 -0700 (PDT)

From:          "djc" <morleymash@yahoo.com>

Subject:       RE: Stop Work Order at 1315 Irving St. NW

To:            "Jim Graham" <Jim@grahamwone.com>, "Masoero, Don (DCRA)" <Don.Masoero@dc.gov>

CC:           "Argo, Linda (DCRA)" <Linda.Argo@dc.gov>, "Douglas, Lennox (DCRA)" <Lennox.Douglas@dc.gov>, "Jemal, Edries (DCRA)" <Edries.Jemal@dc.gov>, "morleymash@yahoo.com" <morleymash@yahoo.com>

1. The DCMR section to which Mr. Masoero cites applies to permits that are about to expire. It does not address the longevity of a permit. The applicable section provides as follows:

**105.5 Expiration of Permit.** Any permit issued shall become invalid if the authorized work is not begun within one year after the permit is issued, or if the authorized work is suspended or abandoned for a period of one year, after the date work is begun.

**105.5.1 Extension of Permit.** Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more that three extensions of time will be granted to any permit.

**105.5.2 Lapsed Permits.** Permits issued under the Construction Codes shall not be be extendable if permitted to expire.

**105.5.3 Non-Transferrable Supplemental Permits.** A new supplemental installation permit should be obtained pursuant to Section 105.1.13 for any authorized work begun by one contractor and continued by another contractor.

Because work was continuous, according to DC regs, 105.5.1, upon which Mr. Masoero relies, does not apply.

2. The current publications do NOT indicate that permits expire after one year. The point that I made to Mr. Masoero was that all information provided by DCRA, including the permit itself, various written publications, and its own employees, indicated NOT that the permit expired after one year, but that a permit expired if work did not COMMENCE or was suspended for one year. I have provided all of that information as attachments to my email last week, and I showed it to Mr. Masoero at our meeting. I also showed him my permit, which states, "Work authorized under this Permit must start within one (1) year of the date appearing on the reverse side of the permit or this permit is automatically void." This is the same information that numerous publications put out by DCRA provides, all of which were shown to Mr. Masoero.

3. There was no rescheduling of the hearing that I was made aware of. I had a phone call from Mr. Masoero's office on March 25 indicating that they did not have any information regarding my case. I did not hear from them again until Friday April 4, at which time I was informed that Mr. Masoero would meet with me the next Tuesday at 1. I rearranged my schedule to make that time work. In any event, the response was not legally timely as Mr. Masoero asserts, as the Stop Work Order clearly states that if the Notice of Appeal is not acted upon within 3 working days, I may then appeal to the Director's Office.

A clear reading of the Code, in addition to all the materials put out by DCRA and my permit show that Mr. Masoero's reading is wrong. He relies upon the wrong section of the DCMR, and also

misrepresents my position. I never once agreed that my permit expired after a year.

Mayor Fenty's office has been advised of this issue. Copies of the letter, which will be delivered to his office today, have been sent to most of you as well. In addition, I will be providing the requisite notice to DC's Office of Risk Management, that I intend to sue the City and seek a Temporary Restraining Order and/or Preliminary Injunction barring enforcement of the Stop Work Order. I will also be seeking damages and attorney's fees.

# YAHOO! MAIL
### Classic

Print - Close Window

**Date:** Fri, 11 Apr 2008 06:31:25 -0700 (PDT)

**From:** "djc" <morleymash@yahoo.com>

**Subject:** Re: FW: Stop Work Order at 1315 Irving St. NW

**To:** "Jim Graham" <Jim@grahamwone.com>, "John DeTaeye (jdetaeye@dccouncil.us)" <jdetaeye@dccouncil.us>, "Yuckenberg , Jason (COUNCIL)" <JYuckenberg@DCCOUNCIL.US>

Not surprisingly, there has been no response to this email.  Nor was there any response to CM Graham's earlier email to Dir. Argo, or my numerous phone and email messages.  Isn't there some way to bypass DCRA when they are flat-out wrong and cannot/will not explain their actions?  The Code is clear that I am in compliance w/ my permits, yet I have been living in my house with no walls, exposed insulation, no ceiling, etc.  I will forward photos later today.

Please let me know if there is someway I can get beyond these people and get this resolved promptly.  I should not have to continue to live in a house in this condition for the months that it will take to clear this up through OAH or the courts.  It is essentially extortion that the only way I can get the stop work order removed within a reasonable amount of time is to admit to a violation that does not exist and pay a $2000 fine.

*Jim Graham <Jim@grahamwone.com> wrote:*

> Mr. Masoero: Please explain thsi for us. Thanks. Councilmember Jim Graham
>
> *I typically answer emails before 9 AM on weekdays. If you email me after that, it is likely that you will hear from me the next weekday. If there is a need to communicate prior to that, you may wish to call me.*
>
> *Jim Graham, Councilmember, Ward One, 1350 Pa. Ave., NW, #105, Washington, DC 20004. 202-724-8181; 202-724-8109 (fax).*
>
> *Chairman, Committee on Public Works and the Environment (including alcohol regulation). Main Committee Number: 202-724-8195. 1350 Pa. Ave., NW, #116, Washington, DC 20004.*
>
> *Voting member, Board of Directors, WMATA/Metro.*
>
> *Website: www.grahamwone.com*
>
> ------------------------------------------------------------
>
> **From:** DeTaeye, John (COUNCIL) [mailto:JDeTaeye@DCCOUNCIL.US]
> **Sent:** Thursday, April 10, 2008 5:06 AM
> **To:** Jim Graham
> **Cc:** Yuckenberg , Jason (COUNCIL)
> **Subject:** FW: Stop Work Order at 1315 Irving St. NW
>
> Councilmember,
>
> Ms. Chang called yesterday afternoon asking for help on this.  Mr. Maseoro is telling the constituent her

Case 1:08-cv-00871-PLF    Document 1-9    Filed 05/21/2008    Page 2 of 4

Yahoo! Mail - morleymash@yahoo.com                                    Page 2 of 4

building permits need to be renewed but when she goes to DCRA to renew them, she is being told they are valid.

---

**From:** Chang, Deanna (ENRD) [mailto:Deanna.Chang@usdoj.gov]
**Sent:** Wed 4/9/2008 6:15 PM
**To:** DeTaeye, John (COUNCIL); jim@grahamwone.com
**Subject:** FW: Stop Work Order at 1315 Irving St. NW

John,

Thank you again for taking time to discuss this matter with me.  Below is the email that I sent Mr. Maseoro, Director Argo, and Councilmember Graham yesterday.  As you and I just discussed, this Stop Work Order was issued three weeks ago.  I have been trying since that time to get this issue resolved since I had pulled permits to do the work and did not understand the basis for the Stop Work Order.  I promptly went to DCRA to determine what was wrong with my building permit.  I was told at that time it was valid.  I specifically asked if they had expired, since they were issued in 2005, and was told permits do not expire unless there has been no work in a year of issuance of the permit or if work has been suspended for a year or more.  Nonetheless, I asked whether I could renew them anyway, and was told that they cannot be renewed because they are valid.  This was information given to me by DCRA employees.

I filed a Notice of Appeal on 3/21 with Mr. Maseoro's office.  After not hearing from his office, I filed a Notice of Appeal with Director Argo's office.  I have called Dir. Argo's office several times to schedule an appointment, but have not received any return calls.  I have also sent her a couple of emails regarding this issue, and Councilmember Graham was also kind enough to forward an email to her on my behalf.  There has been no response to the emails either.

I was finally scheduled to meet with Mr. Maseoro yesterday, 20 days after the Stop Work Order was issued (and 17 days past the 3 days he had to respond to the Notice of Appeal).  As detailed below, Mr. Maseoro took the position that I did not have a building permit because it was expired, and was therefore in violation of DCMR 105.1 and subject to a $2000 fine.  When I explained to him that the permit office would not allow me to renew my permit, and showed him various materials put out by DCRA indicating that permits expire only when construction has not commenced within a year of issuance, he informed me that all of that information was wrong, and that the DCMR clearly stated that permits must be renewed every 6 months for a maximum of 2 times, and I had no basis for believing that information given out by DCRA.  As you will see from the excerpt of the DCMR in my email below, that is clearly not the case.  (In fact, Mr. Maseoro seems to be confusing DCMR 105.5.1, which applies to extensions of permits when they are about to expire.  Since work has been ongoing on my house since the building permit was issued in 2005, my permit has never been on the verge of expiration, thus an extension has not been warranted).

I am attaching to this email a package of information which I originally sent to Director Argo on March 27, as well as additional information from DCRA publications and its website relating to expiration of building permits with the relevant text highlighted.  The position taken by Mr. Maseoro is inconsistent with the DCMR, with the publications put out by DCRA, with the information given by other employees of DCRA, and set forth on the back of my building permit, and yet I cannot get the Stop Work Order removed without admitting to violating the Code and paying a $2000 fine.

I would greatly appreciate any assistance you can offer, since I cannot even get the Director of DCRA to return phone calls, emails, etc.  I am already out a significant amount of money, as my contractors haven't been able to do any work for three weeks, not to mention the time I have taken off work to attempt to get this situation resolved.  Thank you again, and I hope to hear from you soon.

Sincerely,
Deanna Chang

**From:** djc [mailto:morleymash@yahoo.com]
**Sent:** Tuesday, April 08, 2008 4:18 PM
**To:** linda.argo@dc.gov; don.maseoro@dc.gov; grahamwone@gmail.com
**Subject:** Stop Work Order at 1315 Irving St. NW

This email is in reference to a Stop Work Order I received at 1315 Irving ST. NW on March 19, 2008. I have contacted all of you in regard to the problem, as I was cited for failure to comply with various DC Code Requirements, none of which I believe apply.

I met with Mr. Maseoro this afternoon, and he agreed that three of the four violations for which I was cited were not proper. He and I disagreed, however, on whether or not I had a valid Building Permit. My permit was issued in 2005, and I have been working continually on the house since that time. Mr. Maseoro informed me, however, that permits were only valid for 1 year, and that a homeowner is required to apply for 6 month extensions after that time, and that a maximum of 2 extensions could be granted. As a result, according to Mr. Maseoro, I did not have a building permit because it was more than 1 year after the date of issuance and i had not requested extensions.

I explained to Mr. Maseoro that none of the publications put out by DCRA indicatedthat was the case, but instead refer only to permits expiring if work has not commenced within one year of issuance of the permit or if work had ceased for more than one year. Moreover, employees at DCRA told me my permits were valid, and in fact, told me I could NOT renew them because they were valid. Mr. Maseoro continued to tell me that the DCMR provided otherwise. Upon my arrival back home, I found the relevant DCMR section relating to expiration of building permits, which clearly states that a permit expires only if work is not commenced within one year of issuance of the permit or if work is suspended or abandoned for one year. DCMR 105.5 is excerpted below.

Construction has been ongoing in my house since issuance of the permit, and I had ample evidence of such to show Mr. Maseoro. Because the DCMR is clearly inconsistent with the position taken by Mr. Maseoro, and I have complied with the provisions of the Code, I respectfully request that all infractions relating to the Stop Work Order be dismissed immediately, and that authorization to remove the Stop Work Order be granted.

Sincerely,
Deanna Chang
202.486.3221 (h)
202.514.4185 (o)

---

**105.5 Expiration of Permit.** Any permit issued shall become invalid if the authorized work is not begun within one year after the permit is issued, or if the authorized work is suspended or abandoned for a period of one year, after the date work is begun.
**105.5.1 Extension of Permit.** Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more that three extensions of time will be granted to any permit.
**105.5.2 Lapsed Permits.** Permits issued under the Construction Codes shall not be extendable if permitted to expire.
**105.5.3 Non-Transferrable Supplemental Permits.** A new supplemental installation permit should be obtained pursuant to Section 105.1.13 for any authorized work begun by one contractor and continued by another contractor.

---

You rock. That's why Blockbuster's offering you one month of Blockbuster Total Access, No Cost.

Do You Yahoo!?
Tired of spam? Yahoo! Mail has the best spam protection around
http://mail.yahoo.com

**From:** Masoero, Don (DCRA) [mailto:Don.Masoero@dc.gov]
**Sent:** Thursday, April 10, 2008 10:38 AM
**To:** Jim Graham
**Cc:** Argo, Linda (DCRA); Douglas, Lennox (DCRA); Jemal, Edries (DCRA)
**Subject:** RE: Stop Work Order at 1315 Irving St. NW

Councilman Graham.

The bottom line is that a building permit does not have an unlimited life. Section 105.5.1 of the DCMR states, "Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more then three extensions will be granted to any permit."

Her permit was issued on April 28, 2005. In accordance with Section 105.5.1 the first extension period would have been April 28, 2006, the first 6 month extension would have been October 28, 2006, the second 6 month extension would have been April 28, 2007 and the third extension would have been October 28, 2007.

As a matter of practice DCRA has accepted a field inspection in lieu of "Upon written request." to verify that work is continuing within the scope of a given permit. This last inspection that Ms. Chang requested was performed by DCRA on 12/1/2205.

During the appeal to me, Ms.Chang made the point that she has performed work continually, since 2005 but did not call for inspections nor did she request an extension. She admitted this and had no issue with these facts. As I understood her frustration, she could not find in any of the paper work that DCRA provides for customer service where all of this was stated. In fact it is not. Only that the permit is good for one year. In bringing this to Director Argo's attention, she directed Mr. Lenny Douglas to change our web site and all customer service handouts to reflect this.

I asked Ms. Chang if she knew that a permit is only good for one year, then why is she still working on that permit? Her explanation was the she asked several contractors and they told here that as long as she was working on the permit, it would not expire. I told her, that was unfortunate but due to the fact that she was acting as her own contractor it was here obligation to verify with DCRA, rather then believe a contractor. She then countered that the day of the hearing the DCRA permit center told her that her permit was not expired.

This is all hear say to me. But during my 30 years of supervising building departments and permit centers, what I think happened is she asked a technician a question in a manner that would induce a wrong response. I am only guessing, but the current hand outs clearly state that a building permit is only good for one year. Knowing that, and she admitted to that, why did she work beyond the year?

She denied the Notice of Infraction and it is now in the hands of the Office of Administrative Hearings. She will have her day in court and the judge will do what ever the judge does.

On the matter of the length of time that it took for me to hear the appeal there where three reschedules of the hearing. I am researching if the reschedules where requested by her or by us or maybe both. In any event we were legally timely. Again, she can make here case with the judge and he will rule on it.

If you have any further questions, I am available for you.

Don Masoero, CBO
Chief Building Inspector, DCRA/ICA
25 M Street, S.W., 3rd Floor
Washington, D.C. 20024
535-1862 Fax 535-1830













08-871
PLF

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Deanna J. Chang

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Deanna J. Chang
DC Bar No. 458381
1315 Irving St. NW
Washington, DC 20010
202.486.3221

## DEFENDANTS

District of Columbia Department of Consumer and Regulatory Affairs, Adrian M. Fenty, in his official capacity; Linda K. Argo, in her official and individual capacities; and Don Masoero in his official and individual capacities

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00871
Assigned To : Friedman, Paul L.
Assign. Date : 5/21/2008
Description: TRO/PI

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

◉ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**         OR         ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

6

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Court from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Violation of constitutional rights under 42 USC § 1983

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** _____ Check YES only if demanded in complaint    **JURY DEMAND:** YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 5/20/08    SIGNATURE OF ATTORNEY OF RECORD _____

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT    (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.