## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

——————————————————— :
                             :
**DEANNA J. CHANG,**           :
                             :
             **Plaintiff,**      :
      v.                     :         **Civ. A. No.:**
                             :
**DISTRICT OF COLUMBIA**    :
**DEPARTMENT OF CONSUMER AND**   :
**REGULATORY AFFAIRS, MAYOR**   :
**ADRIAN M. FENTY, in his**        :
**official capacity, LINDA K. ARGO,**   :
**in her official and individual capacities;**   :
**and DON MASOERO, in his official and**   :
**individual capacities,**          :
                             :
            **Defendants.**      :
——————————————————— :

## MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff, Deanna J. Chang, hereby files this motion for a preliminary injunction against

Defendants, District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"),

Mayor Adrian M. Fenty, in his official capacity, Linda K. Argo in her official and individual

capacities, and Don Masoero, in his official and individual capacities, to enjoin further

enforcement of an improperly issued Stop Work Order ("Order" or "SWO") at Plaintiff's

residence.  The actions of Defendants in issuing the Order and  refusing to rescind the Order

despite clear evidence that it was issued without basis, have resulted in violation of Plaintiff's

due process rights under the Fifth Amendment to the United States Constitution, in violation of

42 U.S.C. § 1983,  the District of Columbia Constitution, and Section 6-1405.01 of the DC Code.

The Stop Work Order was issued on March 19, 2008, and alleged violations of four sections of the DC Construction Code.  The Order required that all work at the house cease until appropriate permits were obtained and $5000 in fines paid for the alleged violations.  However, the appropriate permits were in place and the Stop Work Order was without a legal basis. Attempts to contact Defendant Argo, the Director of DCRA, Defendant Masoero, the Chief Building Inspector at DCRA, and finally Mayor Fenty have been met with silence.  Therefore, two months after issuance of the invalid and unwarranted SWO, Ms. Chang is still living in conditions that few would consider habitable, even though her permit is valid and her building plans were approved by DCRA.  Because Ms. Chang is in full compliance with the DC Construction Code, has suffered significant losses as a result of the work stoppage at her house, and will continue to suffer losses as long as she is unable to complete the renovation at her house, she respectfully requests that this Court issue a preliminary injunction enjoining DCRA from enforcing the Stop Work Order, and allowing her to continue construction.

## I.      FACTUAL BACKGROUND

On April 28, 2005, Ms. Chang received a Building Permit from DCRA, permitting interior renovations as set forth in architectural plans submitted to, and approved by DCRA. Exh. 1, Copy of Building Permit No. B462074.  Construction began on her house shortly thereafter, and has been ongoing through 2006, 2007, and into 2008.[1]  In March 2008, work on the first floor of her home began.  On March 19, 2008, after several days of demolition work, a Stop Work Order was issued, requiring the immediate cessation of all work at the house until the alleged violations were remedied and the associated fines paid.  Exh. 2, Copy of Stop Work

---

[1]  Ms. Chang's home was formerly owned by the Boys and Girls Club of DC, and was used as a rooming house for troubled teenagers.  As a result, it was renovated in a way that is not conducive to single-family habitation.  After purchasing the home in 2003, Ms. Chang has been converting the house back into a single family residence.  The size and extensive amount of work needed has caused construction to be ongoing for a significant period of time. However, there has never been any significant stoppage of work.

Order .  The SWO alleged that Ms. Chang was in violation of DC's Building Code for failing to obtain a building permit; failing to post a building permit; failing to obtain a demolition permit; and failing to post a demolition permit.  Id.

On March 21, 2008, Ms. Chang went to DCRA to determine why the Stop Work Order had been issued, since she believed, based on her reading of the DC Code, the fact that she had been doing construction at her home for nearly three years, and talking to licensed DC contractors, that she had all the requisite permits.  She was informed by an employee of DCRA that her building permit was indeed valid, and that she was not in violation of any Construction Code requirement, and that she should speak with Tomeka Jones, another DCRA employee, who dealt with Stop Work Orders.

Ms. Chang met with Ms. Jones that day.  Ms. Jones informed her that the only way to get the Stop Work Order removed was to file a Notice of Appeal with Don Masoero, the Chief Building Inspector at DCRA.  She also informed Ms. Chang that the fines associated with the violations alleged in the Stop Work Order were $5000.  The Notice of Appeal was scanned and emailed to Mr. Masoero's office on Friday, March 21, 2008.   Exh. 3, Notice of Appeal.

The Stop Work Order provides that appeal to the Director of DCRA can be made in the event that Mr. Masoero denies or does not act on a Notice of Appeal within three working days.  Exh. 2, Stop Work Order.  Plaintiff called Mr. Masoero's office several times to schedule an appointment to discuss the SWO.  On Tuesday March 25, Ms. Chang received a call from Mr. Masoero's assistant, who indicated that she did not have any record of the Stop Work Order, and could not schedule a hearing with Mr. Masoero until she did.  She indicated that Mr. Pearson, the inspector who issued the Stop Work Order, had not been to the office since the Order had been issued, but that she would call Plaintiff when she got the information.

On Thursday March 27, 2008, after more than three business days had passed since filing the Notice of Appeal with Mr. Masoero's office, Ms. Chang filed a Notice of Appeal with Linda Argo, the Director of DCRA.  Exh. 3, Notice of Appeal to Director Argo.  The Notice of Appeal was faxed and hand delivered to Ms. Argo's office, along with supporting documentation.  Ms. Chang sent emails and left voicemails with Ms. Argo requesting a meeting to discuss the Stop Work Order.  Ms. Argo did not return any of the phone calls or emails, nor did she take any action on the Notice of Appeal.  Finally, Ms. Chang requested assistance from her Councilmember in resolving the issue.  Councilmember Graham forwarded an email to Director Argo on April 2, 2008, requesting information.  Exh. 5, Copy of email to Linda Argo from Jim Graham. To Plaintiff's knowledge, no response was ever received.

On April 4, 2008 – well after the three days provided for Mr. Masoero's response under the express terms of the Stop Work Order -- Ms. Chang received a voicemail message from Mr. Masoero's assistant indicating that she was scheduled to meet with Mr. Masoero the following Tuesday, April 8.  At that meeting, Mr. Masoero agreed with Ms. Chang that three of the violations – failure to post a building permit, working without a demolition permit, and failure to post a demolition permit – were not valid, and removed them from the list of violations.  See, Exh. 6, Notice of Infraction.

As to the remaining violation, failure to obtain a building permit, Mr. Masoero informed Ms. Chang that her building permit was expired, and that she was therefore working without a permit, in violation of the Construction Code.  Mr. Masoero stated that building permits expire after one year, unless the permittee applies for a six month extension.  Because Ms. Chang did not apply for an extension of her permit within the first year it was issued, Mr. Masoero stated that her permit had expired.

Ms. Chang informed Mr. Masoero that her understanding was that building permits expired only if work did not commence within one year of issuance of the permit, or if work stopped for more than one year. As neither one of those circumstances were present, she believed her permit was valid. In support of her argument, she showed Mr. Masoero her permit, which, unlike other permits issued by DCRA,[2] does not have an expiration date printed on it, but does state that:+

> Work authorized under this Permit must start within one (1) year
> of the date appearing on the reverse side of the permit or this
> permit is automatically void.

Exh. 1, Copy of building permit. Ms. Chang also showed Mr. Masoero two publications put out by DCRA, both of which state that permits expire when work has not commenced wthin one year or if work is suspended for one year. For example, the *HOMEOWNERS Center Frequently Asked Questions*, which is available at DCRA's office, states:

> Any permit issued becomes invalid if the authorized work does not
> start within one year after the permit is issued.

Exh. 7. Similarly, *You Can Build It In DC,* also available at DCRA's offices and on the Internet, informs residents:

> Permits are not valid forever! If work has not begun within a one
> year [sic] after the permit is issued, or if work is stopped for over
> one year, your permit may expire and must be renewed.

Exh. 8.

Ms. Chang also informed Mr. Masoero that DCRA employees told her on March 21, 2008 that she could not renew her permit because it was valid. Despite all the evidence to the contrary, Mr. Masoero continued to reiterate that permits only last for one year unless renewed, and that this requirement was set forth in the District's Municipal Regulations ("DCMR").

---

[2] Attached as Exhibit 9 are copies of electrical and plumbing permits issued by DCRA. Those permits clearly set forth an expiration date, while there is no such expiration date on the building permit.

When asked to see where that provision was, Mr. Masoero responded that he couldn't find his copy of the DCMR because he had just moved offices.

Mr. Masoero advised Ms. Chang that if she wanted to continue construction "anytime soon," she would have to admit to the violation, pay a $2000 fine and renew her building permit. Otherwise, she would have to wait several months to get a hearing date. Ms. Chang denied the alleged violation, and has been waiting for her day in court to arrive. However, to this date, she has not received any communication from the Office of Administrative Hearings even scheduling her case for a hearing. In fact, as of May 16, 2008, the Office of Administrative Hearings informed Plaintiff that it has not received the Notice of Infraction from DCRA.

During this time, Plaintiff has been denied use of the entire first floor of her house, which is literally a construction zone. Her first floor no longer has a kitchen, walls and ceilings have been demolished, and electrical and plumbing fixtures were disconnected in order for the demolition to take place. See, Exh. 10, photos of Ms. Chang's house. Because of the improper issuance of the Stop Work Order, the failure of Defendants to rescind or otherwise revoke the unlawfully issued Stop Work Order, and the Defendants complete and utter failure to take meaningful steps to allow for resolution of this matter, Ms. Chang has been deprived of use of the first floor of her house since March 19, 2008, and has been harmed as a result. A preliminary injunction barring enforcement of the SWO is warranted in this case to cease the continued irreparable harm that is being suffered by Plaintiff as a result of the unlawful and improper actions of Defendants.

## II.     STANDARD FOR ISSUANCE OF A PRELIMINARY INJUNCTION

A preliminary injunction is warranted when the moving party clearly demonstrates:

> (1) that there is a substantial likelihood he will prevail on the merits; (2) that he is in danger of suffering irreparable harm during

the pendency of the action; (3) that more harm will result to him
from the denial of the injunction than will result to the defendant
from its grant; and, in appropriate cases; (4) that the public interest
will not be disserved by the issuance of the requested order.

In re Estate of O'Reilly, 933 A.2d 830, 834 (D.C. 2007) (citations omitted); District of Columbia

v. Sierra Club, 670 A.2d 354, 361 (D.C. 1996) (citations omitted).  See also, Crowder v. Kelly,

928 F.Supp.2d 2, 4 (D.D.C. 1996).   These factors are to be assessed on a continuum, so that a

strong showing relating to one factor can compensate for a weaker showing on another.  Petties

v. District of Columbia, 881 F.Supp. 63, 65 (D.D.C. 1995).  As demonstrated below, Plaintiff is

entitled to a preliminary injunction barring Defendants' attempts to enforce the invalid Stop

Work Order.

**A.      Likelihood of Success on the Merits**

In order to demonstrate a substantial likelihood of prevailing on the merits, Plaintiff need

not show certainty or even any "mathematical probability of success on the merits."  In re Estate

of Reilly, 933 A.2d 830, 837 (DC 2007).  Instead, the likelihood of prevailing is considered in

conjunction with the other factors to determine whether a preliminary injunction is warranted.

Id.

Plaintiff brings this action pursuant to 42 U.S.C. Sec. 1983, and alleges that the actions of

Defendants in issuing the Stop Work Order and refusing to rescind it despite clear evidence that

it was wrongly issued has resulted in the violation of rights secured by the Constitution.  In order

to prevail on these claims, Plaintiff must show that Defendants conduct was engaged in under

color of state law and that that conduct resulted in a deprivation of rights, privileges, or

immunities secured by the Federal Constitution.  42 U.S.C. 1983.

1.   Plaintiff is Likely to Prevail on her Section 1983 Claim Relating to Denial of
     Procedural Due Process

Due process is required when the government attempts to strip an individual of a constitutionally protected property interest. <u>3883 Connecticut LLC v. District of Columbia</u>, 191 F.Supp.2d 90, 93 (D.D.C. 2002) (<u>quoting Washington Legal Clinic for the Homeless v. Barry</u>, 107 F.3d 32, 36 (D.C. Cir. 1997). This Court has examined whether building permits create the type of property right that is a constitutionally cognizable. In <u>3883 Connecticut</u>, this Court delved into the various preliminary permits issued by DCRA and contrasted them to the final building permit that DCRA issues. Id. at 93. Although the Court found that Plaintiffs in <u>3883 Connecticut</u> did not have a constitutionally protected right to the preliminary permits in question, the Court made repeated references to the fact that building permits such as those at issue in the instant case are property rights, and noted that the District of Columbia had conceded in prior cases that a building permit conferred upon the permittee a property right. Id.

In the instant case, the Stop Work Order was for work being conducted at Plaintiff's house pursuant to the type of building permit that the <u>3883 Connecticut</u> Court implied would create a constitutionally protected property right. Plaintiff was not given an opportunity for a hearing prior to the issuance of the Stop Work Order. The actions of Defendants have resulted in what amounts to the revocation of Plaintiff's building permit without providing an opportunity to be heard in any meaningful fashion. Plaintiff was given one opportunity to meet with Defendant Masoero, but at that meeting Mr. Masoero was unable to support his claim that the DCMR states that permits expire after 1 year because his office had just been moved. Attempts to resolve this matter since that time have been met with silence, both from Defendant Masoero, Defendant Argo, and Defendant Fenty. The actions that resulted in the deprivation of Plaintiff's constitutionally protected property right were taken by Defendants under color of District law.

These facts show that Plaintiff will likely succeed on the merits of her claims, and that a preliminary injunction barring enforcement of the invalid Order is appropriate.

      2.  <u>Plaintiff is Likely to Prevail on her Section 1983 Claim Relating to Denial of Substantive Due Process.</u>

In addition to prohibiting the deprivation of property without due process, the Fifth Amendment prohibits a governmental entity from taking private property without just compensation. Defendants' actions have resulted in a constructive taking of Plaintiff's property. She has been deprived of the use and value of a substantial portion of her home as a result of the SWO. As shown in the photographs attached as Exhibit 10, the rooms on the first floor of Plaintiff's house are completely unusable. Ceiling beams and wall studs are fully exposed, as is electrical wiring, plumbing and ductwork. Exh. 10. Lighting fixtures were removed and the heating and cooling system disconnected in order to accomplish the demolition safely. Those remain disconnected, resulting in a complete absence of temperature control on the first floor of Plaintiff's home. <u>Id.</u> Moreover, the kitchen on Plaintiff's first floor is no longer usable. The range, dishwasher and kitchen cabinets were all removed prior to issuance of the Stop Work Order, and cannot be replaced until the SWO is removed. <u>Id.</u>

In addition to the loss of use of that portion of her home, Defendants' actions have resulted in the loss of a substantial amount of the value of Plaintiff's home. Attempts to refinance the house have been met with difficulty because the appraised value is substantially lower than it would be if the work were complete. This is of particular importance because of Plaintiff's need to refinance the home prior to her mortgage rate adjusting in several months. The work that was being done on the house was begun well in advance of when her mortgage would adjust, and was supposed to take approximately four weeks to complete. Construction would have been complete several weeks ago but for DCRA's issuance of the invalid SWO and

their stubborn refusal to admit that there is no support for their position that building permits automatically expire after one year.   Instead, Plaintiff has been attempting to refinance her house and has had her options severely curtailed because of the difficulty in appraising a house that is under major construction, and the concomitant reduction in value.

Plaintiff has "pushed [her] local remedies to the hilt," as required by this Court in 3883 Connecticut LLC v. District of Columbia, 191 F.Supp.2d 90, 95 (D.D.C. 2002), and still has not been afforded a reasonable opportunity to be heard.  Plaintiff timely filed a Notice of Appeal with Mr. Masoero's office as soon as the SWO was issued.  Exh. 3.  Plaintiff timely filed a Notice of Appeal with Ms. Argo's office after not hearing from Mr. Masoero in the timeframe allowed on the SWO.  Exh. 4.  In neither instance was Plaintiff provided an opportunity to address the purported violations within the timeframes set forth in the SWO.

Ms. Chang was finally granted an opportunity to discuss the matter with Mr. Masoero on April 8, 2008.  At that meeting, Ms. Chang denied the infraction and requested a hearing with the Office of Administrative Hearings.  OAH informed Ms. Chang that until it receives the Notice of Infraction from DCRA, it cannot schedule a hearing.  As of May 16, 2008, well over a month after denying the violation, OAH still has not received the Notice of Infraction from DCRA. During this time, Plaintiff has been deprived of the economic value of her home, deprived of the use of a substantial portion of her home, and forced to live in conditions that are far from acceptable.  Defendants' failure to timely provide a meaningful opportunity for a hearing on the matter and their failure to ensure that the Notice of Infraction is forwarded to OAH in a timely fashion has resulted in violation of Plaintiff's right to substantive due process.

3.      Defendants' Failure to Comply with DC Statutes and Regulations Also Gives
        Rise to a Determination of Likelihood of Prevailing on the Merits

A likelihood of success on the merits can also be established by a showing that DC did

not comply with its own policy statements.  In Crowder v. Kelly, 928 F.Supp. 2 (D.D.C. 1996),

this Court granted a motion for a preliminary injunction against DC prison officials for failure to

enforce a policy of the Department of Corrections that restricted smoking to designated areas.

The inmates in Crowder argued that the Department of Corrections' failure to provide non-

smoking areas, despite a policy finding that exposure to passive smoke caused disease in

nonsmokers, violated their rights under the Eighth Amendment.  In evaluating the inmates'

likelihood of success, the Court stated:

> Given these findings, made by the Government of the District of
> Columbia, expressly condemning exposure to ETS [Environmental
> Tobacco Smoke], it is highly likely that the plaintiffs will prevail
> on their claim that their constant exposure to ETS violates
> contemporary standards of decency.

Id. at 6.

In the instant case, instead of a mere policy statement supporting the Plaintiff's claims,

the DC Municipal Regulations relating to expiration of building permits provide unequivocal

evidence that DCRA's issuance of the SWO and its subsequent refusal to rescind the SWO are

improper.   The only reason given by Mr. Masoero for refusing to remove the SWO is Mr.

Masoero's assertion that the building permit expired after one year and is no longer valid.[3]  Exh.

11, email from Don Masoero to Jim Graham.  However, there is absolutely no support

whatsoever for that position.  The DC Code does not contain any provision indicating that

building permits expire after one year.  Publications put out by DCRA itself do not state that

building permits expire after one year.  Section 105.5 of the DCMR is clear:

---

[3] Despite numerous attempts to get Director Argo to weigh in on the matter, she has steadfastly refused to respond to
the Notice of Appeal, emails, and voicemails requesting meetings.

> **Expiration of Permit.**  Any permit issued shall become invalid if
> the authorized work is not begun within one year after the permit is
> issued, or if the authorized work is suspended or abandoned for a
> period of one year, after the date work is begun.

This is consistent with DCRA's publications, information provided by employees of DCRA's

permitting office, and the Plaintiff's building permit itself.  See Exhs. 1, 7 and 8.  There is no

reference in any part of the DCMR, the DC Code, or publication put out by DCRA that building

permits have a 12 month life span.

In support of his argument that permits expire after one year unless the permittee applies

for a six month extension, Mr. Masoero cites to Section 105.5.1 of the DCMR, which provides:

> **Extension of Permit.**  Upon written request submitted by the
> applicant before a permit expires or lapses, the code official is
> authorized to grant extensions of time not to exceed six (6) months
> per extension.  Not more than three extensions of time will be
> granted to any permit.

See Exh. 11.  While this section references expired permits, it does not state under what

circumstances a permit expires, and it certainly does not state that permits are only valid for one

year.  Despite repeated requests to identify where the one year requirement comes from, neither

Mr. Masoero nor any of the other Defendants has done so.  Exh. 12, collection of various emails

to/from Plaintiff.  Defendants' actions have resulted in the effective, if not actual, revocation of

Plaintiff's building permit, in direct contravention of the DCMR.

Finally, Defendants have failed to comply with Section 6-1405.01 of the DC Code, DC

St. Sec. 6-1405.01, which requires the Defendants to administer the construction regulations in a

manner that is "fair, efficient, predictable. . . [and] devoid of unnecessary time delays and other

administrative burdens. . . ."  Defendants have clearly failed in all of those respects.

The violations of Plaintiff's rights to due process and the Defendants' failure to enforce the clear laws and regulations establish that Plaintiff is likely to succeed on the merits. Therefore, a preliminary injunction is warranted.

**B**.        **Plaintiff has Suffered, and Will Continue to Suffer, Irreparable Harm**

Defendants' issuance of the Stop Work Order without legal basis, and Defendants' subsequent failure to take action on the Stop Work Order, have resulted in irreparable harm to the Plaintiff, which will continue unless this Court intervenes and issues a preliminary injunction barring enforcement of the Order.  Although irreparable harm is admittedly a difficult standard to meet, it courts are much more willing to find irreparable harm in situations like this, where the government has violated statutory and regulatory requirements.  District of Columbia v. Group Ins. Admin., 633 A.2d 2, 22 n.18 (D.C. 1993).  Moreover, violations of constitutionally protected rights have been found to be *per se* irreparable harms.  District of Columbia v. Eastern Trans-Waste of Maryland, Inc., 758 A.2d 1 (D.C. 2000).  The harm resulting from Defendants issuance of the invalid SWO and their subsequent failure to remedy the situation have resulted in clear violations of Plaintiff's constitutional rights and are in clear conflict with DC regulations governing building permits, and have caused, and will continue to cause, irreparable harm to Plaintiff.

The work being conducted at Plaintiff's home was being performed pursuant to a valid building permit issued by DCRA and pursuant to architectural drawings submitted to, and approved by, DCRA in 2005.  Exh. 1.  As described above, work at Plaintiff's residence has been completely halted for two months during which time Plaintiff has been living in a construction zone and denied the full use and value of her property.  The violation of Plaintiff's

constitutionally guaranteed rights constitute irreparable harms that warrant a preliminary injunction.

C.    **More Harm Will Result from the Denial of an Injunction than the Grant of an Injunction**

Plaintiff also satisfies the third prong of the analysis for whether issuance of a preliminary injunction is warranted. No harm will result to the public, the District, or any one else as a result of an injunction being issued. In fact, more harm results from the denial of a preliminary injunction, which could be perceived as judicial acquiescence to the heavy-handed, unfair and egregious actions of the Defendants in enforcing the laws. Allowing a public agency and public officers to ignore the plain statutes and regulations that they are charged with implementing, allowing them to impose arbitrary restrictions, and assess penalties in the thousands of dollars for violations that do not exist is clearly more harmful that issuance of a preliminary injunction that would bar enforcement of an unconstitutional and unlawful SWO and allow work that has been properly submitted to, approved by, and permitted by DCRA, to continue.

D.    **Issuance of an Injunction Will Not Harm the Public**

Finally, there is no harm to the public in granting Plaintiff's motion for a preliminary injunction. The renovations at Plaintiff's residence will have no impact on the public. As noted above, the plans for the renovations have already been approved by DCRA, and DCRA issued the building permit in question as a result. Defendants have not argued that construction was being performed in an unsafe manner or that there was any risk to the public. Therefore, this element is satisfied.

### III.    CONCLUSION

The actions of the Defendants in issuing an improper Stop Work Order, and their subsequent refusal to rescind the Order despite clear evidence that it was wrongfully issued has resulted in the violation of Plaintiff's constitutional rights as well as a violation of DC Code which requires Defendants to enforce the construction regulations in a fair, efficient and predictable manner "devoid of unnecessary time delays and other administrative burdens." Plaintiff has clearly established that she is likely to succeed on the merits, that she has suffered irreparable harm, that more harm will result from this Court's failure to grant the injunction than if the court were to grant it, and that there will be no harm to the public if the injunction is granted.  Therefore, Plaintiff respectfully requests that this Court issue an Order enjoining Defendants from enforcing or attempting to enforce the Stop Work Order at Plaintiff's residence until this Court has resolved the merits of Plaintiff's claims.

Respectfully Submitted,

Dated:  May 20, 2008                            _____

DEANNA J. CHANG
DC Bar No. 458381
1315 Irving St. NW
Washington, DC 20010
202.486.3221
Email:  morleymash@yahoo.com

★ ★ ★ GOVERNMENT
OF THE DISTRICT
OF COLUMBIA
Form BLRA-15
(Rev. 9/30/91)

DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
BUILDING AND LAND REGULATION ADMINISTRATION · GOVERNMENT

**BUILDING PERMIT**

(Type)

Reg# 3  04/28/05 at 12:B  ACTA
Receipt# 164997  Amount $**1,360.00

PERMIT NO. B409174

Date  4/28/05

Address of work  1315 IRVING STREET N.W.

Permission is hereby granted to

ALTERATION AND REPAIR  BUILD STRUCTURE & EQUI

Lot  805  Square  2848

TOTAL PERMIT FEE  $

BREANNA CHANG m the work described herein at the
address shown above in strict accordance with the conditions
stated on BOTH sides of this permit.
Authorized work and conditions of performance thereof.

(Owner)
NO.

FILING FEE  $
DATE

FEE PAYABLE  $  1360.00

FOR INSPECTIONS CALL 727-7562  442-4641

CONVERT YOUTH RESIDENTIAL CARE HOME INTO A 2-UNIT FLAT.
INTERIOR RENOVATION AS PER PLANS. UPDATE INTERIOR OF AN IN-LAW SUITE
IN THREE STORY HOUSE. / NO ADDITIONS TO EXTERIOR
SEPARATE ELECTRICAL, PLUMBING AND MECHANICAL INSTALLATION PERMITS ARE REQUIRED.

Builder
Width of Bldgs.

Value $

No. of Bldgs.

Zone  R-4
Length
Height
No. of Stories  3 W/B.

Height of terrace above grade  WARD:
To be occupied as
Address of owner  1315 IRVING ST. NW.
Projections:  FLAT

Deposit No.
Amount $

Chief, Permit Issuance Branch

DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS

By
Permit Clerk

**PATRICK CANAVAN ACTING DIRECTOR**

E. KING

DIRECTOR

CONDITIONS: As a condition precedent to the issuance of this permit, the owner agrees to conform with all conditions set forth herein, and to perform the work authorized hereby in accordance with the approved application and plans on file with the District Government and in accordance with all applicable laws and regulations of the District of Columbia. The District of Columbia has the right to enter upon the property and to inspect all the work authorized by this permit, and to require any change in construction which may be necessary to insure compliance with the permit and with all applicable regulations of the District of Columbia. Work authorized under this Permit must start within one (1) year of the date appearing on the reverse side of this permit or this permit is automatically void. If work is not started, any application for partial refund must be made within six months of the date appearing on the reverse side of this permit.

THIS PERMIT MUST ALWAYS BE CONSPICUOUSLY DISPLAYED AT ADDRESS OF WORK UNTIL WORK IS COMPLETED.

NOTIFY THE BUILDING INSPECTOR THE DAY THE WORK STARTS. PHONE. 727-7562  614 H. St. N.W.

A separate permit is required for all Plumbing. Refrigeration, Gas Fitting, and Electrical Work.



GOVERNMENT OF THE DISTRICT OF COLUMBIA

**DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS**

Inspections & Compliance Administration
941 North Capitol Street, NE #2000
Washington, DC 20002

# STOP WORK ORDER

1315 Irving St NW
*(address)*

You are hereby ordered to IMMEDIATELY STOP all work at this building or structure.

☑ You are performing work that violates the Construction Code:
☐ You are performing work in an unsafe and dangerous manner:

| Code Section (s) | Violation (s) | What You Must Do to Correct the Violation (s) |
|---|---|---|
| 12 DCMR 105.1 | Working W/O Building Permit | Obtain Proper Permit |
| 12 DCMR 105.1 | Working W/O Demo Permit | Obtain Proper Permit |
| 16 DCMR 3309.3c | Fail to Post Building Permit | Obtain Proper Permit |
| 16 DCMR 3309.3c | Fail to Demo Permit | Obtain Proper Permit |

Do NOT work at this address until you:
☐ Correct the violation(s)
☐ Pay the fine amount
☐ Obtain and post the required permits

☐ Electrical ☐ Plumbing ☐ Construction ☐ Boiler ☐ Fire ☐ Elevator ☑ Other_Demo_
☐ Receive approval from the Code Official to remove the Stop Work Order.

## WARNING

Unauthorized removal of a posted Stop Work Order is a Construction Code violation, subject to penalties and injunctive relief under DC Official Code §§ 6-1406 and 6-1407 and 12A DCMR § 114.3.

A Stop Work Order for illegal construction under 12A DCMR §§ 113.7 and 114.6 requires you to stop all work at the building or structure, *whether or not the work requires building permits.*

It is a Stop Work Order violation for an owner or agent to enter the site for any reason without the Code Official's approval. (The Code Official may allow temporary access to ensure the property's security and safety, under 12A DCMR § 114.6.1.)

Anyone who continues any work in or around a structure posted with a Stop Work Order – except to do work that the Code Official approves to remove a violation or unsafe condition – is subject to penalties and injunctive relief under DC Official Code §§ 6-1406 and 6-1407, 12A DCMR §§ 105.8 and 114.10.

## RIGHT TO APPEAL

You have the right to appeal this Order to the Reviewing Official (Don Masoero, Chief Building Code Official, Inspections and Compliance Administration) within 15 days of its posting, under 12A DCMR § 112.1. You may call the Reviewing Official at (202) 442-540 . You may obtain a Stop Work Order Appeal Request Form at the address above or at dcra.dc.gov. If the Reviewing Official denies your appeal or takes no action within 3 working days of receiving it, you may appeal to the Director.

If the Director denies or takes no action on your appeal within 3 working days of receiving it, you may appeal to the DC Office of Administrative Hearings (OAH). You may deliver your written request for a hearing to OAH at 941 North Capitol Street, NE #9100, Washington, DC 20002 or mail it to PO Box 77718, Washington, DC 20013-8713.

Signature of Issuing Official _Michael Pearson_ Date 2/1/08 Time 4:00
Print Name: _____ Phone Number _____

**DCRA**

DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS

# STOP WORK ORDER APPEAL FORM

Under Title 12A, DC Municipal Regulations, § 112.1, you have the right to appeal the Stop Work Order on your property. To exercise this right, you must complete and file this form within 15 calendar days after posting of the Stop Work Order. You may mail (or hand-deliver) this appeal to the Reviewing Official:

> Don Masoero
> Building Code Official for the Inspections and Compliance Administration
> Department of Consumer & Regulatory Affairs
> 941 North Capitol Street, NE Suite 2000
> Washington, DC 20002

Within 3 working days of the Reviewing Official's receipt of your Appeal Form, the Reviewing Official shall affirm, modify, or reverse the Stop Work Order.

If the Reviewing Official denies your appeal or takes no action within 3 working days, you may request a review of the matter by the Director, Department of Consumer and Regulatory Affairs, 941 North Capitol Street, NE, Suite 9500, Washington, DC 20002.

Under Title 12A, DC Municipal Regulations, § 112.2, if the Director denies or takes no action on your appeal within 3 working days of receiving it, you may appeal to the DC Office of Administrative Hearings (OAH). You may deliver your written request for a hearing to: OAH, 941 North Capitol St NE #9100, Washington, DC 20002 or mail it to PO Box 77718, Washington, DC 20013-8713.

| Owner's or Agent's Name | Phone(s) |
|---|---|
| Deanna J. Chang | 202.486.3221 (h) 202.514.4185 (w) |

| Owner or Agent's Address | Zip |
|---|---|
| 1315 Irving St. NW | 20010 |

| Address of Stop Work Order | Date of Stop Work Order |
|---|---|
| Same | 3/19/08 |

Under Title 12, §112 DC Municipal Regulations, I appeal the above Stop Work Order (Owner's or Agent's Signature )

*Deanna Chang*

## Reasons for Appeal

☐ DCRA has incorrectly interpreted the true intent of the Construction Code or rules.

☐ The Construction Code provisions do not fully apply.

☐ An equally good or better form of construction will meet the intent of the Construction Code.

Explanation:

Valid building permit was obtained 4/28/06; permit #B472074. I was informed that the permit has not expired because work has been ongoing.

Inspector reviewed approved plans.

~~Wonder why same permit is~~

Scanned and sent to Ms. Hall 3/21/08
by Tameka Jones

1315 Irving St. NW
Washington, DC 20010
202.486.3221 (h)
202.514.4185 (w)
deanna.chang@usdoj.gov
March 27, 2008

<u>VIA Facsimile & Hand delivery</u>
Linda Argo, Director
DC Department of Consumer & Regulatory Affairs
941 North Capitol Street, NE
Suite 9500
Washington, DC 20002

Dear Director Argo:

I respectfully submit the following Notice of Appeal along with supporting documentation regarding a Stop Work Order that was posted on my house March 19, 2008. The Notice of Appeal was sent to Mr. Masoero's office on Friday March 21, 2008, per the instructions provided on the Appeal form. More than three working days have passed and there has been no resolution to the Stop Work Order. Therefore, I am appealing the Order to you.

As is stated in the Notice of Appeal, I do have a valid building permit for the renovations at my home. The permit number is #B472074 and was issued April 28, 2005. A copy of that permit is attached. Construction began within one year of issuance of the permit, and has not been suspended for more than a year in that time. Therefore, according to DC regulations and DCRA employees, my permits are still valid. A copy of that permit has been posted in the window since that date, but apparently had fallen down.

As for a demolition permit, I was not aware that one was needed. The building and demo plans were reviewed and approved by DCRA, and appropriate permits were issued at that time. The Building Permit indicates that separate electrical, plumbing and mechanical installation permits are required, but there is no mention of a demolition permit. Moreover, the information provided on your website indicates that demolition is included in building permits. There is no mention of a demolition permit. I have attached a printout of that page as well.

In short, I respectfully request that the Stop Work Order that was placed on my house be removed and no fines assessed. Thank you very much for your prompt attention to this matter.

Sincerely,

Deanna J. Chang

enc.

## Chang, Deanna (ENRD)

| | |
|---|---|
| **From:** | Jim Graham [grahamwone@gmail.com] |
| **Sent:** | Wednesday, April 02, 2008 7:37 AM |
| **To:** | Argo, Linda (DCRA) |
| **Cc:** | Chang, Deanna (ENRD) |
| **Subject:** | FW: Stop Work Order |

**Attachments:**   dcra letter.pdf



dcra letter.pdf (329
KB)

        Dir Argo, could you please look into this and get back to us? Bests CM Jim
Graham

-----Original Message-----
From: Chang, Deanna (ENRD) [mailto:Deanna.Chang@usdoj.gov]
Sent: Monday, March 31, 2008 3:27 PM
To: grahamwone@gmail.com
Subject: Stop Work Order

Councilmember Graham:

I am writing to request your assistance navigating through the bureaucracy
at DCRA.  I received a Stop Work Order on my residence at
1315 Irving St. on Wed. 3/19.  The violations identified by the inspector
were:  failure to display building permit; failure to have building permit;
failure to display demo permit and failure to have demo permit.  I pulled
all required permits when I started the renovations in 2005, and posted the
permits in the window.  Apparently the building permit had fallen off at
some point in the last three years, because I located it in the bottom
portion of the window.  I promptly went to DCRA and spoke with a
representative in the Homeowners' Service Center to make sure that my
building permit had not expired and also to find out why I needed a demo
permit since I had never had one before and I had not heard of such a thing.
I was told that because work has been ongoing since 2005, my building permit
is still valid and that demo is included in the building permit. Thus, there
were no violations at all.

I was told to go up to the 9th floor to speak with Tameka Jones regarding
the Stop Work Order.  I explained the above and showed her a copy of my
building permit and the Stop Work Order.  She informed me the only way to
get the Stop Work removed was to file a notice of appeal with Mr. Don
Maseoro's office.  She was kind enough to scan the Notice of Appeal, Stop
Work Order, and permit and send it to Mr. Maseoro's assistant on Friday
3/21.  She also spoke with Mr. Maseoro, who happened to be in the building
at that particular time.  He refused to speak with me despite the fact that
I was sitting in the waiting room, but told Ms.
Jones to tell me to schedule an appoinment with him and to bring copies of
my permit, inspection approvals, and approved building plans.  I called Mr.
Maseoro's assistant on 3/21 and left a message.  I called again on 3/24 and
left a message.  Ms. Hall, Mr. Maseoro's assistant, returned my call on
Tuesday 3/25, but told me that the inspector, Michael Pearson, had not been
back to the office since 3/19 (the date of the Stop Work), and that she did
not have my file.  She informed me she could do nothing until he came back
to the office and she had my file, and thought she might have information
for me the next day.  I have not heard from anyone in Mr. Maseoro's office
since that day.

As provided by the Stop Work Order, I filed a copy of my Notice of Appeal
with Director Argo on Thursday 3/27.  I went to DCRA again on

3/28 to see if anyone could help me.  Again I was told that the only people who could assist me were either busy or at lunch and that I needed to file a Notice of Appeal.  So I left another copy of the Notice of Appeal for Director Argo.  I have not heard back from her office either.

It has been nearly 2 weeks since the Stop Work Order was placed on my property, and I am losing valuable time, not to mention money, in having my contractors unable to work.  This is particularly frustrating since DCRA told me that my permits were in order and there were no violations.
I have been working on my house continuously for 3+ years and have never received a stop work order or any sort of violation before.  This is the same work and the same permits.  The fact that I cannot get the Order removed, despite being in compliance with all permitting requirements, when my neighbors build and renovate in complete defiance of the permit requirements, is infuriating.

Can you please help me get someone's attention at DCRA so that I can continue the work that has been reviewed and approved by them?  I would appreciate any assistance you or your office can provide.  I have attached copies of my letter to the Director, Notice of Appeal, Stop Work Order and Permit for your information.

Thank you very much,

Deanna Chang

 <<dcra letter.pdf>>

GOVERNMENT OF THE DISTRICT OF COLUMBIA

# NOTICE OF INFRACTION

Notice No. **I7DD924**

**4, 2, 08**
Date of Service

**Issuing Agency:** [ ] DOH  [ ] DMH  [ ] DCRA  [X] 1st NOI

[ ] CFSA  [ ] FEMS  [ ] Other _____  [ ] 2nd NOI (1st NOI No. _____)

**1315 Irving St NW**

Location of Infraction:  Type of Location:  [ ] Vacant Lot  [ ] Construction Site  [ ] Occupied  [ ] Other _____

Business/Company Name **CHANG, DEANNA J**   Charge as Respondent (circle): YES  NO   Telephone Number

Individual Name (Last, First, Middle) **1315 Irving St NW**   Charge as Respondent (circle): YES  NO   Telephone Number

Mailing Address **Washington**        **DC**

City        State        Zip Code

Business License/Permit Type _____   Business License/Permit No. _____

**You are charged with violating the District of Columbia laws or regulations stated below. You MUST SIGN and RETURN this form WITHIN 15 DAYS of the date of service. You must also indicate below each infraction whether you ADMIT, ADMIT WITH EXPLANATION or DENY. Instructions on back.**

If you DENY one or more of the infractions, you must timely sign and return this form as your answer. If you do so, a hearing in your case is pre-scheduled on the _____ day of _____, _____ at _____ AM / PM at the following location:

Office of Administrative Hearings, _____, Suite _____, Washington, D.C.

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| **12 DCMR 105.1** | $ **1,000** | $ |

Nature of Infraction **Working W/O Building Permit**

Date of Infraction **3-19-08**   Time of Infraction **4:00 pm**   Previous Infractions Committed   1  2  3  4

**ANSWER:** [ ] ADMIT (Pay Fine)   [X] DENY (Appear for a Hearing)   [ ] ADMIT WITH EXPLANATION (Hearing by Mail)

Signature X _____

| D.C. Official Code AND/OR D.C. Municipal Regulation Citation | Fine for Infraction | Statutory Penalty (if applicable) |
|---|---|---|
| **12 DCMR 105.1** | $ **1,000** | $ |

Nature of Infraction **Working W/O Demo Permit**

Date of Infraction **3-19-08**   Time of Infraction **4:00 pm**   Previous Infractions Committed   1  2  3  4

**ANSWER:** [ ] ADMIT (Pay Fine)   [ ] DENY (Appear for a Hearing)   [ ] ADMIT WITH EXPLANATION (Hearing by Mail)

Signature _____

Total Fines and Penalties $ **5,000**
Total Administrative Fees $ ~~10.00~~
Total Amount Due for ALL Infractions $ **5,000**

**WARNING:** Failure to answer (see reverse) each infraction on this Notice within 15 days of the date of service by signing and returning this form will result in assessment of a penalty equal to and in addition to the specified amount of the fine. You also may be subject to other penalties and actions allowed by law including suspension and non-renewal of your license or permit, the sealing of your business, a lien being placed on your property, and attachment of your equipment. If this is your second Notice for the charges, your failure to respond within 15 days of the date of service will result in the assessment of a penalty equal to twice the amount of the fine. For Medicaid-funded facilities: This Notice and information obtained through this proceeding may be used for evaluation under applicable law, including 42 CFR Chs. 442 and 483 and for any proceeding under 42 CFR Ch. 431. For information call (202) 442-9091.

I personally declare under penalty of perjury that I observed and/or determined that the infraction(s) charged have been committed.

**Michael Pearson**   **Michael Pearson**   **4-2-08**   **539**
Inspector's/Investigator's Signature   Print Name   Date   Badge/Identification Number

I sign my name below to acknowledge receipt of this Notice of Infraction and not as an admission of guilt or liability to the charge(s) listed.

Respondent's Signature   Print Name   Date

OAH (WHITE)   RESPONDENT (YELLOW)   INSPECTOR (PINK)   ENFORCEMENT (GOLDENROD)

Form OAH-412, Rev. 12-04

YOUR ANSWER MUST BE RECEIVED BY THE 15TH DAY AFTER THE DATE OF SERVICE TO AVOID THE ASSESSMENT OF ANY ADDITIONAL MONETARY PENALTIES REQUIRED BY LAW. YOU HAVE THE RIGHT TO REQUEST A HEARING. YOU MAY ANSWER EACH INFRACTION IN ONE OF THE FOLLOWING WAYS:

### TO ADMIT THE INFRACTION(S) AND PAY THE FINE(S):

On this Notice and within 15 days of the date of service:

- **CHECK** the **"ADMIT"** box under the infraction(s) listed on this Notice and sign your name on the SIGNATURE line(s).

- Make a personal check, cashier's check, or money order payable to the D.C. TREASURER (no cash accepted by mail) for the **total amount due for the fines, penalties, and administrative fee of $10.00** for the infraction(s) you are admitting. Note that there will be a fee for all returned checks. Write the **NOTICE NUMBER** (upper right corner of this Notice) on the front of your check or money order. Make a photocopy of this Notice for your records. **Total amount now due is applicable fines and penalties plus mandatory administrative fee of $10.00.**

- Complete all information requested below in **SECTION A** and **SECTION B** and complete and sign the declaration in **SECTION B**.

- After completing all required information, enclose full payment with this Notice in an envelope with required postage and mail to:

        Infraction Clerk, Office of Administrative Hearings, P.O. Box 77718, Washington, DC 20013-8718     (202) 442-9091

### TO ADMIT THE INFRACTION(S) WITH EXPLANATION AND REQUEST A HEARING BY MAIL:

On this Notice and within 15 days of the date of service:

- **CHECK** the **"ADMIT WITH EXPLANATION"** box under each infraction(s) listed on this Notice and sign your name on the SIGNATURE line(s).

- Complete all the information requested below in **SECTION A** and **SECTION B** below and sign the declaration in **SECTION B**.

- Although a plea of Admit with Explanation is an admission of liability, you must prepare and submit any written explanation, affidavits, or other evidence explaining the circumstances surrounding the infraction that you believe justify a reduction of the fine. An Administrative Law Judge will review the evidence in your case and issue a ruling in writing. Failure to submit sufficient relevant evidence of mitigating circumstances will result in a failure to obtain any reduction or suspension of the fine. Write the **NOTICE NUMBER** on the front of any document submitted. Make a photocopy of this Notice for your records.

- After providing all required information, enclose this Notice together with any explanation, affidavits, or other evidence you wish to submit in an envelope with required postage and mail to following address:

        Infraction Clerk, Office of Administrative Hearings, P.O. Box 77718, Washington, DC 20013-8718     (202) 442-9091

### TO DENY THE INFRACTION(S) AND REQUEST TO APPEAR IN PERSON FOR A HEARING:

On this Notice and within 15 days of the date of service:

- **CHECK** the **"DENY"** box under the infraction (s) listed on this Notice and sign your name on the SIGNATURE line(s).

- Your hearing date and time are pre-scheduled and appear on this Notice and will be confirmed in writing upon timely receipt of your plea of Deny. If you fail to appear at your scheduled date and time after you request a hearing in person, the hearing may proceed to a final decision in your absence. You may be required to submit a copy of all evidence prior to the hearing date. Make a photocopy of this Notice for your records. You will be notified by mail if your hearing date and time are changed.

- Provide all the information requested below in **SECTION A**. You do not need to fill-in and sign below in **SECTION B** unless you have also Admitted or Admitted with Explanation one of the charged infractions.

- After providing all required information, enclose this Notice in an envelope with required postage and mail to following address:

        Infraction Clerk, Office of Administrative Hearings, P.O. Box 77718, Washington, DC 20013-8718     (202) 442-9091

### TO FILE A RESPONSE IN PERSON:

Alternatively, you may submit this Notice and any documentation in person with the required information at the location on the front of this Notice or at any of OAH's filing locations weekdays, 9:00 A.M. - 5:00 P.M. For a list of locations, please call (202) 442-9091 or visit OAH's web site at HTTP://WWW.OAH.DC.GOV

---

**SECTION A:**    **TO BE COMPLETED BY ALL RESPONDENTS**

Name (print) _Deanna Chang_      Telephone: _3202/486-3221_ Fax: _____

Street Address _1315 Irving St. NW_    City _WDC_    State _____ Zip _____

**SECTION B:**    **TO BE COMPLETED BY ALL RESPONDENTS ADMITTING OR ADMITTING WITH EXPLANATION**

I hereby declare under penalty of perjury that I have received this Notice, answered each infraction as indicated on the reverse side, and [ ] CORRECTED or [ ] NOT CORRECTED (check only one) all the infraction(s) listed on this Notice that were ADMITTED or ADMITTED WITH EXPLANATION.

Signature _____    Date _____

**WARNING: SUBMISSION OF A FALSE STATEMENT IS A CRIME PUNISHABLE UNDER D.C. OFFICIAL CODE § 22-2504.**

Form OAH-412B, Rev. 12-04        **HTTP://WWW.OAH.DC.GOV**



# HOMEOWNERS Center
# Frequently Asked Questions and Answers

### What is the DCRA Homeowners Center?

DCRA's office devoted to helping homeowners get building permits for home improvement projects such as decks, fences, interior renovations and repairs, and window replacement.

### What services can I get at the Center?

We'll give you general information about permit regulations and procedures; explain application requirements for your project; help you get a plat; review your plan; and issue your permit when your plan is approved. Our goal is to make your experience as convenient as possible.

### Where is the Center and when is it open?

Come to 941 North Capitol St. NE, 2nd Floor. We are open Monday, Tuesday, Wednesday and Friday, 8:30 am - 4:15 pm and Thursday from 9:30 am – 4:30 pm. Call (202) 442-9470.

### Who can get a building permit in the Homeowners Center?

Any owner of a single family dwelling or two-family flat, who uses the home as their primary residence.

### Why get a building permit?

Your building permit helps you and DCRA make sure that your home improvement project is done safely and properly. A plans reviewer and a field inspector will carefully review your plans and work descriptions for compliance with DC Government codes and regulations. Getting a permit will also reduce the risk of homeowner's insurance liability and fines for illegal construction.

### What kind of permits could I need?

Most home improvement projects require one or more of these permits:

- Building Permits
- Plumbing Permits (Supplemental)
- Electrical Permits (Supplemental)
- Mechanical Permits (Supplemental)

All structural and some nonstructural work requires building permits. The Homeowners Center only issues building permits. If your project involves plumbing, wiring, or air conditioning, you will need supplemental permits. Your licensed contractor must get the supplemental permits in DCRA's Permit Center.

### Do I need an appointment to visit the Center, or can I walk in?

We encourage you to call (202) 442-9470 to make an appointment to:

- Get general information;
- Hold a pre-submittal meeting to learn about permit requirements for your specific project; and
- Hold a plan review meeting when you are ready to have your project plan approved.

If you walk in without an appointment, we will serve you as soon as time is available in the day's schedule.

### As a homeowner, can I get plumbing, electrical, or mechanical permits?

No. Plumbing, mechanical, and most electrical permits are issued only to licensed and bonded plumbers, gas fitters, master mechanics, and master electricians. These permits are supplemental permits: only the licensed professional for each area can apply for them. Note: A homeowner can get an electrical permit for a limited scope of work. Ask the Center staff for details.

**Can I send a contractor to the Homeowners Center?**

No. Your contractor can come with you, but the Center only serves homeowners. Contractors and expediters will continue to use DCRA's Permit Center.

**Can I get my plans reviewed without having a pre-submittal meeting first?**

This is possible. If you are already familiar with DC permit requirements and believe you have prepared for the plan review, explain this when you call to schedule. The plan reviewer may want to speak with you by phone to make sure you have taken care of all requirements. Our goal is to make sure your plan review is successful the first time!

**What are DC's construction codes?**

DCRA operates under the 2000 International Building Code, 2000 International Mechanical Code, 2000 International Plumbing Code, 2000 International Fuel Gas Code, 2000 International Energy Conservation Code, 2000 ICC Electrical Code, and Title 12 of the DC Municipal Regulations (DCMR).

**What do I need to bring with my building permit application?**

Bring four (4) sets of plans. Make sure the plans address all work on the application, including:

- Existing and proposed architectural plans for all floors
- Structural details
- Plumbing details
- Electrical details, and
- Mechanical details

If the building is new or you are building an exterior addition to the existing building, you must bring a DC Surveyor's plat showing the footprint of the proposed new building or addition, with all dimensions.

All plans must be drawn:

- To scale, no smaller than 1/8 inch equal to 1 foot
- On paper no smaller than 11 by 17 inches
- In ink

**How long is the permit valid?** 

Any permit issued becomes invalid if the authorized work does not start within one year after the permit is issued.

**Where can I find setback, rear yard, side yard, lot coverage, and parking requirements for my property?**

DCMR Chapter 4, Title 11, has the zoning regulations for residential uses. You can download the regulations at www.dcoz.dc.gov or buy them at the Office of Documents and Administrative Issuances (ODAI), 441 4th St NW, Suite 520S, 20001. Call the ODAI at (202) 727-6306.

**What should I do if my proposal is not permitted by zoning regulations?**

You may appeal any proposed construction that is not permitted under current zoning regulations to the Board of Zoning Adjustment (BZA), at 441 4th St NW, 20001. Call the BZA at (202) 747-6311 to learn more.

**Can a contractor who is not registered in DC apply for a permit?**

No. DCRA only issues supplemental permits to contractors registered in the District.

The Department of Consumer and Regulatory Affairs protects the health, safety, economic interests, and quality of life of residents, businesses, and visitors in the District of Columbia by issuing licenses and permits, conducting inspections, enforcing building, housing, and safety codes, regulating land use and development, and providing consumer education and advocacy services.



# HOMEOWNERS Center

# You Can Build It In DC






★ ★ ★    DCRA | Anthony A. Williams, Mayor | Patrick J. Canavan, Psy. D., Director

# YOU CAN BUILD IT IN DC

## PUBLISHED BY THE INTERNATIONAL CODE COUNCIL®
## and THE DC DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS





International Code Council® (ICC®)
5203 Leesburg Pike, Suite 600; Falls Church, VA 22041
1-888-ICC-SAFE (422-7233), www.iccsafe.org

District of Columbia Government
Department of Consumer and Regulatory Affairs
941 North Capitol Street NE, Washington, DC 20002 (202) 442-4400

Portions of this document reproduce text and drawings from the 1989 You Can Build It published by the International Code Council, Inc., Falls Church, VA. Reproduced with permission. All rights reserved.

**FEES**

A fee is required for each permit.

Fees change periodically. The Department of Consumer and Regulatory Affairs permit fee schedule is located on its website at **www.dcra.dc.gov.** In addition, depending on the scope of work, you may also be required to pay fees for reviews performed by other agencies, such as the Department of Health, the Water and Sewer Authority, and the District Department of Transportation.

Permits are not valid forever! If work has not begun within a one year after the permit is issued, or if work is stopped for over one year, your permit may expire and must be renewed. Call the building inspection division for information on how to prevent expirations and additional fees.

**RESPONSIBILITIES**

**SUBCONTRACTORS SHOULD TAKE OUT THEIR OWN PERMITS, WHICH MAKES THEM LEGALLY RESPONSIBLE FOR THEIR PORTION OF THE WORK.**

It is your responsibility if you are acting as your own general contractor to see that the appropriate permits are obtained for your project. If you are hiring a licensed subcontractor, he or she must obtain the plumbing, mechanical or electrical permit in his or her name, but it is up to you to make sure that this occurs.

22

## SCHEDULING THE JOB

As you begin work, the most important thing to remember is never to get ahead of one phase of construction if it means certain jobs will have to be done again. You should complete a written schedule of all aspects of the job, from materials delivery to subcontractor payments to inspection dates. That way you can avoid major pitfalls and overcome the inevitable minor ones.

## MATERIALS AND SITE PREPARATION

As a do-it-yourselfer you and your family will be living on the construction site. For convenience, plan to keep existing kitchen and bath facilities in use as long as possible. It may be very helpful to call a rubbish removal outfit and have a bin placed on your property to catch debris as it accumulates.

Also prepare for storage. Unless you have ample garage or storage space, schedule building materials to arrive as you need them so that they won't get trampled, rained on or stolen.

You should know what materials you cannot use. In some areas, for instance, plastic pipe is not approved except for garden sprinkler systems. Don't buy it and think you can use it.

When shopping for materials, take advantage of sales and promotions. However, don't be tempted to buy something you don't need, and don't buy anything without measuring—a stove 6 inches too wide won't fit any better than a stove 5 feet too wide.

Buying locally will save shipping charges, and buying in bulk will save on many small deliveries. You can duplicate your supply list and give it to several local building suppliers to get a bid for all your materials. You may get a discount and save time if everything comes from one place. On the other hand, catalog shopping will be cheaper on some items.

Your subcontractor may be buying much or all of your materials for you. But you get to make the final decision on what to use, and your contract agreement should say so. Also, the subcontractor will charge you for his or her buying time. The total cost may balance out since contractors can get special discounts, but you should know how the cost breaks down before signing your contract, and you may qualify for discounts yourself.

Department of Consumer and Regulatory Affairs
Building and Land Regulation Adminstration
941 North Capitol Street N.E. room 2100
Washington D.C. 20002
Tel. (202) 442 - 4470      Fax (202) 442 - 4862

Government
of the District
of Columbia
BLRA 91



**P**

**PLBG 100336**

# PLUMBING PERMIT

THIS PERMIT IS VALID ONLY FOR THE PREMISES
OF THE PROJECT ADDRESS

BLDG PMT. b472074

DATE : 6/29/2005

| ADDRESS OF PROJECT: | | PRCLID : | |
|---|---|---|---|
| **1315  IRVING ST  NW** | | (square) | (lot) |
| | | WARD: | ZONE : |

| OWNER'S NAME: | OWNER'S ADDRESS: | OWNER'S TELEPHONE NO. |
|---|---|---|
| **DEANNA CHANG** | | |

| CONTRACTOR'S NAME : | CONTRACTOR'S ADDRESS : | CONTRACTOR'S PHONE NO. |
|---|---|---|
| **JEROME PLBG & HTG.** | **442 LONGFELLOW DST. N.W.** **WASHINGHTON** **DC** | BUS.  **(202)291-6650 x** |
| | | FAX. |

| MASTER PLUMBER : | LICENSE # |
|---|---|
| **JOHN JEROME** | **0000001320** |

| | | | | |
|---|---|---|---|---|
| 4 | BATH TUBS | | | |
| 1 | SHOWERS | | | |
| 4 | WATER CLOSETS | | | |
| 1 | WASHER BOX | 2 | WATER HEATERS | |
| 1 | SINKS | | | |
| 4 | BASINS | 1 | GAS RANGE | |
| 1 | GARBAGE DISPOSAL | | | |
| | | 2 | GAS FURNACE | |

DESCRIPTION OF WORK :

**FEE :**

**$424.00**

| PROPOSED USE: | TYPE OF WORK : |
|---|---|
| **R3 ONE & TWO FAMILY DWELLINGS** | **REMODEL** |

This permit authorizes the contractor to perform the work described herein at the address shown above, under the conditions stated  on this permit. THIS PERMIT MUST ALWAYS BE CONSPICUOUSLY DISPLAYED AT THE ADDRESS OF WORK UNTIL WORK IS COMPLETED. For all plumbing inspections, call 202-442-4642 or fax your request to 202-442-4863.

| David A. Clark **DIRECTOR** | PERMIT CLERK:  **LUCRETIA BARKSDALE** | EXPIRATION DATE: **Jun - 29 - 2006** |
|---|---|---|

Department of Consumer and Regulatory Affairs
Building and Land Regulation Adminstration
941 North Capitol Street N.E. room 2100
Washington D.C. 20002
Tel. (202) 442 - 4470      Fax (202) 442 - 4862

Government
of the District
of Columbia
BLRA 96A



# E

# ELECTRICAL PERMIT

**PERMIT NO.**

THIS PERMIT IS VALID ONLY FOR THE PREMISES
OF THE PROJECT ADDRESS

**BLDG PMT. B472074**

**EL 98941**

**DATE : 6/8/2005**

| ADDRESS OF PROJECT: | PRCLID : | | |
|---|---|---|---|
| **1315  IRVING  ST  NW** | (square) | | (lot) |
| | WARD : | ZONE : | |

| OWNER'S NAME: | OWNER'S ADDRESS: | OWNER'S TELEPHONE NO. |
|---|---|---|
| **DEANNA CHANG** | | |

| CONTRACTOR'S NAME : | CONTRACTOR'S ADDRESS : | CONTRACTOR'S PHONE NO. |
|---|---|---|
| | **7702 GEORGIAN DRIVE** **UPPER MARLBORO** | **BUS.**  (301)324-2308 x |
| **LEON ELECTRICAL CONSTRUCTION** | **MD**      Zip :  **20772-** | **FAX.** |

| MASTER ELECTRICIAN : | LICENSE # | PHONE NO. |
|---|---|---|
| **WILBERT C.  WHITE** | **000000700** | |

| | NEW | X | REMODEL | | REPLACEMENT | | REPAIR | DESCRIPTION OF WORK: |
|---|---|---|---|---|---|---|---|---|

CURRENT USE:

**R3 ONE & TWO FAMILY DWELLINGS**

PROPOSED USE:

**R3 ONE & TWO FAMILY DWELLINGS**

FLOOR NUMBERS :

**FEE :**

**$124.00**

| 30 | OUTLETS | |
|---|---|---|
| 30 | LIGHTS | 0 |
| 1 | GARBAGE DISPOSAL | |
| 1 | DISH WASHER | |

This permit authorizes the contractor to perform the work described herein at the address shown above, under the conditions stated on this permit. THIS PERMIT MUST ALWAYS BE CONSPICUOUSLY DISPLAYED AT THE ADDRESS OF WORK UNTIL WORK IS COMPLETED. For all electrical inspections, call 202-442-4443 or fax your request to 202-442-4883.

| David A. Clark **DIRECTOR** | PERMIT CLERK: **D. MINOR** | EXPIRATION DATE: **Jun - 8 - 2006** |
|---|---|---|













**From:** Masoero, Don (DCRA) [mailto:Don.Masoero@dc.gov]
**Sent:** Thursday, April 10, 2008 10:38 AM
**To:** Jim Graham
**Cc:** Argo, Linda (DCRA); Douglas, Lennox (DCRA); Jemal, Edries (DCRA)
**Subject:** RE: Stop Work Order at 1315 Irving St. NW

Councilman Graham.

The bottom line is that a building permit does not have an unlimited life. Section 105.5.1 of the DCMR states, "Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more then three extensions will be granted to any permit."

Her permit was issued on April 28, 2005. In accordance with Section 105.5.1 the first extension period would have been April 28, 2006, the first 6 month extension would have been October 28, 2006, the second 6 month extension would have been April 28, 2007 and the third extension would have been October 28, 2007.

As a matter of practice DCRA has accepted a field inspection in lieu of "Upon written request." to verify that work is continuing within the scope of a given permit. This last inspection that Ms. Chang requested was performed by DCRA on 12/1/2205.

During the appeal to me, Ms.Chang made the point that she has performed work continually, since 2005 but did not call for inspections nor did she request an extension. She admitted this and had no issue with these facts. As I understood her frustration, she could not find in any of the paper work that DCRA provides for customer service where all of this was stated. In fact it is not. Only that the permit is good for one year. In bringing this to Director Argo's attention, she directed Mr. Lenny Douglas to change our web site and all customer service handouts to reflect this.

I asked Ms. Chang if she knew that a permit is only good for one year, then why is she still working on that permit? Her explanation was the she asked several contractors and they told here that as long as she was working on the permit, it would not expire. I told her, that was unfortunate but due to the fact that she was acting as her own contractor it was here obligation to verify with DCRA, rather then believe a contractor. She then countered that the day of the hearing the DCRA permit center told her that her permit was not expired.

This is all hear say to me. But during my 30 years of supervising building departments and permit centers, what I think happened is she asked a technician a question in a manner that would induce a wrong response. I am only guessing, but the current hand outs clearly state that a building permit is only good for one year. Knowing that, and she admitted to that, why did she work beyond the year?

She denied the Notice of Infraction and it is now in the hands of the Office of Administrative Hearings. She will have her day in court and the judge will do what ever the judge does.

On the matter of the length of time that it took for me to hear the appeal there where three reschedules of the hearing. I am researching if the reschedules where requested by her or by us or maybe both. In any event we were legally timely. Again, she can make here case with the judge and he will rule on it.

If you have any further questions, I am available for you.

Don Masoero, CBO
Chief Building Inspector, DCRA/ICA
25 M Street, S.W., 3rd Floor
Washington, D.C. 20024
535-1862 Fax 535-1830

Date:           Mon, 14 Apr 2008 06:49:18 -0700 (PDT)

From:           "djc" <morleymash@yahoo.com>

Subject:        RE: Stop Work Order at 1315 Irving St. NW

To:             "Jim Graham" <Jim@grahamwone.com>, "Masoero, Don (DCRA)"
                <Don.Masoero@dc.gov>

CC:             "Argo, Linda (DCRA)" <Linda.Argo@dc.gov>, "Douglas, Lennox (DCRA)"
                <Lennox.Douglas@dc.gov>, "Jemal, Edries (DCRA)" <Edries.Jemal@dc.gov>,
                "morleymash@yahoo.com" <morleymash@yahoo.com>

1. The DCMR section to which Mr. Masoero cites applies to permits that are about to expire. It does not address the longevity of a permit. The applicable section provides as follows:

**105.5 Expiration of Permit.** Any permit issued shall become invalid if the authorized work is not begun within one year after the permit is issued, or if the authorized work is suspended or abandoned for a period of one year, after the date work is begun.

**105.5.1 Extension of Permit.** Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more that three extensions of time will be granted to any permit.

**105.5.2 Lapsed Permits.** Permits issued under the Construction Codes shall not be be extendable if permitted to expire.

**105.5.3 Non-Transferrable Supplemental Permits.** A new supplemental installation permit should be obtained pursuant to Section 105.1.13 for any authorized work begun by one contractor and continued by another contractor.

Because work was continuous, according to DC regs, 105.5.1, upon which Mr. Masoero relies, does not apply.

2. The current publications do NOT indicate that permits expire after one year. The point that I made to Mr. Masoero was that all information provided by DCRA, including the permit itself, various written publications, and its own employees, indicated NOT that the permit expired after one year, but that a permit expired if work did not COMMENCE or was suspended for one year. I have provided all of that information as attachments to my email last week, and I showed it to Mr. Masoero at our meeting. I also showed him my permit, which states, "Work authorized under this Permit must start within one (1) year of the date appearing on the reverse side of the permit or this permit is automatically void." This is the same information that numerous publications put out by DCRA provides, all of which were shown to Mr. Masoero.

3. There was no rescheduling of the hearing that I was made aware of. I had a phone call from Mr. Masoero's office on March 25 indicating that they did not have any information regarding my case. I did not hear from them again until Friday April 4, at which time I was informed that Mr. Masoero would meet with me the next Tuesday at 1. I rearranged my schedule to make that time work. In any event, the response was not legally timely as Mr. Masoero asserts, as the Stop Work Order clearly states that if the Notice of Appeal is not acted upon within 3 working days, I may then appeal to the Director's Office.

A clear reading of the Code, in addition to all the materials put out by DCRA and my permit show that Mr. Masoero's reading is wrong. He relies upon the wrong section of the DCMR, and also

misrepresents my position. I never once agreed that my permit expired after a year.

Mayor Fenty's office has been advised of this issue. Copies of the letter, which will be delivered to his office today, have been sent to most of you as well. In addition, I will be providing the requisite notice to DC's Office of Risk Management, that I intend to sue the City and seek a Temporary Restraining Order and/or Preliminary Injunction barring enforcement of the Stop Work Order. I will also be seeking damages and attorney's fees.

# YAHOO! MAIL
### Classic

| | |
|---|---|
| **Date:** | Fri, 11 Apr 2008 06:31:25 -0700 (PDT) |
| **From:** | "djc" <morleymash@yahoo.com> |
| **Subject:** | Re: FW: Stop Work Order at 1315 Irving St. NW |
| **To:** | "Jim Graham" <Jim@grahamwone.com>, "John DeTaeye (jdetaeye@dccouncil.us)" <jdetaeye@dccouncil.us>, "Yuckenberg , Jason (COUNCIL)" <JYuckenberg@DCCOUNCIL.US> |

Not surprisingly, there has been no response to this email. Nor was there any response to CM Graham's earlier email to Dir. Argo, or my numerous phone and email messages. Isn't there some way to bypass DCRA when they are flat-out wrong and cannot/will not explain their actions? The Code is clear that I am in compliance w/ my permits, yet I have been living in my house with no walls, exposed insulation, no ceiling, etc. I will forward photos later today.

Please let me know if there is someway I can get beyond these people and get this resolved promptly. I should not have to continue to live in a house in this condition for the months that it will take to clear this up through OAH or the courts. It is essentially extortion that the only way I can get the stop work order removed within a reasonable amount of time is to admit to a violation that does not exist and pay a $2000 fine.

*Jim Graham <Jim@grahamwone.com> wrote:*

> Mr. Masoero: Please explain thsi for us. Thanks. Councilmember Jim Graham
>
> *I typically answer emails before 9 AM on weekdays. If you email me after that, it is likely that you will hear from me the next weekday. If there is a need to communicate prior to that, you may wish to call me.*
>
> *Jim Graham, Councilmember, Ward One, 1350 Pa. Ave., NW, #105, Washington, DC 20004. 202-724-8181; 202-724-8109 (fax).*
>
> *Chairman, Committee on Public Works and the Environment (including alcohol regulation). Main Committee Number: 202-724-8195. 1350 Pa. Ave., NW, #116, Washington, DC 20004.*
>
> *Voting member, Board of Directors, WMATA/Metro.*
>
> *Website: www.grahamwone.com*
>
> ------------------------------------------------
>
> **From:** DeTaeye, John (COUNCIL) [mailto:JDeTaeye@DCCOUNCIL.US]
> **Sent:** Thursday, April 10, 2008 5:06 AM
> **To:** Jim Graham
> **Cc:** Yuckenberg , Jason (COUNCIL)
> **Subject:** FW: Stop Work Order at 1315 Irving St. NW
>
> Councilmember,
>
> Ms. Chang called yesterday afternoon asking for help on this. Mr. Maseoro is telling the constituent her

Case 1:08-cv-00871-PLF     Document 2-19     Filed 05/21/2008     Page 2 of 4

Yahoo! Mail - morleymash@yahoo.com                                        Page 2 of 4

building permits need to be renewed but when she goes to DCRA to renew them, she is being told they are valid.

---

**From:** Chang, Deanna (ENRD) [mailto:Deanna.Chang@usdoj.gov]
**Sent:** Wed 4/9/2008 6:15 PM
**To:** DeTaeye, John (COUNCIL); jim@grahamwone.com
**Subject:** FW: Stop Work Order at 1315 Irving St. NW

John,

Thank you again for taking time to discuss this matter with me. Below is the email that I sent Mr. Maseoro, Director Argo, and Councilmember Graham yesterday. As you and I just discussed, this Stop Work Order was issued three weeks ago. I have been trying since that time to get this issue resolved since I had pulled permits to do the work and did not understand the basis for the Stop Work Order. I promptly went to DCRA to determine what was wrong with my building permit. I was told at that time it was valid. I specifically asked if they had expired, since they were issued in 2005, and was told permits do not expire unless there has been no work in a year of issuance of the permit or if work has been suspended for a year or more. Nonetheless, I asked whether I could renew them anyway, and was told that they cannot be renewed because they are valid. This was information given to me by DCRA employees.

I filed a Notice of Appeal on 3/21 with Mr. Maseoro's office. After not hearing from his office, I filed a Notice of Appeal with Director Argo's office. I have called Dir. Argo's office several times to schedule an appointment, but have not received any return calls. I have also sent her a couple of emails regarding this issue, and Councilmember Graham was also kind enough to forward an email to her on my behalf. There has been no response to the emails either.

I was finally scheduled to meet with Mr. Maseoro yesterday, 20 days after the Stop Work Order was issued (and 17 days past the 3 days he had to respond to the Notice of Appeal). As detailed below, Mr. Maseoro took the position that I did not have a building permit because it was expired, and was therefore in violation of DCMR 105.1 and subject to a $2000 fine. When I explained to him that the permit office would not allow me to renew my permit, and showed him various materials put out by DCRA indicating that permits expire only when construction has not commenced within a year of issuance, he informed me that all of that information was wrong, and that the DCMR clearly stated that permits must be renewed every 6 months for a maximum of 2 times, and I had no basis for believing that information given out by DCRA. As you will see from the excerpt of the DCMR in my email below, that is clearly not the case. (In fact, Mr. Maseoro seems to be confusing DCMR 105.5.1, which applies to extensions of permits when they are about to expire. Since work has been ongoing on my house since the building permit was issued in 2005, my permit has never been on the verge of expiration, thus an extension has not been warranted).

I am attaching to this email a package of information which I originally sent to Director Argo on March 27, as well as additional information from DCRA publications and its website relating to expiration of building permits with the relevant text highlighted. The position taken by Mr. Maseoro is inconsistent with the DCMR, with the publications put out by DCRA, with the information given by other employees of DCRA, and set forth on the back of my building permit, and yet I cannot get the Stop Work Order removed without admitting to violating the Code and paying a $2000 fine.

I would greatly appreciate any assistance you can offer, since I cannot even get the Director of DCRA to return phone calls, emails, etc. I am already out a significant amount of money, as my contractors haven't been able to do any work for three weeks, not to mention the time I have taken off work to attempt to get this situation resolved. Thank you again, and I hope to hear from you soon.

Sincerely,
Deanna Chang

**From:** djc [mailto:morleymash@yahoo.com]
**Sent:** Tuesday, April 08, 2008 4:18 PM
**To:** linda.argo@dc.gov; don.maseoro@dc.gov; grahamwone@gmail.com
**Subject:** Stop Work Order at 1315 Irving St. NW

This email is in reference to a Stop Work Order I received at 1315 Irving ST. NW on March 19, 2008. I have contacted all of you in regard to the problem, as I was cited for failure to comply with various DC Code Requirements, none of which I believe apply.

I met with Mr. Maseoro this afternoon, and he agreed that three of the four violations for which I was cited were not proper. He and I disagreed, however, on whether or not I had a valid Building Permit. My permit was issued in 2005, and I have been working continually on the house since that time. Mr. Maseoro informed me, however, that permits were only valid for 1 year, and that a homeowner is required to apply for 6 month extensions after that time, and that a maximum of 2 extensions could be granted. As a result, according to Mr. Maseoro, I did not have a building permit because it was more than 1 year after the date of issuance and i had not requested extensions.

I explained to Mr. Maseoro that none of the publications put out by DCRA indicatedthat was the case, but instead refer only to permits expiring if work has not commenced within one year of issuance of the permit or if work had ceased for more than one year. Moreover, employees at DCRA told me my permits were valid, and in fact, told me I could NOT renew them because they were valid. Mr. Maseoro continued to tell me that the DCMR provided otherwise. Upon my arrival back home, I found the relevant DCMR section relating to expiration of building permits, which clearly states that a permit expires only if work is not commenced within one year of issuance of the permit or if work is suspended or abandoned for one year. DCMR 105.5 is excerpted below.

Construction has been ongoing in my house since issuance of the permit, and I had ample evidence of such to show Mr. Maseoro. Because the DCMR is clearly inconsistent with the position taken by Mr. Maseoro, and I have complied with the provisions of the Code, I respectfully request that all infractions relating to the Stop Work Order be dismissed immediately, and that authorization to remove the Stop Work Order be granted.

Sincerely,
Deanna Chang
 202.486.3221 (h)
202.514.4185 (o)

**105.5 Expiration of Permit.** Any permit issued shall become invalid if the authorized work is not begun within one year after the permit is issued, or if the authorized work is suspended or abandoned for a period of one year, after the date work is begun.
**105.5.1 Extension of Permit.** Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more that three extensions of time will be granted to any permit.
**105.5.2 Lapsed Permits.** Permits issued under the Construction Codes shall not be extendable if permitted to expire.
**105.5.3 Non-Transferrable Supplemental Permits.** A new supplemental installation permit should be obtained pursuant to Section 105.1.13 for any authorized work begun by one contractor and continued by another contractor.

You rock. That's why Blockbuster's offering you one month of Blockbuster Total Access, No Cost.

Yahoo! Mail - morleymash@yahoo.com

---

Do You Yahoo!?
Tired of spam? Yahoo! Mail has the best spam protection around
http://mail.yahoo.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ : | |
| **DEANNA J. CHANG,** : | |
| : | |
| **Plaintiff,** : | |
| **v.** : | **Civ. A. No.:** |
| : | |
| **DISTRICT OF COLUMBIA** : | |
| **DEPARTMENT OF CONSUMER AND** : | |
| **REGULATORY AFFAIRS, MAYOR** : | |
| **ADRIAN M. FENTY, in his** : | |
| **official capacity, LINDA K. ARGO,** : | |
| **in her official and individual capacities;** : | |
| **and DON MASOERO, in his official and** : | |
| **individual capacities,** : | |
| : | |
| **Defendants.** : | |
| _____: | |

**ORDER**

Plaintiff's Motion for a Preliminary Injunction is hereby GRANTED.

Defendants are barred from enforcing or attempting to enforce the Stop Work Order

issued on March 19, 2008 relating to Plaintiff's residence at 1315 Irving St. NW,

Washington, DC.


Dated: _____, 2008            _____

                                          United States District Court Judge