UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEANNA J. CHANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-cv-00871 (PLF) |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| DEPARTMENT OF CONSUMER ) | |
| AND REGULATORY AFFAIRS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

Defendants District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), Mayor Adrian M. Fenty, Linda K. Argo, and Don Masoero ("Defendants") hereby file this Opposition to Plaintiff's Motion for a Preliminary Injunction ("Motion"). Plaintiff seeks to enjoin enforcement of a Stop Word Order ("SWO") issued at 1315 Irving Street, NW, Washington, DC. DCRA issued the SWO on May 19, 2008 because Plaintiff was conducting renovations on her house with an expired building permit.

The Court does not have a basis to grant Plaintiff's request for a preliminary injunction. As a preliminary matter, the *Younger* abstention doctrine precludes entry of the relief sought. Furthermore, addressing this Court's standard for issuance of a preliminary injunction, Plaintiff fails to demonstrate entitlement to injunctive relief. Plaintiff's Motion for a Preliminary Injunction should be denied. A proposed order is submitted herewith.

**I.     The *Younger* Abstention Doctrine Bars Plaintiff's Request for Injunctive Relief.**

Abstention is a "threshold question" that should be determined before addressing jurisdiction. *Worldwide Moving & Storage, Inc. v. District of Columbia*, 445 F.3d 422, 423 n.1 (D.C. Cir. 2006) (citing *Tenet v. Doe*, 544 U.S. 1, n.4 (2005)). There are three broad categories of cases where abstention may be appropriate: (1) where the exercise of federal jurisdiction would interfere with pending state criminal or civil proceedings, *see Younger v. Harris*, 401 U.S. 37, 43–9 (1971); (2) where a constitutional question might be avoided through the resolution of an ambiguous state law by state courts, *see Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 498–501 (1941); or (3) where federal adjudication would interfere with state regulation or policymaking of "substantial" interest to the public, *see Burford v. Sun Oil Co.*, 319 U.S. 315, 317–34 (1943); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716–17 (1996); *Majhor v. Kempthorne*, 518 F.Supp.2d 221, 248 (D.D.C. 2007). It is the first category which is applicable here.

Except in "extraordinary circumstances," a federal district court should not enjoin pending state proceedings, including administrative proceedings, that are judicial in nature and implicate important local interests. *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1120 (D.C. Cir. 2004). In *JMM*, the operator of an adult video store brought suit challenging the constitutionality of District zoning regulations, and sought to enjoin the ongoing administrative zoning enforcement action. The district court dismissed all of plaintiff's claims for injunctive and declaratory relief, and the Circuit affirmed.

> The ongoing District of Columbia proceedings are judicial in nature and implicate important District interests; those proceedings afford [plaintiff] an adequate opportunity to litigate its federal claims; and there are no extraordinary circumstances warranting equitable relief. Accordingly, the

> criteria for application of the *Younger* doctrine have been satisfied, and the district court's dismissal of [plaintiff]'s complaint was appropriate.

*Id*. at 1128; *see also Bridges v. Kelly*, 84 F.3d 470, 476 (D.C. Cir. 1996).

Plaintiff's request for a preliminary injunction in this case is similarly precluded by *Younger*. In the District of Columbia, property owners may appeal SWO's to the reviewing official at DCRA, then to the Director of DCRA. D.C. MUN. REGS. tit. 12A, §112.1.2. If the Director fails to decide within three days, or denies the appeal, owners may appeal to either the Board of Zoning Adjustment (for zoning-related decisions) or, as in this case, the Office of Administrative Hearings ("OAH"). *See* D.C. OFFICIAL CODE § 2-1803.1, § 6-641.07 (2006 Supp.). Further appeals may then be taken from either of those agencies to the D.C. Court of Appeals. *Id.*, § 2-510.

Plaintiff concedes that she is in the midst of the SWO appeal process. *See* Motion at 3-6 (identifying that she awaits OAH proceedings after unsuccessful appeals to the DCRA Reviewing Official and to DCRA's Director). *Younger* applies to pending administrative enforcement actions where the state proceedings are judicial in nature and the state interests are important. *Ohio Civil Rights Comm'n v. Dayton Christian Sc., Inc.*, 477 U.S. 619, 626-27 (1986); *Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432-4 (1982). D.C. administrative proceedings satisfy these requirements. *JMM Corp.*, at 1126-7 (identifying D.C. administrative proceedings as both judicial in nature and involving important state interests).

Plaintiff's only basis to escape abstention would be if Plaintiff could show "extraordinary circumstances;" however, none exists. *See Lewellen v. Raff*, 843 F.2d 1103, 1110 (8th Cir. 1988) (overruling abstention where complaint's allegations "painted a picture of pervasive racism and discriminatory treatment of blacks in the Lee County court

3

system."). Mere allegations of bad faith, unsupported by the record, are insufficient to warrant federal intervention in the local proceeding. *See, e.g., Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Plaintiff's claimed harm of a de facto revocation of her building permit and the alleged loss of value of her home do not rise to "extraordinary circumstances" as defined in this context. Plaintiff's appeal of the SWO provides her with an opportunity to challenge the SWO, and Plaintiff's frustration with the process provided by the D.C. Code and Municipal Regulations does not raise her situation to one of "extraordinary circumstances."

Plaintiff's request for a preliminary injunction enjoining enforcement of the SWO is a legal proceeding duplicative of the ongoing SWO appeal process. The OAH proceedings will give her an opportunity to contest the SWO, including an adequate opportunity to litigate her federal claims. *See JMM*, at 1127. As such, Plaintiff's Motion for a Preliminary Injunction directly implicates the *Younger* abstention doctrine. Plaintiff's Motion should be denied.

## II. Plaintiff's Motion Fails to Satisfy the Four-Part Test for Issuance of a Preliminary Injunction.

"The power to issue a preliminary injunction, especially a mandatory one, should be sparingly exercised." *Columbia Hosp. for Women Found., Inc. v. The Bank of Tokyo-Mitsubishi, Ltd.,* 15 F. Supp. 2d 1, 4 (D.D.C. 1997), *aff'd. on other grounds,* 1998 U.S. App. LEXIS 7871 (D.C. Cir. 1998) (quoting *Dorfmann v. Boozer,* 414 F.2d 1168, 1173 (D.C. Cir. 1969)). Plaintiff correctly identifies the four-part test which she must satisfy to prove entitlement to a preliminary injunction. Plaintiff must demonstrate:

1. There is a substantial likelihood of success on the merits;
2. Plaintiff would suffer irreparable injury if the injunction is not granted;

3. An injunction would not substantially injure other interested parties; and

4. The public interest will be furthered by issuance of the requested order.

*Katz v. Georgetown Univ.*, 246 F.3d 685, 687-8 (D.C. Cir. 2001); *Mova Pharmaceuticals Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998).  Plaintiff cannot satisfy this test.

### A. Plaintiff does not demonstrate a substantial likelihood of success on the merits.

As previously demonstrated, Plaintiff's claims implicate application of the *Younger* abstention doctrine.  The doctrine not only precludes entry of the request preliminary injunction, but it also precludes Plaintiff's claims, generally, throughout her appeal of the SWO.  *See Younger*, at 44.  Nevertheless, even addressing the three specific claims for relief in her complaint, Plaintiff fails to prove a substantial likelihood of success.

*1. Plaintiff is unlikely to prevail on her Section 1983 Claim regarding Procedural Due Process.*

Plaintiff claims that she was deprived of procedural due process by the issuance of the SWO.  "The actions of Defendants have resulted in what amounts to the revocation of Plaintiff's building permit without providing an opportunity to be heard in any meaningful fashion."  Motion at 8.  Generally, procedural due process requires the government to provide the deprive party "notice and opportunity for hearing appropriate to the nature of the case."  *Jones v. Flowers*, 547 U.S. 220, 222 (2006), *quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).  Plaintiff's argument – that procedural due process guarantees her opportunities for expeditious hearings validating her position – is fundamentally misguided.  *See Lightfoot v. District of Columbia*, 448 F.3d 392, 401 (D.C. Cir. 2006) (*per curiam*) (Silberman, J., concurring) ("[T]he Supreme Court's due process jurisprudence carefully distinguishes process from substance.  The issue is always, in due

5

process cases, whether or not the claimant has had a fair opportunity – sometimes rather informal – to present his case and not whether the agency's substantive decision was reasonable.").

DCRA's multi-level appeals process for SWO's satisfies the demands of procedural due process. In *3883 Connecticut LLC v. District of Columbia*, 336 F.3d 1068 (D.C. Cir. 2003), the D.C. Circuit upheld the constitutionality of the process about which Plaintiff now complains. In that case, developers who had received a number of preliminary permits to begin construction on a 168-unit apartment building sued the District after DCRA issued a SWO halting the project to investigate the truthfulness of information on the applications used to obtain those permits. *Id*., at 1074. The Circuit held that the District's "post-deprivation" process, with three levels of review for DCRA's SWO decision, met the requirements of due process. *Id*.

Defendants have not deprived Plaintiff of her opportunity, as mandated in the D.C. Code and Municipal Regulations, to appeal the validity of her SWO. The same post-deprivation process is available here, and Plaintiff has taken full advantage of it. Plaintiff appealed the SWO to Defendant Masoero and to Defendant Argo. Motion at 3-5. Based on her dissatisfaction with the results of those initial rounds, she continued her appeal to the OAH, where it now sits. Motion at 5. Should Plaintiff disagree with the decision of OAH, she will have the opportunity to appeal the SWO to the D.C. Court of Appeals. *See* D.C. OFFICIAL CODE § 2-510.

The District's multi-level appeals process for SWO's completely satisfies the demands of constitutional due process as a matter of law. Plaintiff does not have a viable

6

Section 1983 procedural due process claim; consequently, she cannot demonstrate likely success on its merits.

> 2. *Plaintiff is unlikely to prevail on her Section 1983 Substantive Due Process Claim.*

In her Motion, Plaintiff claims that, in being denied substantive due process, she has "pushed her local remedies to the hilt." Motion at 10. Plaintiff's hyperbole does not mask the reality that she has failed to exhaust her administrative remedies. Her appeal of the SWO currently rests in the OAH. Motion at 5. Consequently, at this current stage of litigation, she is not likely to prevail on her substantive due process claim.

Plaintiff's case is not ripe for consideration because she has not yet exhausted all of her administrative remedies. "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938); *see also Association of Flight Attendants-CWA, AFL-CIO v. Chao*, 493 F.3d 155, 158 (D.C. Cir. 2007). In broad terms, the doctrine of exhaustion of administrative remedies "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

The doctrine of exhaustion exists to ensure that ongoing administrative proceedings are seen through to completion. *Association of Flight Attendants-CWA, AFL-CIO*, 493 F.3d at 158-9. Plaintiff concedes that she has not completed the administrative process in place to address the SWO at issue. Motion at 3-6. Until the process is complete, Plaintiff's lawsuit remains premature, and she not likely to prevail on her substantive due process claim.

Even on the substance of the alleged claim, there is not a substantial likelihood that Defendants' enforcement of the building code rises to a violation of Plaintiff's substantive due process. "[I]n a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). Conduct most likely to rise to that level would be that which is "intended to injure in some way unjustifiable by any government interest." *Id.*, at 849; *see also Feirson v. District of Columbia*, 506 F.3d 1063, 1066-7 (D.C. Cir. 2007) (identifying due process standard). The District's enforcement of the Building Code, particularly issuance of this SWO, falls far short of this standard.

"When reviewing an agency interpretation of a statute it administers, . . . we ordinarily give considerable deference to such an interpretation as well as to the agency's own regulations and decisions." *Majerle Management, Inc. v. District of Columbia Rental Housing Comm'n*, 866 A.2d 41, 46 (D.C. 2004). "Indeed, the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong." *Spring Valley v. Wesley Heights Citizens Ass'n v. District of Columbia Bd. of Zoning Adjustment*, 644 A.2d 434, 436 (D.C. 1994).

Here, Defendants' interpretation of the regulations gives clear effect to the regulations as a whole. Plaintiff's interpretation that her building permit remains valid in perpetuity, as long as it is not abandoned, is an unreasonable interpretation of the regulations. Doing so isolates Section 105.5 from other relevant provisions of the code,

particularly Sections 105.5.1 and 105.5.2 governing renewals and lapses of permits.[1] "A basic principle [of statutory construction] is that each provision of the statute should be construed so as to give effect to all of the statute's provisions, not rendering any provision superfluous." *District of Columbia Bd. of Elections and Ethics v. District of Columbia*, 866 A.2d 788, 795 (D.C. 2005) (internal cites omitted).

Plaintiff's substantive due process claim is not likely to be successful. Preliminary, Plaintiff has failed to exhaust her administrative remedies. Furthermore, Plaintiff's interpretation of the relevant regulations is unreasonable because it fails to construe the provisions as a whole. As such, Plaintiff cannot make the required showing that she is likely to prevail on this claim.

   *3. Plaintiff is not likely to prevail on her claim based on D.C. statutes.*

Plaintiff alleges a cause of action based on the D.C. Code. She claims that D.C. OFFICIAL CODE § 6-1405.01(a) confers a cause of action against the District based on her dissatisfaction with the SWO appeal process. *See* Complaint at ¶¶ 55-6. The relevant portion reads:

> The Director shall seek to administer all building permits, certificates of occupancy and other provisions of this chapter, and all regulations issued hereunder, in a manner that is fair, efficient, predictable, readily adaptable to new technologies, consumer-oriented, devoid of unnecessary time delays and other administrative burdens, cost-effective, and directed at enhancing the protection of the public health, welfare, safety and quality of life.

---

[1] D.C. MUN. REGS. tit. 12A, §105.5, Expiration of Permit. Any permit issued shall become invalid if the authorized work is not begun within one year after the permit is issued, or if the authorized work is suspended or abandoned for a period of one year, after the date work is begun.

D.C. MUN. REGS. tit. 12A, §105.5.1, Extension of Permit. Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more that three extensions of time will be granted to any permit.

D.C. MUN. REGS. tit. 12A, §105.5.2, Lapsed Permit. Permits issued under the Construction Codes shall be extendable if permitted to expire.

D.C. OFFICIAL CODE § 6-1405.01(a). This language, plucked from the middle of the statute, does not give rise to a private cause of action. "Even when the statute uses mandatory language, such as the word 'shall,' the courts are to construe the statute in the light of reasonableness." *Brown v. District of Columbia*, 727 A.2d 865, 867 (D.C. 1999) *citing, inter alia, Standard Oil Co. v. United States*, 221 U.S. 1, 69–70 (1911). The crux of Plaintiff's cause of action is that she contests issuance of the SWO and the process by which she contests it. It is not reasonable to confer a private right of action on Plaintiff through this code section.

Here, Plaintiff's failure to exhaust her administrative remedies bars her claim for relief, and the SWO appeal process is constitutional. *See 3883 Connecticut*, at 1074. Further, a reasonable reading of D.C. OFFICIAL CODE § 6-1405.01(a) does not confer a private right of action on Plaintiff. As such, she is not likely to prevail on her statutory claim.

**B.    Plaintiff will not suffer irreparable harm if her motion is denied.**

The general purpose of a preliminary injunction is to preserve the status quo pending the outcome of litigation. *See District 50, United Mine Workers of America aka Int'l Union of District 50 v. Int'l Union, United Mine Workers of America*, 412 F.2d 165, 168 (D.C. Cir. 1968); 7 J.W. MOORE, FEDERAL PRACTICE para. 65.04[1] (2d ed. 1968). The status quo in the present case is the continuation of the administrative process through which Plaintiff is contesting her SWO.

The fact that Plaintiff will not suffer irreparable harm is clear because she fails to identify any specific form of irreparable harm in her motion. Instead, she merely repeats the claimed constitutional violations, arguing that they constitute *per se* irreparable

harms, citing *District of Columbia v. Eastern Trans-Waste of Maryland, Inc.*, 758 A.2d 1 (D.C. 2000). Plaintiff's reliance on *Eastern Trans-Waste* is misplaced. Although the trial court judge stated that a violation of constitutional rights — in this instance the Commerce Clause — constituted irreparable harm, *per se*, the Court of Appeals focused instead on a second basis of irreparable harm: the Solid Waste Facility Permit Act threatening the very existence of Eastern Trans-Waste's business. *Id.*, at 15. ("[T]he question of whether the Solid Waste Facility Permit Act threatens the very existence of ETW's business is largely a factual issue, we see no reason to disturb the trial court's conclusion that ETW sustained its burden of showing irreparable harm.")

Plaintiff here fails to identify any irreparable harm that will result from denial of the preliminary injunction. Reliance on the theory that mere allegations of deprivation of constitutional rights constitutes *per se* irreparable harm is misplaced. *See id.*, at 15 (declining to base finding of irreparable harm on per se rule and, instead, relying on trial court's determination that the Act threatened the existence of Plaintiff's business); *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 301 (D.C. Cir. 2006) ("In this Court . . . there is not per se rule that violation of freedom of expression automatically constitutes irreparable harm."); Plaintiff will not suffer irreparable harm by being forced to continue with the appeal process for SWO's in the District of Columbia.

      C.      **Greater harm will not result from denial of the requested injunction.**

Plaintiff argues that greater harm results from this Court denying her request for a preliminary injunction because doing so "could be perceived as judicial acquiescence to the heavy-handed, unfair and egregious actions of the Defendants." Motion at 14.

Plaintiff's appeal based on the integrity of the justice system fails to balance the greater harm of the District suspending enforcement of its statutes and regulations. "[A]ny time a State [or local government] is enjoined by a court from effectuating statutes enacted by the representatives of its people, it suffers a form of irreparable injury." *New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers).

Additionally, Plaintiff fails to account for the harm that will result in the form of additional expense of resources by the District in litigating the same matter in two forums. Similarly, she does not acknowledge the harm that results in her undermining of the SWO appeal process via litigation in federal court. Balancing the purported harm described by Plaintiff in denying her request for an injunction against the harm associated with granting the sought relief, Plaintiff fails to prove that greater harm will result from the denial of her motion for preliminary injunction.

> **D.     The public interest will not be furthered by issuance of the requested order.**

Plaintiff's desire to avoid the proscribed process for contesting SWO's does not further the public interest. In fact, Plaintiff concedes that her renovations have no impact on the public. Motion at 14. In contrast, the District has a recognized important state interest in its local regulation. *See JMM*, at 1126-7 ("[E]nforcement of zoning regulations . . . constitutes an important state interest."). It is Plaintiff's own self-interest, not the public interest, which is at the root of this matter. It is insufficient to justify injunctive relief.

## **CONCLUSION**

Plaintiff is unable to demonstrate entitlement to the sought preliminary injunction. As a prophylactic measure, the *Younger* abstention doctrine precludes the requested relief.

Furthermore, Plaintiff is unable to satisfy the four-part test demonstrating entitlement to injunctive relief.  For the foregoing reasons, Defendants respectfully request this Court deny Plaintiff's Motion for a Protective Order.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Ellen A. Efros
        ELLEN A. EFROS [250746]
        Chief, Equity I

        /s/ Chad Copeland
        CHAD COPELAND[2]
        Assistant Attorney General
        441 Fourth Street, N.W.
        Suite 600 South
        Washington, D.C. 20001
        (202) 724-6623 (telephone)
        (202) 727-0431 (fax)
        chad.copeland@dc.gov

---

[2]  DC Bar Application pending.  Member of Texas Bar in good standing.  Authorized by the Office of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the United States District Court for the District of Columbia Local Rules 83.2(d) and 83.2(e).

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of June, 2008, I served the foregoing document, via United States mail, postage prepaid, on

DEANNA J. CHANG<br>
1315 Irving St. NW<br>
Washington, DC  20012

By:      <u>/s/ Chad Copeland/s/</u><br>
           CHAD COPELAND<br>
           Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEANNA J. CHANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 08-cv-00871 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| DEPARTMENT OF CONSUMER | ) |
| AND REGULATORY AFFAIRS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER

Upon consideration of **PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**, Defendants' Opposition thereto, and the entire record herein, it is this _____ day of _____, 2008 hereby

**ORDERED** that the Plainitff's Motion is **DENIED**.

_____
HON. PAUL L. FRIEDMAN
United States District Court,
District of Columbia

Copies to:

Deanna J. Chang
1315 Irving St. NW
Washington, DC  20012

Chad Copeland
Office of the Attorney General
441 4th Street NW, Suite 600 South
Washington, DC 20001

1