## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEANNA J. CHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-00871 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| DEPARTMENT OF CONSUMER | ) | |
| AND REGULATORY AFFAIRS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### DEFENDANTS' SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Defendants District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), Mayor Adrian M. Fenty, Linda K. Argo, and Don Masoero ("Defendants") hereby file this Supplemental Opposition to Plaintiff's Motion for a Preliminary Injunction ("Motion"). In the time since Defendants initially opposed Plaintiff's Motion for a Preliminary Injunction, additional information has been acquired that may aid the Court in its determination of Plaintiff's motion. Pursuant to LCvR 65.1(d), Defendants provide the attached affidavits. The affidavits describe the circumstances giving rise to Plaintiff's lawsuit from DCRA Inspector Michael Pearson, who issued the Stop Work Order in question, and from Defendant Don J. Masoero, to whom the SWO was appealed by Plaintiff. *See* Exhibit 1, Affidavit of Michael Pearson and Exhibit 2, Affidavit of Don. J. Masoero.

### CONCLUSION

For the reasons presented in Defendants' Opposition, Defendants respectfully request this Court deny Plaintiff's Motion for a Protective Order.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I

/s/ Chad Copeland
CHAD COPELAND[1]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001
(202) 724-6623 (telephone)
(202) 727-0431 (fax)
chad.copeland@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June, 2008, I served the foregoing
document, via United States mail, postage prepaid, on:

DEANNA J. CHANG
1315 Irving St. NW
Washington, DC  20010

I hereby certify that on this 19th day of June, 2008, I served the foregoing
document, via electronic mail on:

morleymash@yahoo.com

By:     /s/ Chad Copeland/s/
        CHAD COPELAND
        Assistant Attorney General

---

[1]     DC Bar Application pending.  Member of Texas Bar in good standing.  Authorized by the Office
of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the
United States District Court for the District of Columbia Local Rules 83.2(d) and 83.2(e).

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEANNA J. CHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 08-cv-00871 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| DEPARTMENT OF CONSUMER | ) | |
| AND REGULATORY AFFAIRS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF MICHAEL PEARSON

I, Michael Pearson, declare and state as follows:

1.     I am over the age of 18 years, competent to testify to the matters stated below.

2.     I am currently employed as an Electrical Inspector for the Inspection and Compliance Administration, of the Department of Consumer and Regulatory Affairs. Since November of 2007, to the present, I have served with the Illegal Construction Unit, Inspection and Compliance Administration.  As an inspector for the Illegal Construction Unit, I go throughout out the city and check for illegal construction and issue stop work orders as needed.  As part of my inspection, I also verify that the scope of the work being performed at the premises to ensure that these conform to the posted permits.

3.     As a result of a citizen complaint, on March 19, 2008 at approximately 4:00 p.m., Inspector Allan Thompson and I inspected the property located at 1315 Irving Street, NW ("Property").  No permits were posted on the property, as required by 12

1

DCMR § 105.7  During the inspection, the contractor working on the property along with an assistant allowed us to gain access to the interior of the property.  When I requested to see the permits, the contractor was unable to produce them.  The contractor only produced a set of approved drawings.

4.    Inspector Thompson and I inspected the main floor of the property for approximately 20 minutes.  While inside the property, I observed a significant amount of demolition work, a series of opened walls, new floor joist being installed, and electrical hanging wires and boxes.  It appeared as if the contractor was about to initiate the kitchen renovation.

5.    Based on my observations of March 19, 2008, I issued a Stop Work Order because the owner did not post permits or approval stickers on the property.  The records of DCRA revealed that no inspections were conducted for more than two years.

I make this foregoing affidavit, consisting of two numbered pages and five numbered paragraphs, on the basis of my personal knowledge.

_Michael Pearson_
Michael Pearson
Electrical and Illegal Construction Inspector
Inspections and Compliance Administration

District of Columbia, ss:

Signed and affirmed before me this _19_ day of June, 2008, by Michael Pearson.

_Carl Bradford_
NOTARY PUBLIC, D.C.

My Commission expires: _Apl 30, 2010_

2

# Exhibit 2

Affidavit, Don J. Masoero
Page 1 of 5

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEANNA J. CHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 08-cv-00871 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| DEPARTMENT OF CONSUMER | ) | |
| AND REGULATORY AFFAIRS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>AFFIDAVIT OF DON J. MASOERO</u>

I, Don Masoero, declare and state as follows:

1.      I am over the age of 18 years, competent to testify to the matters stated

below.

2.      I am the Chief Building Inspector for the Inspections and Compliance

Administration, Department of Consumer and Regulatory Affairs ("DCRA"). I have held

this position since May 16, 2007. My duties and responsibilities in this position

encompass ensuring that all construction in the District of Columbia is performed in

accordance to the laws and regulations; the management of 122 residential and

commercial inspectors, and supervising the inspection of residential and commercial

property. I am also responsible for the budget, union negotiations, and disciplinary

actions. I respond, on behalf of DCRA to "Two Alarm" or greater fires which result in

Affidavit, Don J. Masoero
Page 2 of 5

death. In addition, I am in charge of DCRA homeland security emergency management response team.

3.      12 DCMR §105.5, (2007) provides that "any permit issued shall become invalid if the authorized work is not begun within one year after the permit is issued, or if the authorized work is suspended or abandoned for a period of one year, after the date work is begun." Moreover, 12 DCMR § 109.5 provides that "it is the responsibility of the permit holder or his agent to notify the code official when the stages of construction are reached that require any inspection …

4.      On July 26, 2004, Wiebenson and Borman, the agent for Deanna Chang, owner of the property located at 1315 Irving Street, NW ("Property"), submitted an application for a construction permit.   The type of work indicated on this permit application was an alteration of an existing youth residential care home.  The description of the proposed work was "…interior remodeling of two apartments and rooftop deck addition to an existing three story row house. (Basement not currently an apartment)." The description further showed an update "…interior remodeling of an existing in-law suite in an existing three story row house.  All work to be within existing building.  No addition to exterior work.  This is a JFS."

5.      Based on the application submitted on July 26, 2004, DCRA issued to Deanna Chang an alteration and repair building permit number B472074 ("Permit") on April 28, 2005.  DCRA authorized Ms. Chang to convert the youth residential care home into a two-unit flat, conduct interior renovation as per plans, update interior of an in-law suite in the three story house.  DCRA did not authorize any additions to the exterior.  In

Affidavit, Don J. Masoero
Page 3 of 5

addition, the permit specified that separate electrical, plumbing and mechanical

installation permits were required.

6.      The back portion of the permit specified that there are certain conditions to

the construction permit.   Specifically, the permit mandates "that as a condition precedent

to the issuance of this permit, the owner agrees to conform with all conditions set forth

herein, and to perform the work authorized hereby in accordance with the approved

application and plans on file with the District Government and in accordance with all

applicable laws and regulations of the District of Columbia…Work authorized under this

Permit must start within one (1) year of the date appearing on the reverse side of this

permit or this permit is automatically void."

7.      Based on a citizen complaint, that home improvement work was being

conducted on the property and that no permits were posted on the property, DCRA

Inspectors Michael Pearson and Allan Thompson, Illegal Construction Division,

Inspections and Compliance Administration, conducted an inspection of the property on

March 19, 2008.  Inspectors Pearson and Thompson observed construction work being

performed at the time their inspection, and therefore issued a Stop Work Order on March

19, 2008.  The four violations cited on this Stop Work Order were construction without a

building permit, working without a demolition permit, failure to post a building permit

and failure to obtain a demolition permit. Inspector Pearson issued Notice of Infraction

Number I7DD924, for violation to 12 DCMR §105.1, for working without a building

permit only.

8.  On March 21, 2008, Ms. Chang submitted an appeal to the Stop Work Order.

In the appeal form, Ms. Chang alleged that she obtained building permit number

Affidavit, Don J. Masoero
Page 4 of 5

B472074 on April 28, 2006 (sic), and that the permit was valid. Ms. Chang further

alleged that she was informed that the permit had not expired because the work had been

ongoing.

9. On April 28, 2007, I met with Ms. Chang to review her stop work order

appeal. After listening to the owner's justifications, it was my determination that the

permit had been abandoned, and therefore invalid under 12 DCMR § 105.5. My

decision was based partly because of the owner's failure to provide any evidence that she

requested an extension to the permit pursuant to 12 DCMR, § 105.5.1. In addition, the

owner failed to provide any evidence that supported her allegation of continuous work

from April 28, 2005, through March 19, 2008. Furthermore, Rapids, a DCRA database

utilized by the Inspections and Compliance Administration to document inspections and

requests for inspections revealed that during the past two years no inspections had been

called for to verify that work was being performed in accordance to the law. Specifically,

Rapids revealed that the last inspection on this property occurred on December 1, 2005.

No inspections occurred from December 1, 2005 to March 19, 2008. *See attached.*

10. During the meeting, Ms. Chang informed me that she asked two general

contractors about the DCRA regulation for the expiration/abandonment of permits. Ms.

Chang further explained that she was informed that all she needed to do was to perform

continuous work. Ms. Chang specifically informed me that she was not advised as to the

requirement of requesting an extension to the permit in accordance to 12 DCMR, §

105.5.1, or for calling for inspections in accordance to 12 DCMR, § 109.5.

During the meeting, Ms. Chang did present several documents provided to her by the

DCRA's Homeowner's Center. During the meeting, I explained to Ms. Chang that it is

Affidavit, Don J. Masoero
Page 5 of 5

the homeowner's duty to find out what is mandated by the regulations and showed her

the wording in the regulations which supported the Department's position that she had

abandoned the work pursuant to 12 DCMR, §105.5. Furthermore, I explained to her that

I only had authority over the Stop Work Order and I dismissed three of the charges. I

explained to Ms. Chang that the only outstanding charge was Construction without a

permit. I further explained the three ways to answer the Notice of Infraction and that I

did not have the authority to reduce fines. Ms. Chang chose to deny the infraction.

     I make this foregoing affidavit, consisting of five numbered pages and 10

numbered paragraphs, on the basis of my personal knowledge.


Don J. Masoero
Chief Building Inspector
Inspections and Compliance Administration

District of Columbia, ss:

     Signed and affirmed before me this _18th_ day of June, 2008, by Don J. Masoero.


NOTARY PUBLIC, D.C.

My Commission expires: _January 31, 2009_