UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEANNA J. CHANG,                          :
                                          :
            Plaintiff,                    :
      v.                                  :        Civ. A. No.:  08-cv-00871 (PLF)
                                          :
DISTRICT OF COLUMBIA                       :
DEPARTMENT OF CONSUMER AND    :
REGULATORY AFFAIRS, *et al.*               :
                                          :
            Defendants.                   :
                                          :

AFFIDAVIT OF DEANNA J. CHANG

1.  I have owned the property located at 1315 Irving St., NW, Washington, DC 20010 since
    December 2003, when I purchased it from the Boys and Girls Club of DC.

2.  When purchased, it was obvious that the house would need fairly extensive renovations
    to restore it to use as a single-family residence.

3.  After purchasing the house in December 2003, I hired an architect, Kendall Dorman at
    Wiebenson and Dorman Architects, to prepare plans for the interior renovation of the
    house and obtain the appropriate building permits for work to commence.

4.  After numerous delays, DCRA finally approved the plans for the upstairs three floors on
    April 27, 2005, more than nine months after submittal.

5.  Upon approval of the plans, I paid $ 1360.00  for Building Permit Number B472074,
    which was issued on April 28, 2005.  This is the Building Permit that is at issue in the
    instant matter.  A true and correct copy of that Permit is attached hereto as Exhibit 1.

# RECEIVED

JUN **2 3** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6. Work commenced on the upstairs portion of the house promptly after issuance of the Building Permit in April 2005.

7. As required by DC regulations, a separate electrical permit was obtained on June 8, 2005. A true and correct copy of electrical permit number EL 98941 is attached hereto as Exhibit 2.

8. As required by DC regulations, a separate plumbing permit for the work was obtained on June 29, 2005. A true and correct copy of plumbing permit number PLBG 100336 is attached hereto as Exhibit 3.

9. The electrical and plumbing permits have expiration dates clearly printed on the face of the permit. See Exhs. 2 and 3.

10. The electrical work on the third floor was approved on December 1, 2005. The plumbing work on the third floor was approved on November 7, 2005. True and correct copies of the inspection approval notices are attached hereto as Exhibits 4 and 5, respectively.

11. From the time of the last inspection on December 1, 2005, work continued on the house, but my understanding is that additional inspections are not yet ready to be performed. Work included, but is not limited to, construction of a roof deck, installation of three skylights, installation of hard wood floors, replacing a furnace and hot water heater, removing and replacing large sections of drywall. During this time, work was also required on the walkway in the back of the house to stop water from entering the house. This consisted of removing and re-pouring the entire concrete walkway, and re-pointing approximately 300 square feet of exterior brick.

12. Receipts for work on the house were retained. Generally those receipts were entered into an Excel spreadsheet so that expenditures on the house could be tracked for tax purposes as well as general budgeting.

13. In late 2007/early 2008, I was ready to begin work on the first floor of the house. I began getting quotes from contractors for the work, and ultimately chose Verges Construction. I chose them based on the fact that they had done work on another house that I own and I was very pleased with the quality of their work, their price quote, and the length of time they estimated the work could be completed.

14. Verges Construction was not available to start the job immediately, so I waited until they were free, in March 2008, for them to begin work. Mr. Verges estimated that work could be completed in approximately 4 weeks.

15. Demolition was underway on March 19, 2008, when Michael Pearson from DCRA conducted an inspection and issued the Stop Work Order ("SWO") at issue.

16. Work on the first floor ceased immediately upon issuance of the SWO, and has been suspended ever since.

17. On March 21, 2008, I went to DCRA's offices to determine how to address the alleged violations in the SWO. I had a copy of the SWO, my building permit, electrical and plumbing permits, the approved architectural plans and the inspection approval stickers with me at the time.

18. I was not certain what the infraction relating to failure to have a building permit consisted of, so I asked a DCRA employee in the Homeowner's Service Center. He looked at the SWO, my permits, the approved plans, and inspection approvals. He asked

3

me whether I had started work under the permit within a year, and whether work had

been stopped for a year once it began.

19. When I stated that work had started within a year and had not been stopped for a year

once started, he informed me that there was nothing wrong with my permit.

20. I then went across the hall to the permitting office. I explained my situation to an

employee there, and specifically asked whether I could renew my permit since I was

there. He stated that I could not renew it since it was valid.

21. I was told that I needed to speak with Tomeka Jones on the 9th floor of the building

regarding removal of the Stop Work Order.

22. I spoke with Ms. Jones the same day, March 21, 2008, and again explained my situation

and showed her my building permit. She indicated that the only way to get the SWO

removed was through the appeal process set forth on the SWO.

23. I considered paying the fines just so work could begin again, but Ms. Jones told me the

fines on the SWO totaled $5000, and that I would still need to go through Mr. Masoero to

get the SWO lifted.

24. In accordance with the appeal procedures for the SWO, I filled out a Notice of Appeal,

which Ms. Jones then scanned and emailed to Mr. Masoero's office.

25. Ms. Jones indicated that Mr. Masoero was in the building at the time, and I asked

whether it would be possible to speak with him then. Ms. Jones went away, presumably

to speak with Mr. Masoero, and returned to tell me that Mr. Masoero could not meet with

me that day, but that he stated that I should file my Notice of Appeal and bring evidence

of ongoing work with me when he was able to meet with me to discuss the Notice of

Appeal.

26. The Notice of Appeal was sent to Mr. Masoero's office on March 21, 2008. I left at least two voicemails at Mr. Masoero's office to verify they received the SWO and to schedule a meeting with Mr. Masoero. Those calls were not returned until March 25, 2008.

27. On March 25, 2008, I received a call from Candy Hall, an assistant to Mr. Masoero. She indicated at that time that they did not have any record of my SWO, and that Mr. Pearson, the inspector who issued the SWO, had not been back to the office since the SWO was issued. She stated that she could not schedule a meeting with Mr. Masoero until she had my file, and that she hoped to have it the following day. She then stated that she would call me when she received the file so that a meeting with Mr. Masoero could be set up.

28. I did not hear back from Ms. Hall or anyone else from DCRA until Friday, April 4, 2008, when I received a voicemail message from Ms. Hall indicating that Mr. Masoero would meet with me at 1 pm on Tuesday, April 8, 2008.

29. Because I had not heard back from Mr. Masoero's office within the three days set forth for his response to my Notice of Appeal, I filed a Notice of Appeal with Linda Argo, Director of DCRA, on March 27, 2008, as provided by the SWO.

30. I still have not had any response from Ms. Argo on my Notice of Appeal.

31. On Tuesday April 8, 2008, I met with Mr. Masoero at his office on the DC General campus. I brought to that meeting a copy of my building permit, a copy of the SWO and Notice of Appeal, the inspection approvals, copies of documents put out by DCRA either on the internet or in their office supporting my position, the approved building plans, and two large envelopes containing receipts for work performed during 2006 and 2007.

32. When I arrived at the meeting, my file could not immediately be located, and Mr. Masoero's assistant had to borrow the documents I brought to make copies.

33. Mr. Masoero agreed that the violations relating to failure to have a demolition permit and failure to post a demolition permit were not valid, as they were part of the building permit. In my presence, he called a person named "Lenny," and informed Lenny that the inspectors needed to be told not to write up separate violations for demolition permits, since it was not an independent requirement. Mr. Masoero told Lenny that he had seen a lot of those violations come through his office recently.

34. As for the violation relating to failure to have a building permit, Mr. Masoero indicated that I was working in violation of the Building Code because my permit had expired.

35. I showed Mr. Masoero the publications that I had obtained from DCRA's office and website, and also showed him the envelopes I had evidencing that work had been ongoing.

36. Mr. Masoero stated that permits expire after one year, and that it did not matter whether I had been doing work the whole time. Mr. Masoero stated that if my interpretation was correct, all a person had to do was purchase a can of paint every year in order to continue work under a building permit.

37. I indicated that it was clear I had been doing more than simply purchasing a can of paint every year, and offered to go through my receipts with him.

38. Mr. Masoero stated that regardless of whether work was ongoing, the building permit expired one year after issuance.

39. Mr. Masoero did not look at the receipts I offered as evidence of ongoing construction.

40. I explained to Mr. Masoero that publications put out by DCRA, DCRA employees, and licensed DC contractors had all told me that building permits do not expire unless work has not begun within one year of issuance of the permit or if work has been stopped for one year.

41. I also showed Mr. Masoero publications from DCRA which stated that permits expire when work has not commenced within a year after issuance or if work is suspended for a year.

42. Mr. Masoero stated that the publications put out by DCRA were wrong, that the employees at DCRA were wrong, that the DC-licensed contractors I asked were wrong, and that it was my responsibility to make sure I was performing work in compliance with the law.

43. Mr. Masoero told me that my building permit expired after one year unless I applied for an extension.

44. I asked Mr. Masoero to show me where in the DC Code or DC regulations I could find that permits expired after one year. He indicated that he could not show me the section because they had recently moved offices and he didn't know where his copy of the DCMR was.

45. Mr. Masoero removed all the violations except the one relating to failure to obtain a building permit.

46. Mr. Masoero informed me that my options were to admit the violation, pay a $2000 fine and renew my permit; admit the violation with explanation, pay the $2000 fine and renew my permit; or deny the infraction.

47.  I informed him that I had specifically asked at the permitting office whether I could renew my permit, and was told I could not because I already had a valid permit. Mr. Masoero responded again that the employee was wrong.

48.  I denied the infraction, at which point Mr. Masoero stated that he was glad I wasn't in any hurry to get this work done, since it could take months for the Notice of Infraction to work its way through the system.

49.  After arriving home from the meeting with Mr. Masoero, I looked up expiration of building permits in the DC regulations. I found D.C. Mun. Regs. tit. 12A § 105.5, which is entitled Expiration of Permit, as well as section 105.5.1, entitled Extension of Permit.

50.  I promptly emailed Mr. Masoero, Ms. Argo, and Councilmember Graham the text of both of those regulations, as well as an explanation of what had just occurred in my meeting with Mr. Masoero. A true and correct copy of that email is attached hereto as Exhibit 6.

51.  I did not receive a response to that email from either Mr. Masoero or Ms. Argo, but Mr. Masoero did reply to an email request made by Councilmember Graham on April 10, 2008, who forwarded the response to me. A true and correct copy of that email chain is attached as Exhibit 7.

52.  I immediately responded to Mr. Masoero's email and again set forth the pertinent regulations as well as responded to statements made by Mr. Masoero that were not accurate. A true and correct copy of that email is attached as Exhibit 8.

53.  At no point during the meeting with Mr. Masoero, or in his subsequent email, did Mr. Masoero indicate that he based his denial of my appeal on the fact that I abandoned work under the permit.

54. Mr. Masoero continually reiterated that my permit expired after one year, regardless of whether work was ongoing, and regardless of what DCRA publications or employees said.

55. At no point during the meeting with Mr. Masoero did I admit that my permit expired after one year.

56. I am not aware of any rescheduling of the April 8, 2008 meeting with Mr. Masoero. I was never informed of any date or time for the meeting other than 1 pm on April 8, 2008.

57. I am aware of no publications put out by DCRA that indicate that a permit expires after one year, nor were any shown to me by Mr. Masoero.

58. I did not, at any point during the meeting with Mr. Masoero, indicate that I was not aware of the need to call for inspections of permitted work.


I, Deanna J. Chang, declare under penalty of perjury that the foregoing is true and correct.


Dated: June 23, 2008

DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
BUILDING AND LAND REGULATION ADMINISTRATION   GOVERNMENT

★★★ GOVERNMENT
OF THE DISTRICT
OF COLUMBIA
Form BLRA-15
(Rev. 9/30/91)

**BUILDING PERMIT**

Regt. J  04/28/05
Receipt# 164797  Amount $**1,360.00

**PERMIT NO. B4-2074**

(Type)

**ALTERATION AND REPAIR**  BUILD STRUCTURE & EQUI

Date  4/28/05

Lot  805  Square  2848

Address of work  1315 IRVING STREET N.W.

TOTAL PERMIT FEE  $

Permission is hereby granted to

FILING FEE  $

DEANNA CHANG the work described herein at the
address shown above in strict accordance with the conditions
stated on BOTH sides of this permit.
Authorized work and conditions of performance thereof.

(Owner)
NO.

DATE

FEE PAYABLE  $  1360.00

FOR INSPECTIONS CALL 727-7562  442-4641

CONVERT YOUTH RESIDENTIAL CARE HOME INTO A 2-UNIT FLAT.
INTERIOR RENOVATION AS PER PLANS.  UPDATE INTERIOR OF AN IN-LAW SUITE
IN THREE STORY HOUSE. / NO ADDITIONS TO EXTERIOR.
SEPARATE ELECTRICAL, PLUMBING AND MECHANICAL INSTALLATION PERMITS ARE REQUIRED.

Builder

Value $

No. of Bldgs.

Width of Bldgs.   Length        Height              No. of Stories  3 W/B.

Zone

To be occupied as       FLAT

Height of terrace above grade  WARD:

Projections:

Chief, Permit Issuance Branch

Address of owner  1315 IRVING ST. NW.

Deposit No.              Amount $

DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS

Permit Clerk

**PATRICK CANAVAN ACTING DIRECTOR**

E. KING

DIRECTOR

CONDITIONS: As a condition precedent to the issuance of this permit, the owner agrees to conform with all conditions set forth herein, and to perform the work authorized hereby in accordance with the approved application and plans on file with the District Government and in accordance with all applicable laws and regulations of the District of Columbia. The District of Columbia has the right to enter upon the property and to inspect all the work authorized by this permit, and to require any change in construction which may be necessary to insure compliance with the permit and with all applicable regulations of the District of Columbia. Work authorized under this Permit must start within one (1) year of the date appearing on the reverse side of this permit or this permit is automatically void. If work is not started, any application for partial refund must be made within six months of the date appearing on the reverse side of this permit.

THIS PERMIT MUST ALWAYS BE CONSPICUOUSLY DISPLAYED AT ADDRESS OF WORK UNTIL WORK IS COMPLETED.

NOTIFY THE BUILDING INSPECTOR THE DAY THE WORK STARTS. PHONE: 727-7562  614 H. St. N.W.

A separate permit is required for all Plumbing, Refrigeration, Gas Fitting, and Electrical Work.

Department of Consumer and Regulatory Affairs
Building and Land Regulation Adminstration
941 North Capitol Street N.E. room 2100
Washington D.C. 20002
Tel. (202) 442 - 4470      Fax (202) 442 - 4862

Government
of the District
of Columbia
BLRA 94A

# E

**PERMIT NO.**

**EL 98941**

# ELECTRICAL PERMIT

THIS PERMIT IS VALID ONLY FOR THE PREMISES
OF THE PROJECT ADDRESS

**BLDG PMT. B472074**

**DATE : 6/8/2005**

| ADDRESS OF PROJECT: | PRCLID : |
|---|---|
| | (square)   (lot) |
| **1315  IRVING  ST  NW** | WARD:          ZONE : |

| OWNER'S NAME | OWNER'S ADDRESS: | OWNER'S TELEPHONE NO. |
|---|---|---|
| **DEANNA CHANG** | | |

| CONTRACTOR'S NAME : | CONTRACTOR'S ADDRESS : | CONTRACTOR'S PHONE NO. |
|---|---|---|
| | **7702 GEORGIAN DRIVE** | **BUS.    (301)324-2308 x** |
| **LEON ELECTRICAL CONSTRUCTION** | **UPPER MARLBORO** | |
| | **MD        Zip :  20772-** | **FAX.** |

| MASTER ELECTRICIAN : | LICENSE # | PHONE NO. |
|---|---|---|
| **WILBERT C.  WHITE** | **000000700** | |

| | NEW | [X] REMODEL | REPLACEMENT | REPAIR | DESCRIPTION OF WORK: |

CURRENT USE:
**R3 ONE & TWO FAMILY DWELLINGS**

PROPOSED USE:
**R3 ONE & TWO FAMILY DWELLINGS**

FLOOR NUMBERS:

**FEE :**
**$124.00**

| 30 | OUTLETS | |
| 30 | LIGHTS | 0 |
| 1 | GARBAGE DISPOSAL | |
| 1 | DISH WASHER | |

This permit authorizes the contractor to perform the work described herein at the address shown above, under the conditions stated on  this permit. THIS PERMIT MUST ALWAYS
BE CONSPICUOUSLY DISPLAYED AT THE ADDRESS OF WORK UNTIL WORK IS COMPLETED. For all electrical inspections, call 202-442-4843 or fax your request to 202-442-4862.

| David A. Clark | PERMIT CLERK: | EXPIRATION DATE: |
|---|---|---|
| **DIRECTOR** | **D. MINOR** | **Jun - 8 - 2006** |

Department of Consumer and Regulatory Affairs
Building and Land Regulation Adminstration
941 North Capitol Street N.E. room 2100
Washington D.C. 20002
Tel. (202) 442 - 4470      Fax (202) 442 - 4862

Government
of the District
of Columbia
BLRA 91

# P

**PLBG 100336**

# PLUMBING PERMIT

THIS PERMIT IS VALID ONLY FOR THE PREMISES
OF THE PROJECT ADDRESS

**BLDG PMT. b472074**

**DATE : 6/29/2005**

| ADDRESS OF PROJECT: | PRCLID : (square) | (lot) |
|---|---|---|
| **1315  IRVING ST  NW** | WARD: | ZONE : |

| OWNER'S NAME: | OWNER'S ADDRESS: | OWNER'S TELEPHONE NO. |
|---|---|---|
| **DEANNA CHANG** | | |

| CONTRACTOR'S NAME : | CONTRACTOR'S ADDRESS : | CONTRACTOR'S PHONE NO. |
|---|---|---|
| | **442 LONGFELLOW DST. N.W.** | **BUS.   (202)291-6650 x** |
| | **WASHINGHTON** | |
| **JEROME PLBG & HTG.** | **DC** | **FAX.** |

| MASTER PLUMBER : | LICENSE # |
|---|---|
| **JOHN JEROME** | **0000001320** |

| | | | |
|---|---|---|---|
| **4** | **BATH TUBS** | | |
| **1** | **SHOWERS** | | |
| **4** | **WATER CLOSETS** | | |
| **1** | **WASHER BOX** | **2** | **WATER HEATERS** |
| **1** | **SINKS** | | |
| **4** | **BASINS** | **1** | **GAS RANGE** |
| **1** | **GARBAGE DISPOSAL** | | |
| | | **2** | **GAS FURNACE** |

DESCRIPTION OF WORK :

**FEE :**

**$424.00**

| PROPOSED USE: | TYPE OF WORK : |
|---|---|
| **R3 ONE & TWO FAMILY DWELLINGS** | **REMODEL** |

This permit authorizes the contractor to perform the work described herein at the address shown above, under the conditions stated on this permit. THIS PERMIT MUST ALWAYS BE CONSPICUOUSLY DISPLAYED AT THE ADDRESS OF WORK UNTIL WORK IS COMPLETED. For all plumbing inspections, call 202-442-4642 or fax your request to 202-442-4863.

| David A. Clark **DIRECTOR** | PERMIT CLERK: **LUCRETIA BARKSDALE** | EXPIRATION DATE: **Jun - 29 - 2006** |
|---|---|---|

 **GOVERNMENT OF THE DISTRICT OF COLUMBIA**
BLRA-56
(Rev. 10/87)

## DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
### BUILDING AND LAND REGULATION ADMINISTRATION
### BUILDING INSPECTION DIVISION

# APPROVED

**Address:** _1315 Irving St NW_

**Type of Inspection:** _3rd floor Close-In_

☐ **Construction Branch**
442–4641

☑ **Electrical Branch**
442–4550

☐ **Plumbing Branch**
442–4584

☐ **Elevator Branch**
442–4634

☐ **Boiler Branch**
442–4643

_12-1-05_

**Time**          **Date**          **Official**



DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
BUILDING AND LAND REGULATION ADMINISTRATION
BUILDING INSPECTION DIVISION

# APPROVED

ADDRESS: _#1315 Irving St. NW._

TYPE OF INSPECTION: _Close-In - Top Floor_
_Kit & Bath_

☐ CONSTRUCTION
(202) 442-4651

☐ ELECTRICAL
(202) 442-4643

☒ PLUMBING
(202) 442-4642

☐ ELEVATOR
(202) 442-4634

TIME _A/M_    DATE _11-07-05_    OFFICIAL _Harold Shannon_

**From:** djc [mailto:morleymash@yahoo.com]
**Sent:** Tuesday, April 08, 2008 4:18 PM
**To:** linda.argo@dc.gov; don.maseoro@dc.gov; grahamwone@gmail.com
**Subject:** Stop Work Order at 1315 Irving St. NW

This email is in reference to a Stop Work Order I received at 1315 Irving ST. NW on March 19, 2008. I have contacted all of you in regard to the problem, as I was cited for failure to comply with various DC Code Requirements, none of which I believe apply.

I met with Mr. Maseoro this afternoon, and he agreed that three of the four violations for which I was cited were not proper. He and I disagreed, however, on whether or not I had a valid Building Permit. My permit was issued in 2005, and I have been working continually on the house since that time. Mr. Maseoro informed me, however, that permits were only valid for 1 year, and that a homeowner is required to apply for 6 month extensions after that time, and that a maximum of 2 extensions could be granted. As a result, according to Mr. Maseoro, I did not have a building permit because it was more than 1 year after the date of issuance and i had not requested extensions.

I explained to Mr. Maseoro that none of the publications put out by DCRA indicatedthat was the case, but instead refer only to permits expiring if work has not commenced within one year of issuance of the permit or if work had ceased for more than one year. Moreover, employees at DCRA told me my permits were valid, and in fact, told me I could NOT renew them because they were valid. Mr. Maseoro continued to tell me that the DCMR provided otherwise. Upon my arrival back home, I found the relevant DCMR section relating to expiration of building permits, which clearly states that a permit expires only if work is not commenced within one year of issuance of the permit or if work is suspended or abandoned for one year. DCMR 105.5 is excerpted below.

Construction has been ongoing in my house since issuance of the permit, and I had ample evidence of such to show Mr. Maseoro. Because the DCMR is clearly inconsistent with the position taken by Mr. Maseoro, and I have complied with the provisions of the Code, I respectfully request that all infractions relating to the Stop Work Order be dismissed immediately, and that authorization to remove the Stop Work Order be granted.

Sincerely,
Deanna Chang
202.486.3221 (h)
202.514.4185 (o)


**105.5 Expiration of Permit.** Any permit issued shall become invalid if the authorized work is not begun within one year after the permit is issued, or if the authorized work is suspended or abandoned for a period of one year, after the date work is begun.

**105.5.1 Extension of Permit.** Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more that three extensions of time will be granted to any permit.

**105.5.2 Lapsed Permits.** Permits issued under the Construction Codes shall not be extendable if permitted to expire.

**105.5.3 Non-Transferrable Supplemental Permits.** A new supplemental installation permit should be obtained pursuant to Section 105.1.13 for any authorized work begun by one contractor and continued by another contractor.

# YAHOO! MAIL
Classic

Print - Close Window

| | |
|---|---|
| **From:** | "Jim Graham" <Jim@grahamwone.com> |
| **To:** | "Masoero, Don (DCRA)" <Don.Masoero@dc.gov> |
| **CC:** | "Argo, Linda (DCRA)" <Linda.Argo@dc.gov>, "Douglas, Lennox (DCRA)" <Lennox.Douglas@dc.gov>, "Jemal, Edries (DCRA)" <Edries.Jemal@dc.gov>, "morleymash@yahoo.com" <morleymash@yahoo.com> |
| **Date:** | Mon, 14 Apr 2008 06:04:08 -0700 |
| **Subject:** | RE: Stop Work Order at 1315 Irving St. NW |

Thanks I am passing thsi along. Bests

*I typically answer emails before 9 AM on weekdays. If you email me after that, it is likely that you will hear from me the next weekday. If there is a need to communicate prior to that, you may wish to call me.*

*Jim Graham, Councilmember, Ward One, 1350 Pa. Ave., NW, #105, Washington, DC 20004. 202-724-8181; 202-724-8109 (fax).*

*Chairman, Committee on Public Works and the Environment (including alcohol regulation). Main Committee Number: 202-724-8195. 1350 Pa. Ave., NW, #116, Washington, DC 20004.*

*Voting member, Board of Directors, WMATA/Metro.*

*Website: www.grahamwone.com*

---

**From:** Masoero, Don (DCRA) [mailto:Don.Masoero@dc.gov]
**Sent:** Thursday, April 10, 2008 10:38 AM
**To:** Jim Graham
**Cc:** Argo, Linda (DCRA); Douglas, Lennox (DCRA); Jemal, Edries (DCRA)
**Subject:** RE: Stop Work Order at 1315 Irving St. NW

Councilman Graham.

The bottom line is that a building permit does not have an unlimited life. Section 105.5.1 of the DCMR states, "Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more then three extensions will be granted to any permit."

Her permit was issued on April 28, 2005. In accordance with Section 105.5.1 the first extension period would have been April 28, 2006, the first 6 month extension would have been October 28, 2006, the second 6 month extension would have been April 28, 2007 and the third extension would have been October 28, 2007.

As a matter of practice DCRA has accepted a field inspection in lieu of "Upon written request." to verify that work is continuing within the scope of a given permit. This last inspection that Ms. Chang requested was performed by DCRA on 12/1/2205.

During the appeal to me, Ms.Chang made the point that she has performed work continually, since 2005 but did not call for inspections nor did she request an extension. She admitted this and had no issue with these facts. As I understood her frustration, she could not find in any of the paper work that DCRA provides for customer

service where all of this was stated. In fact it is not. Only that the permit is good for one year. In bringing this to Director Argo's attention, she directed Mr. Lenny Douglas to change our web site and all customer service handouts to reflect this.

I asked Ms. Chang if she knew that a permit is only good for one year, then why is she still working on that permit? Her explanation was the she asked several contractors and they told here that as long as she was working on the permit, it would not expire. I told her, that was unfortunate but due to the fact that she was acting as her own contractor it was here obligation to verify with DCRA, rather then believe a contractor. She then countered that the day of the hearing the DCRA permit center told her that her permit was not expired.

This is all hear say to me. But during my 30 years of supervising building departments and permit centers, what I think happened is she asked a technician a question in a manner that would induce a wrong response. I am only guessing, but the current hand outs clearly state that a building permit is only good for one year. Knowing that, and she admitted to that, why did she work beyond the year?

She denied the Notice of Infraction and it is now in the hands of the Office of Administrative Hearings. She will have her day in court and the judge will do what ever the judge does.

On the matter of the length of time that it took for me to hear the appeal there where three reschedules of the hearing. I am researching if the reschedules where requested by her or by us or maybe both. In any event we were legally timely. Again, she can make here case with the judge and he will rule on it.

If you have any further questions, I am available for you.

Don Masoero, CBO
Chief Building Inspector, DCRA/ICA
25 M Street, S.W., 3rd Floor
Washington, D.C. 20024
535-1862 Fax 535-1830

---

**From:** Jim Graham [mailto:Jim@grahamwone.com]
**Sent:** Thursday, April 10, 2008 6:35 AM
**To:** Masoero, Don (DCRA)
**Cc:** Argo, Linda (DCRA); John DeTaeye (jdetaeye@dccouncil.us); Yuckenberg , Jason (COUNCIL); morleymash@yahoo.com
**Subject:** FW: Stop Work Order at 1315 Irving St. NW

Mr. Masoero: Please explain thsi for us. Thanks. Councilmember Jim Graham

*I typically answer emails before 9 AM on weekdays. If you email me after that, it is likely that you will hear from me the next weekday. If there is a need to communicate prior to that, you may wish to call me.*

*Jim Graham, Councilmember, Ward One, 1350 Pa. Ave., NW, #105 , Washington , DC 20004 . 202-724-8181; 202-724-8109 (fax).*

*Chairman, Committee on Public Works and the Environment (including alcohol regulation). Main Committee Number: 202-724-8195. 1350 Pa. Ave., NW, #116 , Washington , DC 20004 .*

*Voting member, Board of Directors, WMATA/Metro.*

*Website: www.grahamwone.com*

**From:** DeTaeye, John (COUNCIL) [mailto:JDeTaeye@DCCOUNCIL.US]
**Sent:** Thursday, April 10, 2008 5:06 AM
**To:** Jim Graham
**Cc:** Yuckenberg , Jason (COUNCIL)
**Subject:** FW: Stop Work Order at 1315 Irving St. NW

Councilmember,

Ms. Chang called yesterday afternoon asking for help on this. Mr. Maseoro is telling the constituent her building permits need to be renewed but when she goes to DCRA to renew them, she is being told they are valid.

**From:** Chang, Deanna (ENRD) [mailto:Deanna.Chang@usdoj.gov]
**Sent:** Wed 4/9/2008 6:15 PM
**To:** DeTaeye, John (COUNCIL); jim@grahamwone.com
**Subject:** FW: Stop Work Order at 1315 Irving St. NW

John,

Thank you again for taking time to discuss this matter with me. Below is the email that I sent Mr. Maseoro, Director Argo, and Councilmember Graham yesterday. As you and I just discussed, this Stop Work Order was issued three weeks ago. I have been trying since that time to get this issue resolved since I had pulled permits to do the work and did not understand the basis for the Stop Work Order. I promptly went to DCRA to determine what was wrong with my building permit. I was told at that time it was valid. I specifically asked if they had expired, since they were issued in 2005, and was told permits do not expire unless there has been no work in a year of issuance of the permit or if work has been suspended for a year or more. Nonetheless, I asked whether I could renew them anyway, and was told that they cannot be renewed because they are valid. This was information given to me by DCRA employees.

I filed a Notice of Appeal on 3/21 with Mr. Maseoro's office. After not hearing from his office, I filed a Notice of Appeal with Director Argo's office. I have called Dir. Argo's office several times to schedule an appointment, but have not received any return calls. I have also sent her a couple of emails regarding this issue, and Councilmember Graham was also kind enough to forward an email to her on my behalf. There has been no response to the emails either.

I was finally scheduled to meet with Mr. Maseoro yesterday, 20 days after the Stop Work Order was issued (and 17 days past the 3 days he had to respond to the Notice of Appeal). As detailed below, Mr. Maseoro took the position that I did not have a building permit because it was expired, and was therefore in violation of DCMR 105.1 and subject to a $2000 fine. When I explained to him that the permit office would not allow me to renew my permit, and showed him various materials put out by DCRA indicating that permits expire only when construction has not commenced within a year of issuance, he informed me that all of that information was wrong, and that the DCMR clearly stated that permits must be renewed every 6 months for a maximum of 2 times, and I had no basis for believing that information given out by DCRA. As you will see from the excerpt of the DCMR in my email below, that is clearly not the case. (In fact, Mr. Maseoro seems to be confusing DCMR 105.5.1, which applies to extensions of permits when they are about to expire. Since work has been ongoing on my house since the building permit was issued in 2005, my permit has never been on the verge of expiration, thus an extension has not been warranted).

I am attaching to this email a package of information which I originally sent to Director Argo on March 27, as well as additional information from DCRA publications and its website relating to expiration of building permits with the relevant text highlighted. The position taken by Mr. Maseoro is inconsistent with the DCMR, with the

publications put out by DCRA, with the information given by other employees of DCRA, and set forth on the back of my building permit, and yet I cannot get the Stop Work Order removed without admitting to violating the Code and paying a $2000 fine.

I would greatly appreciate any assistance you can offer, since I cannot even get the Director of DCRA to return phone calls, emails, etc. I am already out a significant amount of money, as my contractors haven't been able to do any work for three weeks, not to mention the time I have taken off work to attempt to get this situation resolved. Thank you again, and I hope to hear from you soon.

Sincerely,
Deanna Chang

---

**From:** djc [mailto:morleymash@yahoo.com]
**Sent:** Tuesday, April 08, 2008 4:18 PM
**To:** linda.argo@dc.gov; don.maseoro@dc.gov; grahamwone@gmail.com
**Subject:** Stop Work Order at 1315 Irving St. NW

**This email is in reference to a Stop Work Order I received at 1315 Irving ST. NW on March 19, 2008. I have contacted all of you in regard to the problem, as I was cited for failure to comply with various DC Code Requirements, none of which I believe apply.**

**I met with Mr. Maseoro this afternoon, and he agreed that three of the four violations for which I was cited were not proper. He and I disagreed, however, on whether or not I had a valid Building Permit. My permit was issued in 2005, and I have been working continually on the house since that time. Mr. Maseoro informed me, however, that permits were only valid for 1 year, and that a homeowner is required to apply for 6 month extensions after that time, and that a maximum of 2 extensions could be granted. As a result, according to Mr. Maseoro, I did not have a building permit because it was more than 1 year after the date of issuance and i had not requested extensions.**

**I explained to Mr. Maseoro that none of the publications put out by DCRA indicatedthat was the case, but instead refer only to permits expiring if work has not commenced within one year of issuance of the permit or if work had ceased for more than one year. Moreover, employees at DCRA told me my permits were valid, and in fact, told me I could NOT renew them because they were valid. Mr. Maseoro continued to tell me that the DCMR provided otherwise. Upon my arrival back home, I found the relevant DCMR section relating to expiration of building permits, which clearly states that a permit expires only if work is not commenced within one year of issuance of the permit or if work is suspended or abandoned for one year. DCMR 105.5 is excerpted below.**

**Construction has been ongoing in my house since issuance of the permit, and I had ample evidence of such to show Mr. Maseoro. Because the DCMR is clearly inconsistent with the position taken by Mr. Maseoro, and I have complied with the provisions of the Code, I respectfully request that all infractions relating to the Stop Work Order be dismissed immediately, and that authorization to remove the Stop Work Order be granted.**

**Sincerely,**
**Deanna Chang**
**202.486.3221 (h)**

Yahoo! Mail - morleymach@yahoo.com    Page 5 of 5

Case 1:08-cv-00871-PLF    Document 15-8    Filed 06/23/2008    Page 5 of 5

202.514.4185 (o)

**105.5 Expiration of Permit.** Any permit issued shall become invalid if the authorized work is not begun within one year after the permit is issued, or if the authorized work is suspended or abandoned for a period of one year, after the date work is begun.

**105.5.1 Extension of Permit.** Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more that three extensions of time will be granted to any permit.

**105.5.2 Lapsed Permits.** Permits issued under the Construction Codes shall not be extendable if permitted to expire.

**105.5.3 Non-Transferrable Supplemental Permits.** A new supplemental installation permit should be obtained pursuant to Section 105.1.13 for any authorized work begun by one contractor and continued by another contractor.

---

You rock. That's why Blockbuster's offering you one month of Blockbuster Total Access, No Cost.

Date:        Mon, 14 Apr 2008 06:49:18 -0700 (PDT)

From:        "djc" <morleymash@yahoo.com>

Subject:     RE: Stop Work Order at 1315 Irving St. NW

To:          "Jim Graham" <Jim@grahamwone.com>, "Masoero, Don (DCRA)"
             <Don.Masoero@dc.gov>

CC:          "Argo, Linda (DCRA)" <Linda.Argo@dc.gov>, "Douglas, Lennox (DCRA)"
             <Lennox.Douglas@dc.gov>, "Jemal, Edries (DCRA)" <Edries.Jemal@dc.gov>,
             "morleymash@yahoo.com" <morleymash@yahoo.com>

1. The DCMR section to which Mr. Masoero cites applies to permits that are about to expire. It does not address the longevity of a permit. The applicable section provides as follows:

**105.5 Expiration of Permit.** Any permit issued shall become invalid if the authorized work is not begun within one year after the permit is issued, or if the authorized work is suspended or abandoned for a period of one year, after the date work is begun.

**105.5.1 Extension of Permit.** Upon written request submitted by the applicant before a permit expires or lapses, the code official is authorized to grant extensions of time not to exceed six (6) months per extension. Not more that three extensions of time will be granted to any permit.

**105.5.2 Lapsed Permits.** Permits issued under the Construction Codes shall not be be extendable if permitted to expire.

**105.5.3 Non-Transferrable Supplemental Permits.** A new supplemental installation permit should be obtained pursuant to Section 105.1.13 for any authorized work begun by one contractor and continued by another contractor.

Because work was continuous, according to DC regs, 105.5.1, upon which Mr. Masoero relies, does not apply.

2. The current publications do NOT indicate that permits expire after one year. The point that I made to Mr. Masoero was that all information provided by DCRA, including the permit itself, various written publications, and its own employees, indicated NOT that the permit expired after one year, but that a permit expired if work did not COMMENCE or was suspended for one year. I have provided all of that information as attachments to my email last week, and I showed it to Mr. Masoero at our meeting. I also showed him my permit, which states, "Work authorized under this Permit must start within one (1) year of the date appearing on the reverse side of the permit or this permit is automatically void." This is the same information that numerous publications put out by DCRA provides, all of which were shown to Mr. Masoero.

3. There was no rescheduling of the hearing that I was made aware of. I had a phone call from Mr. Masoero's office on March 25 indicating that they did not have any information regarding my case. I did not hear from them again until Friday April 4, at which time I was informed that Mr. Masoero would meet with me the next Tuesday at 1. I rearranged my schedule to make that time work. In any event, the response was not legally timely as Mr. Masoero asserts, as the Stop Work Order clearly states that if the Notice of Appeal is not acted upon within 3 working days, I may then appeal to the Director's Office.

A clear reading of the Code, in addition to all the materials put out by DCRA and my permit show that Mr. Masoero's reading is wrong. He relies upon the wrong section of the DCMR, and also

misrepresents my position. I never once agreed that my permit expired after a year.

Mayor Fenty's office has been advised of this issue. Copies of the letter, which will be delivered to his office today, have been sent to most of you as well. In addition, I will be providing the requisite notice to DC's Office of Risk Management, that I intend to sue the City and seek a Temporary Restraining Order and/or Preliminary Injunction barring enforcement of the Stop Work Order. I will also be seeking damages and attorney's fees.

## CERTIFICATE OF SERVICE

I, Deanna J. Chang, do hereby certify that on this date I served the foregoing "Affidavit

of Deanna J. Chang" by email and First Class Mail on:

Chad Copeland
Assistant Attorney General
441 Fourth Street, NW
Suite 600 South
Washington, DC 20001
chad.copeland@dc.gov

6/23/08