**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEANNA J. CHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-00871 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| DEPARTMENT OF CONSUMER | ) | |
| AND REGULATORY AFFAIRS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 56(b), Defendants District of Columbia

Department of Consumer and Regulatory Affairs ("DCRA"), Mayor Adrian M. Fenty,

Linda K. Argo, and Don Masoero ("Defendants") hereby file this Motion to Dismiss or,

in the Alternative, Motion for Summary Judgment.  In support thereof, Defendants state:

1.    Plaintiff does not plead a viable cause of action for denial of procedural

due process.

2.    Plaintiff does not plead a viable cause of action for denial of substantive

due process.

3.     Section 6-1405.01(a) of the D.C. Code does not confer a private cause of

action on Plaintiff.

4.    Linda K. Argo and Don Masoero, sued in both their official and individual

capacities, enjoy qualified immunity for the claims asserted against them.

5.      In the absence of any viable federal claim, this Court should decline to

exercise supplemental jurisdiction and dismiss any remaining District law

claims.

WHEREFORE, Defendants respectfully request this Honorable Court to dismiss the

complaint for the reasons stated in the accompanying memorandum in support of

Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.  A

statement of uncontested material facts and a proposed order are attached.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I

/s/ Chad Copeland
CHAD COPELAND[1]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001
(202) 724-6623 (telephone)
(202) 727-0431 (fax)
chad.copeland@dc.gov

---

[1]      DC Bar Application pending.  Member of Texas Bar in good standing.  Authorized by the Office
of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the
United States District Court for the District of Columbia Local Rules 83.2(d) and 83.2(e).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of July, 2008, I caused **DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT** to be served on Plaintiff via email at the following email
address:

morleymash@yahoo.com

Additionally, I hereby certify that on the 3rd day of July, 2008, I caused
**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION
FOR SUMMARY JUDGMENT** to be served on Plaintiff via email at the following
email address:

DEANNA J. CHANG
1315 Irving St. NW
Washington, DC  20010

By:    <u>/s/ Chad Copeland/s/</u>
CHAD COPELAND
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEANNA J. CHANG,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        Civil Action No. 08-cv-00871 (PLF)
                                   )
DISTRICT OF COLUMBIA               )
DEPARTMENT OF CONSUMER             )
AND REGULATORY AFFAIRS, *et al.*,  )
                                   )
            Defendants.            )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants District of Columbia Department of Consumer and Reulgatory Affairs

("DCRA"), Mayor Adrian M. Fenty, Linda K. Argo, and Don Masoero ("Defendants")

move to dismiss Plaintiff's complaint, and this memorandum of points and authorities is

provided in support of Defendants' motion.  The Court should grant the requested relief

because Plaintiff's claims are substantively meritless.

I.      **BACKGROUND**

On April 28, 2005, Plaintiff acquired Building Permit Number B472074 to

conduct renovations on the structure at 1315 Irving Street NW, Washington, D.C.

Complaint at ¶ 10.  The permit authorized her to renovate a rooming house for troubled

teenagers into a single-family dwelling.  *Id.*  In conjunction with the permitting process,

DCRA conducted inspections of Plaintiff's premises throughout 2005, the final one

occurring on December 1, 2005; no other inspections occurred prior to the events giving

rise to this lawsuit.  *See* Exhibit 1, Affidavit of Don J. Masoero, at ¶ 9.

On March 19, 2008, pursuant to a citizen complaint, DCRA Inspectors Michael Pearson and Allan Thompson inspected 1315 Irving Street NW.  *See* Exhibit 2, Affidavit of Michael Pearson, at ¶ 3.  No permits were posted on the premises for construction activity.  *Id*.  Inspectors Pearson and Thompson observed a significant amount of demolition work being conducted on the property consistent with a kitchen renovation.  *Id*., at ¶ 4.  Based on the fact that the owner had not posted permits or approval stickers on the property, and because DCRA records revealed that no inspections had been conducted for more than two years, Inspector Pearson issued four Notices of Infraction ("NOI's") and placed a Stop Work Order ("SWO") on the property.  *See* Exhibit 1, at ¶ 7; Exhibit 2, at ¶ 5.

On Friday, March 21, 2008, Plaintiff filed a Notice of Appeal of the NOI's and the SWO issued against her with DCRA Chief Inspector Don Masoero.  Complaint at ¶ 16.  On Tuesday, March 25, 2008, Mr. Masoero's assistant contacted Plaintiff and alerted her that, although Mr. Masoero had not yet received the information necessary to handle her appeal, he would be in contact once he did.  Complaint at ¶ 20.  On Thursday, March 27, Plaintiff filed a Notice of Appeal with DCRA Director Linda Argo.[2]  Complaint at ¶ 21.  On Friday, April 4, 2008, Mr. Masoero's assistant again contacted Plaintiff and scheduled her appeal for Tuesday, April 8, 2008.  Complaint at ¶ 23.

At the appeal, Plaintiff was provided an opportunity to explain the basis of her appeal and offer evidence.  *See* Exhibit 1, at ¶¶ 9-10.  After listening to Plaintiff's justifications, Mr. Masoero determined that the building permit had been abandoned and was, therefore, invalid under D.C. MUN. REGS. tit. 12A, § 105.5.  *Id*., at ¶ 9  The basis of

---

[2] Plaintiff's appeals to Defendants Masoero and Argo were pursuant to the process for appealing SWO's. *See*  D.C. MUN. REGS. tit. 12A, §112.1.2.

his decision was that the owner failed to provide any evidence that she requested an extension to the permit pursuant to D.C. MUN. REGS. tit. 12A, § 105.5.1.  *Id*.  In addition, Plaintiff failed to provide any evidence that supported her allegation of continuous work from April 28, 2005 through March 19, 2008.  *Id*.  Defendant Masoero was unable to confirm continuous work within DCRA, as the Rapids database (used by the Inspections and Compliance Administration to document inspections and request for inspections) indicated that there had been no inspection of Plaintiff's property since December 1, 2005.  *Id*.

The result of the appeal was that three of Plaintiff's NOI's were dismissed. Complaint at ¶ 24.  The outstanding charge was construction without a permit.  Because she chose to deny the charge and continue her appeal with the Office of Administrative Hearings ("OAH"), the SWO remained in effect.  *See* Exhibit 1., at ¶ 10; Complaint at ¶ 30.  OAH received notice of Plaintiff's charges on May 20, 2008.

On Wednesday, June 25, 2008, before consideration of the matter by OAH, Defendants provided Plaintiff with an email from Defendant Masoero directing the Stop Work Order at issue be lifted.  *See* Exhibit 3, Email Notice Lifting SWO.  The following day, DCRA moved to dismiss the pending matter associated with Plaintiff's Notice of Infraction No. I700924.  *See* Exhibit 4, Summary Motion for Dismissal of Charges.  The basis for the dismissal, as indicated on the Summary Motion for Dismissal for Charges, was that Building Permit B472074 is valid.  *Id*.

II.    **ARGUMENT AND AUTHORITIES**

A.    **Standards of Review**

A motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) should be granted where the complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief, … in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v Twombly,* 127 S. Ct. 1955, 1964 (2007) (internal citations omitted).  Although "detailed factual allegations" are not necessary to withstand a Rule 12 (b) (6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id.* at 1964-65; F.R.C.P 12(b)(6).  "[F]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)"  *Bell Atlantic,* 127 S. Ct. at 1965 (internal citations omitted).  The complaint must give notice of the "'general nature of the case and circumstances or events upon which it is based,' so the parties can prepared and the court can dispose of the case properly."  *Aktieselskabet AF 21 v. Fame Jeans, Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008), quoting Charles E. Clark, *Simplified Pleading*, 2 F.R.D. 456, 457, 460 (1943).

When deciding a Rule 12(b)(6) Motion to Dismiss, the Court "need not accept inferences drawn by Plaintiff . . . if such inferences are unsupported by the facts set out in the complaint."  *Kowal v. MCI Comm'ns Corp.,* 16 F. 3d 1271, 1276 (D.C. Cir. 1994). The Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial

notice, and matters of public record. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.,*
117 F. 3d 621, 624 (D.C. Cir. 1997).

If a court considers materials outside the pleadings in a ruling on a Rule 12(b)(6)
motion to dismiss for failure to state a claim, the court must convert the motion to dismiss
into a motion for summary judgment. FED. R. CIV. P. 12(b); *see also Haase v. Sessions*,
835 F.2d 902, 905–906 (D.C. Cir. 1987). To obtain summary judgment under Rule 56,
Defendants need only "identify those portions of 'the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, which [they]
believe demonstrate the absence of a genuine issue of material fact," and show
entitlement to a judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317,
323 (1986).

Plaintiff, as non-movant, may not rest on the pleadings and must produce, in
accordance with Federal Rule 56(e), "specific facts showing that there is a genuine issue
for trial." *Celotex*, 477 U.S. at 324. These facts must have "significant probative" force
"tending to support the complaint." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249
(1986). Moreover, when the plaintiff's theory is implausible or posits irrational conduct,
the plaintiff "must come forward with more persuasive evidence to support [its] claim
than would otherwise be necessary." *Matsushita Elec. Industrial Co. v. Zenith Radio
Corp.*, 475 U.S. 574, 587 (1986).

**B.    Defendants did not deprive Plaintiff of procedural due process.**

Generally, procedural due process requires the government to provide the
deprived party "notice and opportunity for hearing appropriate to the nature of the case."
*Jones v. Flowers*, 547 U.S. 220, 222 (2006), *quoting Mullane v. Central Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 313 (1950). Here, Plaintiff fails to properly present a claim for deprivation of procedural due process. She alleges that Defendants failed to provide her with an "opportunity for a meaningful hearing on the matter [resulting] in a denial of Plaintiff's constitutionally protected property rights." Complaint at ¶ 44. For purposes of this motion, Defendants concede that Plaintiff had a valid property interest in Building Permit B472074. Nevertheless, Plaintiff was not denied access to any process thereby giving rise to a constitutional claim.

If local government "makes ordinary judicial process available to respondent for resolving its . . . dispute, that process is due process." *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 197 (2001) (unanimous decision). In the District of Columbia, property owners may appeal SWO's to the reviewing official at DCRA, then to the Director of DCRA. D.C. MUN. REGS. tit. 12A, §112.1.2. If the Director fails to decide within three days, or denies the appeal, owners may appeal to either the Board of Zoning Adjustment (for zoning-related decisions) or, as in this case, the Office of Administrative Hearings ("OAH"). *See* D.C. OFFICIAL CODE § 2-1803.1, § 6-641.07 (2006 Supp.). Further appeals may then be taken from either of those agencies to the D.C. Court of Appeals. *Id.*, § 2-510.

DCRA's multi-level appeals process for SWO's satisfies the demands of procedural due process. In *3883 Connecticut LLC v. District of Columbia*, 336 F.3d 1068 (D.C. Cir. 2003), the D.C. Circuit upheld the constitutionality of the very process about which Plaintiff now complains. In that case, developers who had received a number of preliminary permits to begin construction on a 168-unit apartment building sued the District after DCRA issued a SWO halting the project to investigate the truthfulness of

information on the applications used to obtain those permits. *Id.*, at 1074. The Circuit held that the District's "post-deprivation" process, with three levels of review for DCRA's SWO decision, met the requirements of due process. *Id.*

Defendants have not deprived Plaintiff of her opportunity, as mandated in the D.C. Code and Municipal Regulations, to appeal the validity of her SWO. Moreover, Plaintiff concedes that on April 8, 2008, she met with Defendant Masoero to discuss the validity of the SWO as part of this appeal process. Complaint at ¶¶ 23-29. The same post-deprivation process affirmed by *3883 Connecticut* was used here, and Plaintiff took full advantage of it. Complaint at ¶¶ 18, 21.

Defendants did not preclude Plaintiff from a meaningful opportunity to present her basis for appeal. She was fully able to argue her appeal before Defendant Masoero. Complaint at ¶¶ 23-29. In fact, she was successful in persuading him to remove three of the violations against her. Complaint at ¶ 24. Plaintiff's mere disagreement with the outcome of the appeal process does not give rise to a procedural due process claim. *See American Towers, Inc. v. Williams*, 146 F.Supp.2d 27, 33 (D.D.C. 2001) ("Although the procedure provided was not as extensive as plaintiff would have liked, and while plaintiff disagrees with the facts and the law upon which the District relied before issuing its Final Notice rescinding the permit, the Court concludes that the District gave American Tower sufficient notice and opportunity to be heard at a meaningful time and in a meaningful manner, which is all that due process requires.").

Plaintiff's lawsuit seeks relief in the form of alleged monetary damages during the time the SWO remained in effect.[3]  Delay in the resolution of Plaintiff's SWO, however, does not create a constitutional deprivation, and, therefore, does not give rise to a cause for money damages.  *See Givens v. United States Railroad Retirement Board*, 232 U.S. App. D.C. 21, 720 F.2d 196, *cert. den*., 469 U.S. 870 (1988) (finding where statute does not set specific time limit for administrative action, government delay does not constitute a due process delay merely because statutory rights have been lost in the interim); *Williamson County Regional Planning Commission v. Hamilton,* 473 U.S. 172 (1985) (holding eight-year delay in application process concerning a development project did not result in constitutional violation requiring just compensation); *Eastern Trans-Waste of Maryland, Inc. v. The District of Columbia*, 2007 U.S. Dist. LEXIS 21790, at *12 (D.D.C. March 27, 2007) ("And nowhere did the court of appeals in *3883 Connecticut* base its decision or reasoning upon the expeditiousness of the review process.") [4]

Plaintiff does not plead a cause of action for violation of procedural due process under 42 U.S.C. § 1983.  The SWO appeal process is constitutionally valid under *3883 Connecticut*, and Defendants did not deprive Plaintiff access to this process.  Furthermore, any delay in the appeal process does not give rise to constitutional claim entitling Plaintiff to

---

[3] As the SWO as issue has been lifted, Plaintiff's claims for declaratory and injunctive relief are moot.  This case proceeds forward solely as a case for monetary damages.

[4] Other circuits are in alignment with this circuit's reasoning regarding delay as insufficient to support a section 1983 claim, even where the delay is through no fault of the applicant. *See Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524 (1st Cir. 1983) (affirming dismissal of plaintiff's § 1983 claim for damages based on defendants' five-year "bad faith" delay in granting permit to build apartment complex); *Bello v. Walker*, 840 F.2d 1124 (3rd Cir. 1988) (two-year delay in issuing building permits was not unconstitutional "deprivation" of property requiring just compensation*); Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996 (1st Cir. 1992) (constitutional claims were properly dismissed where complaint failed to allege that available state law remedies were inadequate to redress eight-month delay in processing licensing application*); Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667 (3rd Cir. 1991), *cert. den.,* 503 U.S. 984 (1992) (delay alone in issuing a license does not create a due process violation) *(citing Bello, supra).*

compensation.  Pursuant to Rule 12(b)(6), Plaintiff's procedural due process claim must be dismissed.

### C.        Defendants did not deprive Plaintiff of Substantive Due Process

"[I]n a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998).  Conduct most likely to rise to that level would be that which is "intended to injure in some way unjustifiable by any government interest." *Id.*, at 849; *see also Feirson v. District of Columbia*, 506 F.3d 1063, 1066-7 (D.C. Cir. 2007) (identifying due process standard).  The District's enforcement of the Building Code, particularly issuance of this SWO, falls far short of this standard.

To succeed on a claim of substantive due process, Plaintiff must demonstrate and prove (1) the existence of a legally cognizable property interest and (2) egregious governmental misconduct that deprived Plaintiff of that interest.  *See George Wash. Univ. v. District of Columbia*, 318 F.3d 203, 206-9 (D.C. Cir. 2003).  Although Plaintiff admittedly maintains a property interest in her building permit, she pleads nothing rising to the level of egregious governmental misconduct.  "Only a substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law that trammels significant personal or property rights, qualifies for relief under § 1983." *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988).  No such infringement is pled by Plaintiff, and none exists.

The basis for Plaintiff's substantive due process violation is her claim that DCRA used an unreasonable interpretation of the Municipal Regulations governing building

permits.  Complaint at ¶¶ 16, 25-30.  These facts, even if proven, do not rise to the level of substantive due process violations.  There is no demonstrated animus on the part of Defendants against Plaintiff, and none has been alleged.  Further, there is no basis to find that Defendants were motivated by a deliberate desire to cause Plaintiff harm.  Likewise, there was no deliberate flouting of any law by Defendants.  Other than boilerplate language that actions were done with "deliberate indifference to, or reckless disregard," Plaintiff has not alleged or supported any proposition that Defendants acted to deliberately flout law in the discharge of their official duties.  Complaint at ¶ 54.

Moreover, should the Court find that Defendants acted in error in resolving the SWO at issue,[5] such action does not rise to the level of violating substantive due process.  *See Eastern Trans-Waste of Maryland, Inc.*, at *14 ("Inadvertent errors, honest mistakes, agency confusion, even negligence in the performance of official duties, do not warrant redress."), *quoting Silverman*, at 1080.  This Circuit has noted that "a plaintiff suing under § 1983 must prove that his injury was due not merely to the law's delay and [the government's] errors but to defendant's *deliberate disregard* of the state's *fundamental* process." *Silverman*, 845 F.2d at 1079 (emphasis in original) (quoting *Roy v. City of Augusta*, 712 F.2d 1517, 1524 (1st Cir. 1983)).  Plaintiff's complaint fails to plead facts and allegations that the Defendants deliberately disregarded a fundamental process.

---

[5] Although the Court made statements regarding the reasonableness of Defendants' interpretation of the regulations at issue at the June 20, 2008 hearing on Plaintiff's Motion for a Preliminary Injunction, those statements are not controlling for purposes of this motion.  *See NRDC v. Pena*, 147 F.3d 1012, 1023 (D.C. Cir. 1998) ("[A] court's findings of fact and conclusions of law at the preliminary injunction stage are often based on incomplete evidence and a relatively hurried consideration of the issues. [T]he questions focused on differ in deciding a motion for preliminary injunction and in deciding a motion for summary judgment.") (*quoting Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1205 (7th Cir. 1985) (citations omitted)); *Taylor v. FDIC*, 132 F.3d 753, 766 (D.C. Cir. 1997) (Circuit's denial of preliminary injunction "lacks authoritative weight" for subsequent appeals).

Consequently, Defendants are entitled to dismissal of Plaintiff's substantive due process claim pursuant to Rule 12(b)(6).

> **D.**    **The language on which Plaintiff bases a statutory claim does not create a private cause of action.**

Statutory deadlines for agency action are directory rather than mandatory, if the statute provides no sanction for noncompliance. *Gallothom, Inc. v. D.C. Alcoholic Beverage Control Bd.*, 820 A.2d 530, 535 (D.C. 2003). Nevertheless, Plaintiff attempts to create a cause of action based on the D.C. Code. She claims that D.C. OFFICIAL CODE § 6-1405.01(a) confers a cause of action against the District resulting from her dissatisfaction with the SWO appeal process. *See* Complaint at ¶¶ 55-6. The relevant code portion reads:

> The Director shall seek to administer all building permits, certificates of occupancy and other provisions of this chapter, and all regulations issued hereunder, in a manner that is fair, efficient, predictable, readily adaptable to new technologies, consumer-oriented, devoid of unnecessary time delays and other administrative burdens, cost-effective, and directed at enhancing the protection of the public health, welfare, safety and quality of life.

D.C. OFFICIAL CODE § 6-1405.01(a). This language, plucked from the middle of the statute, does not give rise to a private cause of action. It contains no enforcement sanction for noncompliance. Moreover, "[e]ven when the statute uses mandatory language, such as the word 'shall,' the courts are to construe the statute in the light of reasonableness." *Brown v. District of Columbia*, 727 A.2d 865, 867 (D.C. 1999) *citing, inter alia, Standard Oil Co. v. United States*, 221 U.S. 1, 69–70 (1911). The crux of Plaintiff's cause of action is that she contests the process by which SWO's are appealed in the District. It is not reasonable to confer a private right of action on Plaintiff through

this code section.  Because this section does not confer a private right of action on
Plaintiff, her claim under it must be dismissed.

Even if the Court were to find that this statutory language was sufficient to confer
a private cause of action on Plaintiff, dismissal is nevertheless appropriate.  Because the
civil rights allegations were the only claims providing this Court with original jurisdiction
over this case, this Court should decline to exercise supplemental jurisdiction over
Plaintiff's remaining claim and dismiss it pursuant to 28 U.S.C. § 1367(c)(3).  *See Griffin
v. Acacia Life Ins. Co.*, 151 F. Supp. 2d 78, 81-2 (D.D.C. 2001) ("The interests of judicial
economy and convenience do not favor exercising supplemental jurisdiction because this
Court has not yet expended any resources on addressing the merits of the D.C. law claims
and 'there seems little difference in convenience for the parties whether they litigate in
D.C. or federal court.'"  (quoting *Edmondson & Gallagher v. Alban Towers Tenants
Assn'n*, 48 F.3d 1260, 1266 (D.D.C. 1995)).

## E.    Defendants Don Masoero and Linda Argo are protected by qualified immunity.

"Qualified immunity protects government officials 'from liability for civil
damages insofar as their conduct does not violate clearly established statutory or
constitutional rights of which a reasonable person would have known.'"  *International
Action Ctr. v. United States*, 365 F.3d 20, 24 (D.C. Cir. 2004), *quoting, Harlow v.
Fitzgerald*, 457 U.S. 800, 818 (1982).  The Supreme Court has made clear that in
applying qualified immunity, the Court is concerned not only with a government
official's liability for damages, but also "the general costs of subjecting officials to the
risk of trial – distraction of officials from their governmental duties, inhibition of

discretionary action, and deterrence of able people from public service." *Mitchell v. Forsyth*, 472 U.S. 511, 526, *quoting Harlow*, at 816.

Accordingly, qualified immunity protects the official not only from liability, but from suit as well. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Jackson v. District of Columbia*, 672 F. Supp. 22, 38 (D.D.C. 1987). "The *Harlow* Court refashioned the qualified immunity doctrine . . . to avoid '[subjecting] government officials either to the costs of trial or the burdens of broad-ranging discovery' . . . ." *Mitchell*, at 526. To that end, the immunity is intended to apply to permit the issue to be determined upon summary judgment with discovery foreclosed until the issue is resolved. *Durso v. Taylor*, 301 A.2d 449, 455 (D.C. 1993), *citing Harlow*, at 819; *see also Jackson*, 672 F. Supp., at 28. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In deciding the issue of qualified immunity, a court must first consider a threshold matter: in the light most favorable to the party claiming injury, do the facts alleged shows the official's conduct violated a constitutional right? *Saucier*, at 201. "If the law did not put the [official] on notice that his conduct would be *clearly unlawful*, summary judgment based on qualified immunity is appropriate." *Id.*, at 202.

Neither the actions of Defendants Masoero nor Argo can be accurately described as *clearly unlawful*. Neither Defendant prevented or obstructed Plaintiff from making use of the SWO appeal process. In fact, Defendant Masoero met with Plaintiff on April 8, 2008 to address Plaintiff's grounds for appealing the SWO and related infractions. Complaint at ¶¶ 16, 25-30. While Plaintiff may have disagreed with the outcome of her

appeal with Mr. Masoero, her disagreement does not rise to the level of a constitutional violation. *See American Towers, Inc.*, at 33.

In considering Plaintiff's appeal, Mr. Masoero based his decision squarely on the provisions of the Municipal Regulations governing abandonment and expiration of permits. *See* Exhibit 1, at ¶ 9. In conducting his appeal, Mr. Masoero considered both the law and the facts, as presented to him. *Id.* While Plaintiff was subsequently able to present sufficient proof for Defendants to determine that her building permit was valid, his April 8, 2008 determination cannot be said to be clearly unlawful. *See* Exhibit 4; *Majerle Management, Inc. v. District of Columbia Rental Housing Comm'n*, 866 A.2d 41, 46 (D.C. 2004) ("When reviewing an agency interpretation of a statute it administers, . . . we ordinarily give considerable deference to such an interpretation as well as to the agency's own regulations and decisions."). Furthermore, even if Mr. Masoero made a mistake or an error in his decision on Plaintiff's appeal, this does not obviate qualified immunity's application. *See Eastern Trans-Waste of Maryland, Inc.*, at *14 ("Inadvertent errors, honest mistakes, agency confusion, even negligence in the performance of official duties, do not warrant redress."),

With respect to Defendant Argo, Plaintiff's allegations consist of her complaint that Ms. Argo failed to respond to Plaintiff's request to discuss the SWO. Complaint at ¶ 22. The failure, however, to respond to Plaintiff's appeal does not rise to the level of a constitutional violation. Under D.C. Mᴜɴ. Rᴇɢs. tit. 12A, §112.1.2, Plaintiff had an automatic right of appeal to OAH three days after the appeal to Ms. Argo. As director of DCRA, Ms. Argo is responsible for administration of the District agency charged with protecting the health, safety, economic interests, and quality of life of District residents,

businesses, and visitors in the District of Columbia by issuing licenses and permits,

conducting inspections, enforcing building, housing, and safety codes, regulating land use

and development, and providing consumer education and advocacy services. *See*

Department of Consumer and Regulatory Affairs Website,

http://dcra.dc.gov/dcra/cwp/view,a,3,Q,599861,dcraNav_GID,1694,dcraNav,|33437|,.asp.

With the responsibility of her position, Ms. Argo's failure to act on Plaintiff's appeal

within the three-day window cannot be said to constitute action that is clearly unlawful,

especially when the appeal provision acccounts for circumstances in which the director

cannot respond within three business days.  As such, she is rightfully entitled to qualified

immunity.

     Plaintiff's desire to hold these District officials individually liable is inappropriate

in the present case.  It is clear that officers, such as Ms. Argo and Mr. Masoero, would be

reluctant to exercise their duties relative to the countless actions and decisions that they

have to make in the daily exercise of their multiple responsibilities if they had to fear that

lawsuits would flow from each action, decision or recommendation made.  Neither of

their actions, as alleged, rose to the level of constitutional violations, and their conduct

cannot be described as clearly unlawful.  Both Linda Argo and Donald J. Masoero are

entitled to qualified immunity.

## III.    CONCLUSION

     For the foregoing reasons, the District Defendants respectfully request this Court

to dismiss Plaintiff's claims and for such further relief as it may show itself entitled.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I

/s/ Chad Copeland
CHAD COPELAND[6]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001
(202) 724-6623 (telephone)
(202) 727-0431 (fax)
chad.copeland@dc.gov

---

[6]    DC Bar Application pending.  Member of Texas Bar in good standing.  Authorized by the Office of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the United States District Court for the District of Columbia Local Rules 83.2(d) and 83.2(e).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEANNA J. CHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-00871 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| DEPARTMENT OF CONSUMER | ) | |
| AND REGULATORY AFFAIRS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒ | ) | |

## DEFENDANTS' STATEMENT OF
## UNOCONTESTED MATERIAL FACTS

1.     Plaintiff was issued Building Permit Number B472074 on April 28, 2005.

Complaint at ¶ 10.

2.     There were no DCRA inspections to 1315 Irving Street NW, Washington,

D.C. between December 1, 2005 and March 19, 2008.  Exhibit 1, Affidavit of

Don Masoero, at ¶ 9.

3.     On March 19, 2008, Inspector Michael Pearson, pursuant to a citizen

complaint, investigated 1315 Irving Street NW, Washington, D.C.  Exhibit 2,

Affidavit of Michael Pearson, at ¶ 3.

4.     Plaintiff was cited for four violations by Inspector Pearson: construction

without a building permit, working without a demolition permit, failure to

post a building permit and failure to obtain a demolition permit.  Exhibit 1, at

¶ 7.

5.     Inspector Pearson also issued a Stop Work Order ("SWO") on the property because Plaintiff failed to post permits or approval stickers on the property. Exhibit 2, at ¶ 5.

6.     On Friday, March 21, 2008, Plaintiff filed a notice of appeal on the SWO. Complaint at ¶ 18.

7.     On Tuesday, March 25, 2008, Defendant Masoero's assistant contacted Plaintiff and indicated that the necessary information had not yet been received in his office, but she would be in contact with Plaintiff once it was received.  Complaint, at ¶ 20.

8.     On Thursday, March 27, 2008, Plaintiff filed a notice of appeal with DCRA Director, Linda K. Argo.  Complaint, at ¶ 21.

9.     On Friday, April 4, 2008, Mr. Masoero's assistant contacted Plaintiff and scheduled the appeal on her SWO for Tuesday, April 8, 2008.  Complaint, at ¶ 23.

10.    At the appeal, three of the charges against Plaintiff were dismissed by Mr. Masoero.  Complaint, at ¶ 24.

11.    Plaintiff appealed the remaining charge and the SWO to the Office of Administrative Hearings ("OAH").  Complaint, at ¶ 30.

12.    On June 25, 2008, before Plaintiff received a hearing with OAH, Defendants removed Plaintiff's SWO, entitling her to resume construction on her property.  Exhibit 3.

13.     On June 26, 2008, Defendants moved to dismiss the matters pending before

OAH.  The basis for the dismissal was that Plaintiff's building permit was

valid.  Exhibit 4.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I

/s/ Chad Copeland
CHAD COPELAND[7]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001
(202) 724-6623 (telephone)
(202) 727-0431 (fax)
chad.copeland@dc.gov

---

[7]     DC Bar Application pending.  Member of Texas Bar in good standing.  Authorized by the Office
of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the
United States District Court for the District of Columbia Local Rules 83.2(d) and 83.2(e).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEANNA J. CHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-00871 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| DEPARTMENT OF CONSUMER | ) | |
| AND REGULATORY AFFAIRS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PROPOSED ORDER**

Upon consideration of the Defendants' Motion to Dismiss, or in the Alternative,

Motion for Summary Judgment, opposition thereto, and the entire record herein, it is, on

this _____day of _____, 2008,

**ORDERED**:  that Defendants' Motion to Dismiss, or In the Alternative, Motion

for Summary Judgment, is hereby GRANTED; and further

**ORDERED**:  that, pursuant to Federal Rule of Civil Procedure 12(b)(6), Counts

I-VI are dismissed.



_____
Paul L. Friedman
United States District Judge

Serve upon:
All Counsel of Record

# Exhibit 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEANNA J. CHANG,           )
                               )
        Plaintiff,         )
                               )
    v.                    )      Civil Action No. 08-cv-00871 (PLF)
                               )
DISTRICT OF COLUMBIA      )
DEPARTMENT OF CONSUMER   )
AND REGULATORY AFFAIRS, *et al.*,  )
                               )
        Defendants.     )

### AFFIDAVIT OF DON J. MASOERO

I, Don Masoero, declare and state as follows:

1.    I am over the age of 18 years, competent to testify to the matters stated below.

2.    I am the Chief Building Inspector for the Inspections and Compliance Administration, Department of Consumer and Regulatory Affairs ("DCRA"). I have held this position since May 16, 2007. My duties and responsibilities in this position encompass ensuring that all construction in the District of Columbia is performed in accordance to the laws and regulations; the management of 122 residential and commercial inspectors, and supervising the inspection of residential and commercial property. I am also responsible for the budget, union negotiations, and disciplinary actions. I respond, on behalf of DCRA to "Two Alarm" or greater fires which result in

death.  In addition, I am in charge of DCRA homeland security emergency management

response team.

       3.      12 DCMR §105.5, (2007) provides that "any permit issued shall become

invalid if the authorized work is not begun within one year after the permit is issued, or if

the authorized work is suspended or abandoned for a period of one year, after the date

work is begun."  Moreover, 12 DCMR § 109.5 provides that "it is the responsibility of

the permit holder or his agent to notify the code official when the stages of construction

are reached that require any inspection …

       4.      On July 26, 2004, Wiebenson and Borman, the agent for Deanna Chang,

owner of the property located at 1315 Irving Street, NW ("Property"), submitted an

application for a construction permit.  The type of work indicated on this permit

application was an alteration of an existing youth residential care home.  The description

of the proposed work was "…interior remodeling of two apartments and rooftop deck

addition to an existing three story row house. (Basement not currently an apartment)."

The description further showed an update "…interior remodeling of an existing in-law

suite in an existing three story row house.  All work to be within existing building.  No

addition to exterior work.  This is a JFS."

       5.      Based on the application submitted on July 26, 2004, DCRA issued to

Deanna Chang an alteration and repair building permit number B472074 ("Permit") on

April 28, 2005.  DCRA authorized Ms. Chang to convert the youth residential care home

into a two-unit flat, conduct interior renovation as per plans, update interior of an in-law

suite in the three story house.  DCRA did not authorize any additions to the exterior.  In

addition, the permit specified that separate electrical, plumbing and mechanical installation permits were required.

6.      The back portion of the permit specified that there are certain conditions to the construction permit.   Specifically, the permit mandates "that as a condition precedent to the issuance of this permit, the owner agrees to conform with all conditions set forth herein, and to perform the work authorized hereby in accordance with the approved application and plans on file with the District Government and in accordance with all applicable laws and regulations of the District of Columbia…Work authorized under this Permit must start within one (1) year of the date appearing on the reverse side of this permit or this permit is automatically void."

7.      Based on a citizen complaint, that home improvement work was being conducted on the property and that no permits were posted on the property, DCRA Inspectors Michael Pearson and Allan Thompson, Illegal Construction Division, Inspections and Compliance Administration, conducted an inspection of the property on March 19, 2008.  Inspectors Pearson and Thompson observed construction work being performed at the time their inspection, and therefore issued a Stop Work Order on March 19, 2008.  The four violations cited on this Stop Work Order were construction without a building permit, working without a demolition permit, failure to post a building permit and failure to obtain a demolition permit. Inspector Pearson issued Notice of Infraction Number I7DD924, for violation to 12 DCMR §105.1, for working without a building permit only.

8. On March 21, 2008, Ms. Chang submitted an appeal to the Stop Work Order. In the appeal form, Ms. Chang alleged that she obtained building permit number

Affidavit, Don J. Masoero
Page 4 of 5

B472074 on April 28, 2006 (sic), and that the permit was valid. Ms. Chang further

alleged that she was informed that the permit had not expired because the work had been

ongoing.

     9. On April 28, 2007, I met with Ms. Chang to review her stop work order

appeal. After listening to the owner's justifications, it was my determination that the

permit had been abandoned, and therefore invalid under 12 DCMR § 105.5.  My

decision was based partly because of the owner's failure to provide any evidence that she

requested an extension to the permit pursuant to 12 DCMR, § 105.5.1.  In addition, the

owner failed to provide any evidence that supported her allegation of continuous work

from April 28, 2005, through March 19, 2008.  Furthermore, Rapids, a DCRA database

utilized by the Inspections and Compliance Administration to document inspections and

requests for inspections revealed that during the past two years no inspections had been

called for to verify that work was being performed in accordance to the law.  Specifically,

Rapids revealed that the last inspection on this property occurred on December 1, 2005.

No inspections occurred from December 1, 2005 to March 19, 2008.  *See attached.*

     10. During the meeting, Ms. Chang informed me that she asked two general

contractors about the DCRA regulation for the expiration/abandonment of permits. Ms.

Chang further explained that she was informed that all she needed to do was to perform

continuous work. Ms. Chang specifically informed me that she was not advised as to the

requirement of requesting an extension to the permit in accordance to 12 DCMR, §

105.5.1, or for calling for inspections in accordance to 12 DCMR, § 109.5.

During the meeting, Ms. Chang did present several documents provided to her by the

DCRA's Homeowner's Center.  During the meeting, I explained to Ms. Chang that it is

Affidavit, Don J. Masoero
Page 5 of 5

the homeowner's duty to find out what is mandated by the regulations and showed her

the wording in the regulations which supported the Department's position that she had

abandoned the work pursuant to 12 DCMR, §105.5.  Furthermore, I explained to her that

I only had authority over the Stop Work Order and I dismissed three of the charges.  I

explained to Ms. Chang that the only outstanding charge was Construction without a

permit.  I further explained the three ways to answer the Notice of Infraction and that I

did not have the authority to reduce fines.   Ms. Chang chose to deny the infraction.

I make this foregoing affidavit, consisting of five numbered pages and 10

numbered paragraphs, on the basis of my personal knowledge.

Don J. Masoero
Chief Building Inspector
Inspections and Compliance Administration

District of Columbia, ss:

Signed and affirmed before me this _18th_ day of June, 2008, by Don J. Masoero.

NOTARY PUBLIC, D.C.

My Commission expires: _January 31, 2009_

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEANNA J. CHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 08-cv-00871 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| DEPARTMENT OF CONSUMER | ) | |
| AND REGULATORY AFFAIRS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF MICHAEL PEARSON

I, Michael Pearson, declare and state as follows:

1.      I am over the age of 18 years, competent to testify to the matters stated below.

2.      I am currently employed as an Electrical Inspector for the Inspection and Compliance Administration, of the Department of Consumer and Regulatory Affairs. Since November of 2007, to the present, I have served with the Illegal Construction Unit, Inspection and Compliance Administration.  As an inspector for the Illegal Construction Unit, I go throughout out the city and check for illegal construction and issue stop work orders as needed.  As part of my inspection, I also verify that the scope of the work being performed at the premises to ensure that these conform to the posted permits.

3.      As a result of a citizen complaint, on March 19, 2008 at approximately 4:00 p.m., Inspector Allan Thompson and I inspected the property located at 1315 Irving Street, NW ("Property").  No permits were posted on the property, as required by 12

1

DCMR § 105.7 During the inspection, the contractor working on the property along with an assistant allowed us to gain access to the interior of the property. When I requested to see the permits, the contractor was unable to produce them. The contractor only produced a set of approved drawings.

    4.    Inspector Thompson and I inspected the main floor of the property for approximately 20 minutes. While inside the property, I observed a significant amount of demolition work, a series of opened walls, new floor joist being installed, and electrical hanging wires and boxes. It appeared as if the contractor was about to initiate the kitchen renovation.

    5.    Based on my observations of March 19, 2008, I issued a Stop Work Order because the owner did not post permits or approval stickers on the property. The records of DCRA revealed that no inspections were conducted for more than two years.

    I make this foregoing affidavit, consisting of two numbered pages and five numbered paragraphs, on the basis of my personal knowledge.

Michael Pearson
Electrical and Illegal Construction Inspector
Inspections and Compliance Administration

District of Columbia, ss:

    Signed and affirmed before me this _19_ day of June, 2008, by Michael Pearson.

NOTARY PUBLIC, D.C.

My Commission expires: _Apl 30, 2010_

2

# Exhibit 3

**Copeland, Chad (OAG)**

| | |
|---|---|
| **From:** | Pacheco, Isabel (DCRA) [Isabel.Pacheco@dc.gov] |
| **Sent:** | Wednesday, June 25, 2008 3:13 PM |
| **To:** | Copeland, Chad (OAG) |
| **Subject:** | FW: Chang v. Masoero |

Isabel M. Pacheco
Assistant Attorney General
Office of the General Counsel
Department of Consumer and
   Regulatory Affairs
941 North Capitol Street, NE
Washington, DC 20002
(202) 442-8406 phone
(202) 442-9447 fax
isabel.pacheco@dc.gov

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

**From:** Masoero, Don (DCRA)
**Sent:** Wednesday, June 25, 2008 2:09 PM
**To:** jim.McKay@comcast.net
**Cc:** Pacheco, Isabel (DCRA); chad.copland@dc.gov
**Subject:** Chang v. Masoero

After considering the advice of my assign counsel and review the facts in this case, I here-in lift the Stop Work Order that was posted at 1315 Irving St. NW.  You are herein authorized to remove the Stop Work sticker from the structure and the property hold will be lifted for the DCRA property data base.

If you have any further questions, you may contact me at 202-481-3545.

Don Masoero, CBO
Chief Building Inspector, DCRA/ICA
1900 Massachusetts Avenue, S.E. - First Floor
Washington, D.C.  20003
481-3545 Fax 478-5751

# Exhibit 4

**DISTRICT OF COLUMBIA**
Office of Administrative Hearings
825 North Capitol Street, N.E. Suite 4150
Washington, DC  20002-4210

DISTRICT OF COLUMBIA
OFFICE OF
ADMINISTRATIVE HEARINGS

## Summary Motion For Dismissal of Charge(s) or Reduction of Fine(s)

2008 JUN 26 P 12: 55

**TO BE COMPLETED BY REQUESTING OFFICIAL:**

Notice of Infraction (NOI) **OR**
Notice of Violation (NOV) Number:  I 7DD 924

Name/Title   Don J. Masoero    Inspections ; Compliance A

Respondent's Full Name (First, Middle, Last) or Business Name   DEANNA CHANG

Office/Administration

Date of Infraction  3-19-08

**CHECK THE APPROPRIATE BOX:**

| Dismiss Charge(s) ☒ | Suspend All Fines/Penalties ☐ | Partial Fine Reduction ☐ | Other: ☐ |

Please indicate the charge(s) originally cited, proposed suspensions or reductions of fines and an explanation to justify the action being sought.  Explanation must include the original fine(s) cited and the amended total to be collected.  Attach additional explanation as needed.

New/Revised NOI/NOV Issued?  ☐ Yes ☒ No

NOI/NOV Number:                                            Date Issued:

D.C. Code                      D.C. Municipal Regulation  12 DCMR 105.  Fine $ 2,000.00

Nature of Infraction:  WORKING WITHOUT BUILDING PERMIT  Penalty $

Explanation:  Permit 8472074 is valid.

D.C. Code                      D.C. Municipal Regulation

Nature of Infraction:                                         Fine $

Explanation:                                                 Penalty $

$2,000 ⁰ᵒ                                                    — 0 —

Total Fines/Penalties (Originally Cited)          New Total Fines/Penalties (Proposed)

Approval:  _[signature]_        Don Masoero    6-26-08

Deputy Director/Bureau Chief/Enforcement Attorney    Print Name         Date

**SO ORDERED:    GRANTED ☐    DENIED ☐**

Presiding Administrative Judge