UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
**DEANNA J. CHANG,**              :
                                      :
          **Plaintiff,**       :
    **v.**                   :     **Civ. A. No.:  08-cv-00871 (PLF)**
                                      :
**DISTRICT OF COLUMBIA**     :
**DEPARTMENT OF CONSUMER AND** :
**REGULATORY AFFAIRS,** *et al.*    :
                                      :
          **Defendants.**   :
_____:

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT

Defendants seek to dismiss this case pursuant to Rule 12(b)(6), contending that Plaintiff has failed to state a claim upon which relief can be granted, or in the alternative, under Rule 56, seeking summary judgment. Whether styled as a motion to dismiss or for summary judgment, Defendants' motion should be denied. Plaintiff's complaint goes well beyond the pleading requirements of notice pleading under Rule 8(a) of the Federal Rules of Civil Procedure and sets forth viable claims for violations of both substantive and procedural due process, as well as violations of Section 6-1405.01(a) of the District of Columbia Code ("DC Code"). Moreover, Defendants' motion is premature. Defendants have not answered Plaintiff's Complaint, nor has any discovery taken place. Dismissal of Plaintiff's properly pleaded complaint alleging violations of substantive and procedural due process, as well as state law claims, is proper only in very rare circumstances where there is no possibility of success on the merits. This is clearly not the case in the instant matter, and therefore, Defendants' motion, whether considered a motion to dismiss or a motion for summary judgment, should be denied.

Finally, Defendants Argo and Masoero allege that they are entitled to qualified immunity from suit, and that the claims against them in their individual capacity should be dismissed or resolved on summary judgment. Not only have Defendants have failed to meet their burden of proving entitlement to qualified immunity, the facts upon which they rely are material facts that are in dispute. Therefore, summary judgment on, or dismissal of, the claims against Defendants Argo and Masoero is improper.

## I.     DEFENDANTS' MOTION TO DISMISS IS SHOULD BE DENIED

Although Defendants style their motion as one to dismiss and in the alternative, for summary judgment, as Defendants recognize, a motion to dismiss that is supported by affidavits or other evidence outside the pleadings is properly viewed as a motion for summary judgment. Fed. R. Civ. P. 12(b); Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment at 5 ("Def's Mot. to Dismiss"). Plaintiff's Complaint meets the standards for pleading under Rule 8(a), and sets forth the elements of causes of action for violations of procedural and substantive due process, as well as violations of the DC Code. Defendants cannot meet the standard necessary to sustain a motion to dismiss – namely, that there is no possible set of circumstances under which Plaintiff could prevail. Regardless of whether Defendants' motion is considered a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6), or a motion for summary judgment pursuant to Rule 56, it should be denied.

### A.  Plaintiff's Complaint Satisfies the Pleading Requirements and Sets Forth Valid Claims for Relief

The question under Rule 12(b)(6) is whether the complaint sets forth a basis for relief. Given this limited question, a Rule 12(b)(6) motion is brought early on in the proceedings, prior to a responsive pleading, and rests on the allegations contained in complaint. *See* Fed. R. Civ. P. 12(b). In determining whether dismissal for failure to state a claim is proper, courts focus on

whether the complaint has met the standard of pleading set forth in Fed. R. Civ. P. 8(a), and whether there is any set of facts which would support plaintiff's claim.  As a result, all factual allegations contained in the complaint are construed as true, and all doubts and ambiguities are to be decided in the complainant's favor.  *Doe v. United States Dept. of Justice*, 753 F.2d 1092, 1102 (D.C.Cir.1985); *Underwood v. Archer Management Services, Inc.,* 857 F.Supp. 96, 97 (D.D.C. 1994). "Dismissal under Rule 12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them in plaintiffs' favor, the court finds that the plaintiffs have failed to allege all the material elements of their cause of action." *Taylor v. F.D.I.C.,* 132 F.3d 753, 761 (D.C. Cir. 1997) (internal citations omitted).

      1.     <u>Defendant Has Clear Notice of Plaintiff's Claims and the Grounds Upon Which they Rest</u>

Rule 8(a) of the Federal Rules of Civil Procedure requires merely a "short and plain statement of the grounds for the court's jurisdiction", a "short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for relief.  Fed. R. Civ. P. 8(a).  The requirements of Rule 8(a) are to ensure that a defendant has "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15-16 (D.C. Cir. 2008). "The purpose of pleading is to give an adverse party fair notice of the claim so as to permit the party the opportunity to 'file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.'" *Hastings v. Department of Justice*, 223 F.Supp.2d 196, 198 (D.D.C.2002); *quoting Prows v. Dep't of Justice*,  1991 WL 111459, at *1 (D.D.C. Jun 13, 1991) (*citing Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977)).

Although Defendants set forth a generic recitation of the standard of review for a motion to dismiss, they do not point to any specific deficiencies in Plaintiff's Complaint.  For example,

although citing to cases holding that a complaint must give the defendant fair notice of the claim and the grounds upon which it rests, Def's Mem. at 4, Defendants do not claim that they were not given fair notice of the claim or the facts surrounding the claim.  There are no allegations that material facts or elements of the Plaintiff's claims are missing, or that they cannot discern the nature of, or basis for Plaintiff's suit.  Defendants have ample notice of Plaintiff's claims and the facts upon which they rest.

Similarly, Defendants cite to case law holding that a plaintiff cannot rest on conclusions or "formulaic recitations" of the elements of a cause of action, Def's Mem. at 4, but no where do they claim that Plaintiff's complaint consists of conclusions or "formulaic recitations" that prevent Defendants from ascertaining the nature or basis for Plaintiff's claims.  In fact, Defendants appear to be very clear on the nature of Plaintiff's claims and the facts upon which those claims are based, as evidenced by their Opposition to Plaintiff's Motion for a Preliminary Injunction ("Def's Opp'n to PI Motion"), and their subsequent briefing of the issues in their Motion to Dismiss.  Plaintiff has included detailed allegations including dates and times of relevant facts, the names of relevant witnesses, if available, and has included documentary evidence to support those claims.  Plaintiff's Complaint sets forth the material elements of her claims, the facts surrounding her claims, and the facts, if true, support a finding in Plaintiff's favor.  Therefore, Defendants' Motion, insofar as it is considered a motion to dismiss for failure to state a claim, should be denied.

## II.     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

### A.  Defendants Cannot Meet the Standard Necessary to Prevail on a Motion for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is properly

granted against a party who "after adequate time for discovery. . . fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);

*Elkins v. District of Columbia*, 527 F.Supp.2d 36, 44-45 (D.D.C. 2007). In ruling on a motion

for summary judgment, the court must draw all justifiable inferences in the nonmoving party's

favor and accept the nonmoving party's evidence as true. *Liberty Lobby*, 477 U.S. at 255.

Defendants' motion for summary judgment must fail because there has no discovery at all, and

there are genuine issues of material fact.

**B.    Summary Judgment is Premature In the Absence of Discovery**

Summary judgment should only be granted in the rare situation where there is no possible

way for the Plaintiff to succeed. In situations where no discovery has taken place, where the

Defendant has not even filed its Answer to Plaintiff's Complaint, Courts should be even more

circumspect in granting such motions. *See Elkins,* 527 F.Supp. at 47 ("As there has been no

discovery yet in this case, dismissal of Plaintiffs' claim for punitive damages against the

individual defendants would be premature."); *California Dept. of Social Services v. Leavitt*, 523

F.3d 1025 (9th Cir. 2008) (Summary judgment should not be granted while an opposing party

timely seeks discovery of potentially favorable information.). The D.C. Circuit has affirmed on

numerous occasions that a non-moving party is entitled to a "reasonable opportunity" to engage

in discovery prior to responding to a summary judgment motion, much less having their case

dismissed. *Khan v. Parsons Global Services, Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir. 2005); *Martin*

*v. Malhoyt*, 830 F.2d 237, 256 (D.C.Cir.1987). *See also Robinson v. Terex Corp.***,** 439 F.3d 465, 467 (8th Cir. 2006) (Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery.).

Plaintiff has not had any time at all in which to conduct discovery as to any of her claims. As a result, there are many issues of fact that are still unknown and in many others that are in dispute. Defendants' claim that there are no genuine issues of material fact that would warrant this case going forward is simply untrue. As described below, many of the facts that Defendants rely upon in support of their motion are wholly inconsistent with the facts set forth in Plaintiff's pleadings. Even more telling is that Defendants support their motion with facts which they appear to concede are *not* undisputed, and facts that are inconsistent with positions taken earlier in this litigation, and facts that are inconsistent with Defendants' own prior statements.

**C.        Defendants' Motion is Supported by Facts Which are In Dispute**

In order to prevail on a claim for procedural due process, Plaintiff must establish (1) a constitutionally protected right; and (2) that she was deprived of a genuine opportunity to be heard in a meaningful time and in a meaningful manner. *Proper v. District of Columbia*, 948 F.2d 1327, 1331-32 (D.C. Cir. 1991). In order to prevail on a substantive due process claim, Plaintiff must show, in addition to the constitutionally protected right in her building permit, that there was a "grave unfairness" by DC officials, or a "deliberate flouting of the law that trammels significant personal or property rights." *Tri-County Industries, Inc. v. District of Columbia*, 104 F.3d 455, 459 (D.C. Cir. 1997). Plaintiff's Complaint and other pleadings in this case show that there is ample evidence to support her claims, and additional evidence will likely be gathered during discovery.

Because there has been no discovery in this matter, Plaintiff cannot determine the full extent to which material facts are, or will be, in dispute. Plaintiff fully anticipates that as discovery proceeds, there will be many more facts that will come to light and support her claims. Set forth below are a few of the more obvious facts which Defendants rely in upon in support of their motion, but are clearly in dispute. Plaintiff should be given a reasonable opportunity to take discovery regarding her claims.

1. *Facts Relied Upon by Defendants Are Not Included in Their Statement of Undisputed Facts*

Despite being familiar with the standard of review for granting a motion for summary judgment, Defendants' Memorandum relies in large part on facts that it does not even claim are uncontested. It is telling to compare the separate Statement of Uncontested [sic] Material Facts attached to Defendants' Motion with the facts set forth in Defendants' Memorandum in Support. Many of the facts relied upon in Defendants' Memorandum are not included in their Statement of Uncontested Material Facts. And many of these facts are critical to the determination of this matter. For example, Defendants state:

> At the appeal, Plaintiff was provided an opportunity to explain the basis of her appeal and offer evidence. *See* Exhibit 1, at ¶¶ 9-10. After listening to Plaintiff's justifications, Mr. Masoero determined that the building permit had been abandoned and was, therefore, invalid under D.C.Mun. Regs. tit. 12A, 105.5. *Id.*, at ¶9. The basis of his decision was that the owner failed to provide any evidence that she requested an extension to the permit pursuant to D.C. Mun. Regs. tit. 12A, § 105.5.1. *Id.* In addition, Plaintiff failed to provide any evidence that supported her allegation of continuous work from April 28, 2005 through March 19, 2008. *Id.*

> * * *

> In considering Plaintiff's appeal, Mr. Masoero based his decision squarely on the provisions of the Municipal Regulations governing abandonment and expiration of permits. *See* Exhibit 1, at Para. 9. In conducting his appeal, Mr. Masoero considered both the law and

> the facts, as presented to him. *Id*. While Plaintiff was
> subsequently able to present sufficient proof for Defendants to
> determine that her building permit was valid, his April 8, 2008
> determination cannot be said to be clearly unlawful.

Mem. in Supp. at 2-3, 14. These facts are critical to the determination of what process Plaintiff

was given in appealing the SWO, whether it was fair and reasonable under the circumstances,

whether Defendants acted in deliberate disregard of Plaintiff's constitutionally protected rights,

and the reasonableness of Defendants' actions. The statements set forth above are not included

in Defendants' Statement of Uncontested Fact, yet they appear, nonetheless, to provide the basis

for Defendants' summary judgment motion.

> 2. *Plaintiffs' Pleadings Clearly Indicate that Many of the Facts Set Forth in
>    Defendants' Motion are Disputed*

It is difficult to see how Defendants can argue in good faith that summary judgment is

appropriate when the facts upon which they rely are not included their own statement of

undisputed facts, and it is clear from Plaintiff's pleadings that there is genuine disagreement

surrounding those issues. For example, Plaintiff states in her Complaint that:

> Mr. Masoero stated that Plaintiff's building permit was expired. . .
> . According to Mr. Masoero, building permits expire after one
> year, unless the permittee applies for a six month extension.
> Because Ms. Chang did not apply for an extension of her permit
> within the first year it was issued, Mr. Masoero took the position
> that her permit expired.

Complaint at ¶¶ 25, 28. These facts are further elaborated upon in Plaintiff's affidavit of June

23, 2008:

> - "Mr. Masoero indicated that I was working in violation of the
>   Building Code because my permit had expired," Pl's. Aff. at ¶ 34;
>
> - "Mr. Masoero stated that permits expire after one year, and that it did not matter
>   whether I had been doing work the whole time. Mr. Masoero stated that if my

interpretation was correct all a person had to do was purchase a can of paint every year in order to continue work under a building permit."  Pl's. Aff. at ¶ 36;

-      "I. . . offered to go through my receipts with him."  Pl's. Aff. at ¶ 37;

-      "Mr. Masoero stated that regardless of whether work was ongoing, the building permit expired one year after issuance."  Pl's. Aff. at ¶ 38;

-      "Mr. Masoero did not look at the receipts I offered as ongoing construction." Pl's. Aff. at ¶ 39; and

-      "At no point during the meeting with Mr. Masoero, or in his subsequent email, did Mr. Masoero indicate that he based his denial of my appeal on the fact that I abandoned work under the permit."  Pl's. Aff. at ¶ 53.

While these statements are consistent with the numerous letters and emails sent to Defendants in the months leading up to the filing of this case, in which Plaintiff was attempting to resolve the matter through administrative processes, *see* Exhs. 6-8 to Pl's. Aff., and Pl's Mot. for a PI, they are wholly inconsistent with the facts now alleged by Defendants and represented to be undisputed.

> 3.   *The Facts Set Forth in Defendants' Motion Are Inconsistent With Prior Statements of the Defendants*

Not only is it clear from the information in Plaintiff's pleadings that there are disputed material facts, the facts as stated by Defendants in their Memorandum in Support and in the supporting affidavit of Mr. Masoero are inconsistent with what Mr. Masoero set forth in a contemporaneous email.  Mr. Masoero states in his email to Councilmember Graham on April 10, 2008:  "The bottom line is that a building permit does not have an unlimited life," and continues to cite a section of the DCMR that applies only to permits about to expire or lapse. Mr. Masoero continues, "During the appeal to me, Ms. Chang made the point that she has performed work continually, since 2005 but did not call for inspections nor did she request an extension. . . . [S]he could not find in any of the paper work that DCRA provides for customer

service where all of this was stated.  In fact it is not.  Only that the permit is good for one year. . . ."  *See* Exh. 7 to Pl's. Aff.  Mr. Masoero also states that Plaintiff's understanding was that "as long as she was working on the permit, it would not expire.  I told her, that was unfortunate but due to the fact that she was acting as her own contractor it was here [sic] obligation to verify with DCRA. . . ."  *Id.*  "[T]he current hand outs clearly state that a building permit is only good for one year." *Id.*  Again, this is contrary to the position now being taken by Defendants in their Motion to Dismiss, namely that Plaintiff's SWO appeal was not granted because Plaintiff could not establish that work had been continuous.

Finally, Defendants' current position is not consistent with the position taken by Defendants as recently as June 5, 2008, in their Opposition to Plaintiff's Motion for a Preliminary Injunction.  ("Opp'n to Mot. for PI").  In their Opposition, Defendants state that "Plaintiff's interpretation that her building permit remains valid in perpetuity, as long as it is not abandoned, in an unreasonable interpretation of the regulations."  Opp'n to Mot. for PI at 8.  However, Defendants now appear to embrace what they earlier termed an "unreasonable interpretation of the regulations," agreeing that, as long as a permit holder can show continual work under the building permit, that permit will continue in full force and effect.

The above are merely examples of the many disputed material facts at issue in this case.  Questions regarding procedures in place before issuing a SWO, procedures for responding to Notices of Appeals, issuing Notices of Infraction, forwarding Notices of Infraction to the Office of Administrative Hearings, whether Defendants' actions were reasonable under the circumstances, whether they had a legitimate and justifiable belief that their actions were lawful, whether they acted in good faith, and the nature and extent of damages suffered by Plaintiff as a result of the denial of due process  are some of the many issues that will be fleshed out in the

process of discovery.  *See District of Columbia v. Jones*, 442 A.2d 512, 524 (D.C. 1982) (extent

of damages caused by denial of due process were substantial issues of material fact precluding

summary judgment).  Given the vast number of issues in dispute surrounding Plaintiff's due

process claims, summary judgment at this point is inappropriate.

> **D.**    **Summary Judgment on the State Law Claim Is Not Proper**

Defendants next argue that the DC Code does not provide a cause of action for violation

of Section 6-1405.01(a), because the duties set forth in that section are not mandatory.  Def's

Mot. to Dismiss at 11.  Section 6-1405.01(a) reads:

> The Director shall seek to administer all building permits,
> certificates of occupancy and other provisions of this chapter, and
> all regulations issued hereunder, in a manner that is fair, efficient,
> predictable, readily adaptable to new technologies, consumer-
> oriented, devoid of unnecessary time delays and other
> administrative burdens, cost-effective, and directed at enhancing
> the protection of the public health, welfare, safety and quality of
> life.

DC ST § 6-1405.01

Whether a public officer has an obligation to perform acts set forth in a statute turns on

whether the acts are mandatory or discretionary.  A public officer has an absolute duty to

perform acts set forth in a statute, unless there is a clear grant of discretion.  *Chase v. United

States*, 261 F. 833, 837 (8th Cir. 1919).  "Shall," when used in statutes, is generally considered

mandatory, not discretionary. *Ass'n of Civilian Technicians, Montana Air Chapter No. 29 v.

Federal Labor Relations Authority*, 22 F.3d 1150, 1153 (D.C. Cir. 1994).  *See also Lexecon Inc.

v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (discussing "the mandatory

'shall,' which normally creates an obligation impervious to judicial discretion), *citing, Anderson

v. Yungkau,* 329 U.S. 482, 485; *Sierra Club v. Train*, 557 F.2d 485, 489 (5th Cir. 1977) ("'shall'

generally indicates a mandatory intent unless a convincing argument to the contrary is made.").[1]

Even in the absence of mandatory language directing a public officer to perform certain acts, courts have continued to find that public officers have an absolute, nondiscretionary duty to perform acts set forth in a statute. *Chase*, 261 F. at 837. This is particularly true when, as is the case here, the statute involves a public officer, and the statutorily authorized acts benefit the public. *Id.* ("what a public corporation or officer is empowered to do for others, and it is beneficial to them to have done, the law holds he ought to do. The power is conferred for their benefit, not his; and the intent of the Legislature, which is the test in these cases, seems under such circumstances to have been to impose a positive and absolute duty.") (internal quotation marks omitted). *See also French v. Edwards*, 80 U.S. 506, 508 (1871) ("[R]equirements intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, are not directory but mandatory. The power of the officer in such cases is limited by the manner and conditions prescribed for its exercise." ).

The clear language of Section 6-1405.01, in conjunction with the fact that the statute involves actions taken by a public officer for the benefit of the public, mandates that the Director of DCRA seek to administer regulations in the manner provided. As a member of the public, who is required to conduct business with DCRA, and for whom the mandate was intended to benefit, Plaintiff should have the ability to enforce those provisions when they are not being followed. A public officer who fails to perform those duties which he has an absolute duty to perform, is responsible to those for whose benefit the actions are required. *Chase,* 261 F. at 837.

---

[1] *But see Gallothom, Inc. v. District of Columbia Alcoholic Beverage Control Bd.*, 820 A.2d 530, 535 (D.C. 2003) ("Statutory provisions concerning the performance of duties by public officers generally are considered directory so that the interests of private parties and the public might not suffer due to the official's failure to act promptly.") (citations omitted).

In the absence of a private right of action brought by those who have been injured by the Director's failure to perform her statutorily mandated duties, the statute would be unenforceable. Public officials who have chosen to serve the public and are paid by tax dollars, have an obligation to perform, at a minimum, their statutory duties.  If those duties are not being fulfilled, a private right of action brought by a person who has been injured by the official's failure to abide by that statute, should be allowed.

### E.     Defendants Argo and Masoero Are Not Entitled to Qualified Immunity

Qualified immunity shields a government official from liability under § 1983 provided that the official's conduct did not violate a clearly established constitutional right of which a reasonable person would have known.  *Elkins,* 527 F.Supp.2d at 51.  *See also*, *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (qualified immunity is available to government officials in their exercise of discretionary functions, as long as those action do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."). However, a basic tenet of official immunity is that immunity "should be no broader than necessary to ensure effective governance."  *Westfall v. Erwin,* 484 U.S. 292, 298-99, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988).   The burden of proving entitlement to immunity rests squarely on the official.  *Dellums v. Powell*, 660 F.2d 802, 807 (D.C. Cir. 1981), *citing Dennis v. Sparks*, 449 U.S. 24, 29 (1980).

Defendants Argo and Masoero are not entitled to summary judgment on the grounds of qualified immunity for several reasons.  First, as discussed above, it is not clear that they were engaged in discretionary functions.  It is likely that discovery will uncover additional evidence bearing on the mandatory nature of Defendants' obligations with respect to ensuring that due

process is granted prior to, or immediately after, denying residents of their property rights.  If

their functions were mandatory, qualified immunity is not available.

Even if it is established that Defendants were engaged in discretionary functions, their

motion for summary judgment should fail because they simply cannot carry the burden of

demonstrating that an objectively reasonable public officer would not have known that his or her

actions ran afoul of basic protected property rights.  In evaluating Defendants' qualified

immunity claims, the facts as set forth by Plaintiff must be construed in the light most favorable

to the Plaintiff. *Tafler v. District of Columbia*, 539 F.Supp.2d 385, 390 (D.D.C. 2008) (Friedman,

J.); *Elkins*, 527 F.Supp.2d at 51.  With that as a starting point, the court must then (1) determine

whether a constitutional or statutory right was violated, and (2) examine whether the

constitutional right in question was clearly established at the time of the alleged violation.  *Elkins*

527 F.Supp.2d at 51.

The test for applicability of the doctrine focuses upon the objective legal reasonableness

of the official's action when measured against clearly established law. *Harlow v. Fitzgerald*, 457

U.S. at 819.  Therefore, if a "reasonable officer would understand that what he [was] doing

violated [a constitutional right]," he is not entitled to qualified immunity.  *Tafler*, 539 F.Supp.2d

at 390.  These standards, when applied to the facts at hand, clearly point toward a finding that

Defendants Masoero and Argo are not entitled to qualified immunity because any reasonable

officer should have understood that their actions were causing Plaintiff to be deprived of basic

constitutional rights.  At an absolute minimum, further discovery is warranted to determine

whether their duties were truly discretionary, and whether it is objectively reasonable for a

DCRA officer not to know the impact their failure to perform their duties would have.

### III.  THIS COURT SHOULD RETAIN JURISDICTION OVER THE STATE CLAIMS

The principles of pendent and ancillary jurisdiction of federal courts are long-standing, tracing their origins to case law prior to their codification at 28 U.S.C. § 1367.  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997).  "The federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that derive from a common nucleus of operative fact, such that the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"  *Id.* at 165 (internal quotations and citations omitted).  Congress has codified those principles at 28 U.S.C. § 1367.

The statute provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "[D]istrict courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.,* at 357.  Nonetheless, supplemental jurisdiction is discretionary, and may be refused when:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

This case does not raise any novel or complex issues of law, nor does the single state statutory claim substantially predominate over the constitutional questions at the heart of this matter.  As set forth above, there are indeed triable federal claims over which this Court has jurisdiction.  Finally, there are no compelling reasons for declining to hear the state law claim. There is no reason to forego the many benefits of this Court hearing all claims relating to this common nucleus of fact.  Therefore, Defendants' request that this Court decline supplemental jurisdiction and dismiss any remaining District law claims should be denied.

### CONCLUSION

Defendants' Motion, whether regarded as a Motion to Dismiss or for Summary Judgment must be denied.  Plaintiff has adequately pled violations of substantive and procedural due process and violations of the DC Code in conformity with the Federal Rules of Civil Procedure. Dismissal or summary judgment at this stage of the proceedings, where there has been no discovery and Defendants' have not even filed an Answer to Plaintiff's Complaint is premature. Moreover, there are numerous issues of material fact that are critical to the resolution of Plaintiff's claims and which will become further developed through the discovery process. Therefore, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, and issue an Order setting a deadline for submission of a proposed Joint Scheduling Order and scheduling a Rule 16 conference.

Respectfully submitted,

Dated:  August 4, 2008

_____/s/_____
DEANNA J. CHANG
DC Bar No. 458381
1315 Irving St. NW
Washington, DC 20010
ph:  202.486.3221
email:  morleymash@yahoo.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **DEANNA J. CHANG,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civ. A. No.:  08-cv-00871 (PLF)** |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| **DEPARTMENT OF CONSUMER AND** | : | |
| **REGULATORY AFFAIRS,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

_____:

### SUPPLEMENTAL AFFIDAVIT OF DEANNA J. CHANG

1.    In the spring/summer of 2007, a group of inspectors from DCRA were inspecting properties in the back alley of the 1300 block of Irving and Kenyon Streets, NW.

2.    One of the inspectors stopped construction at 1315 Irving Street and indicated that the work that was being conducted on the back sidewalk was improper.

3.    I happened to be home at the time, and showed the inspector the building permit and explained that the work being performed was merely replacing the old broken sidewalk.

4.    The inspector stated that he would report what he believed to be a violation of the permit.

5.    I never received a Notice of Violation, Stop Work Order, nor was a penalty ever assessed.

6.    I did not hear from the inspector or anyone else from DCRA regarding that matter again, and had forgotten about it until just recently.

7.    I was contacted by Mr. Copeland, counsel for Defendants on May 28, 2008. Mr. Copeland indicated that Defendants would seek additional time to respond to my Motion for a Preliminary Injunction and Complaint, and asked whether I would oppose that motion.

8.    I informed counsel for Defendants during that phone call that I had flexibility on those issues if Defendants would agree to allow me to resume construction at my house.  Mr. Copeland indicated he would check with his client to see if this was satisfactory.

9.    On May 30, 2008, Mr. Copeland informed me that Defendants would not allow construction to resume at my house.  Mr. Copeland also stated at that time that Defendants' position was that permits expire after one year.

10.    There was no discussion at that time, or at any other time prior to Defendants' filing their Supplemental Opposition to the Motion for a Preliminary Injunction on June 19, 2008, that Defendants' position was that I abandoned my permit by failing to work continuously.

11.    After the hearing on my Motion for a Preliminary Injunction on June 20, 2008, Mr. Copeland contacted me to request that I provide him evidence that work at the house was continual.

12.    I met with Mr. Copeland on June 23, 2008, with the same envelopes of receipts that I had brought with me to my April 8, 2008 meeting with Mr. Masoero, in addition to envelopes containing receipts for 2005 and 2008.

13.    Mr. Copeland requested copies of all the receipts, which I objected to.  Instead, I provided Excel spreadsheets for each envelope, and allowed Mr. Copeland to

select a receipt for each year that he thought would be adequate to show ongoing construction.

14.    I received an email on Wednesday June 25, 2008 indicating that the Stop Work Order had been lifted on my house and that the "property hold" in the DCRA database would be lifted from my house.

15.    I later received a copy of the Summary Motion for Dismissal of Charges(s) or Reduction of Fine(s) filed by Defendants at the Office of Administrative Hearings ("OAH") on June 26, 2008.

16.    The Motion for Dismissal of Charge was not granted by OAH until July 22, 2008.

I, Deanna J. Chang, declare under penalty of perjury that the foregoing is true and correct.

_____/s/_____
DEANNA J. CHANG
DC Bar No. 458381
1315 Irving St. NW
Washington, DC 20010
ph: 202.486.3221
email: morleymash@yahoo.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| DEANNA J. CHANG, | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civ. A. No.: 08-cv-00871 (PLF)** |
| | : | |
| DISTRICT OF COLUMBIA | : | |
| DEPARTMENT OF CONSUMER AND | : | |
| REGULATORY AFFAIRS, *et al.* | : | |
| | : | |
| **Defendants.** | : | |

_____:

**PLAINTIFF'S STATEMENT OF FACTS AND ISSUES**
**NECESSARY TO BE LITIGATED**

Pursuant to Rules 7(h) and 56.1 of the Local Rules of Civil Procedure, Plaintiff

sets forth below the facts and issues which she believes are necessary to determination of

her claims, and are in dispute.  Facts which have been identified as undisputed by

Defendants, but that Plaintiff believes are in dispute are set forth first, and contain both

the fact as set forth by Defendants, as well as what Plaintiff's statement regarding the

extent to which they are undisputed.

Every effort has been made to identify all issues and all facts, and to properly denote

whether they are at issue.  However, because there has been no discovery taken to date,

and Defendants have not yet filed their Answer to Plaintiff's Complaint, there may be

some facts which are not readily identifiable as in dispute or not in dispute.  Moreover,

Plaintiff anticipates that as discovery is taken, additional facts will come to light that will

be relevant to determination of her claims.

## I. STATEMENTS SET FORTH IN DEFENDANTS' STATEMENT OF UNOCONTESTED [SIC] MATERIAL FACTS WHICH PLAINTIFF CONTESTS

**"2.      There were no DCRA inspections to 1315 Irving Street NW, Washington D.C. between December 1, 2005 and March 19, 2008.  Exhibit 1, Affidavit of Don Masoero, at ¶9."**

**Plaintiff's Response:**  There was at least one other "informal" inspection of 1315 Irving St., NW, and it occurred in the spring/summer of 2007.  At that time, several DCRA Inspectors were canvassing the alley behind Plaintiff's home, and indicated that the work that was being conducted on the back sidewalk was improper.  Plaintiff happened to be home at the time, and showed the inspector the building permit, and explained that the work being performed was merely replacing the old broken sidewalk.  The inspector stated that he would report what he believed to be a violation of the permit.  Plaintiff never received a Notice of Violation, Stop Work Order, nor was a penalty ever assessed.  Plaintiff did not hear from the inspector or anyone else from DCRA regarding that matter again.  Exh. 1 to Plaintiff's Opposition to Defendants' Motion to Dismiss, or in the Alternative, Summary Judgment, Supplemental Affidavit of Deanna J. Chang ("Pl's Supp. Aff.") at ¶¶ 1-6.

There may have been additional inspections at 1315 Irving St. that Plaintiff is unaware of.  Plaintiff is aware of the above inspection merely because she happened to be home at the time.  It is possible that there were other inspections that Plaintiff is not aware of, since random inspections that showed the construction was in compliance with the building permit would not have been brought to Plaintiff's attention.

**"3.      On March 19, 2008, Inspector Michael Pearson, pursuant to a citizen complaint, investigated 1315 Irving Street NW, Washington, D.C.  Exhibit 2, Affidavit of Michael Pearson, at ¶ 3."**

<u>**Plaintiff's Response**</u>:  Plaintiff has no knowledge regarding whether the March

19, 2008 inspection was pursuant to a citizen complaint.  As no discovery has

taken place, it is unclear whether this is a material fact that will be undisputed.

**"5.      Inspector Pearson also issued a Stop Work Order ("SWO") on the property because Plaintiff failed to post permits or approval stickers on the property.  Exhibit 2, at ¶5."**

<u>**Plaintiff's Response**</u>:  Plaintiff is unaware of whether the failure to post approval

stickers on the property was a basis for issuance of the SWO.  This is a material

issue of fact since Plaintiff is aware of no requirement in the DC Code or DC

Municipal Regulations (DCMR) that inspection approval stickers be posted on the

property.  If one of the bases for the SWO was failure to post inspection approval

stickers, this is relevant to the denial of due process and the reasonableness of the

Defendants' actions.

## II.    STATEMENTS RELIED UPON BY DEFENDANTS IN THEIR MOTION WHICH ARE DISPUTED

**1.      "At the appeal, Plaintiff was provided an opportunity to explain the basis of her appeal and offer evidence.  *See* Exhibit 1, at ¶¶ 9-10."  Def's Mem. at 2.**

<u>**Plaintiff's Response:**</u>  Plaintiff was not provided an opportunity to offer

evidence or a meaningful opportunity to explain the basis of her appeal.  Plaintiff

brought with her to the meeting envelopes of receipts documenting work for the

years 2006 and 2007.  She offered to show Mr. Masoero those receipts as

evidence of ongoing construction, but he refused to look at them.  *See* Pl's Aff. at

¶¶ 31, 36, 39.

Plaintiff also disputes that she was given a meaningful opportunity to explain the basis of her appeal, since Mr. Masoero was unable to provide the source for his interpretation of the regulations, and refused to respond to any of the evidence presented by Plaintiff in a meaningful way.  Complaint at ¶ 28; Pl's Aff. at ¶¶ 34-36, 38-39, 41-44.

**2.    "After listening to Plaintiff's justifications, Mr. Masoero determined  that the building permit had been abandoned and was, therefore, invalid under D.C.Mun. Regs. tit. 12A,  105.5.  *Id*., at ¶9.  Def's Mem. at 2.  The basis of his decision was that the owner failed to provide any evidence that she requested an extension to the permit pursuant to D.C. Mun. Regs. tit. 12A, § 105.5.1.  *Id*.  In considering Plaintiff's appeal, Mr. Masoero based his decision squarely on the provisions of the Municipal Regulations governing abandonment and expiration of permits.  *See* Exhibit 1, at Para. 9."  Def's Mem. at 2-3.**

> **Plaintiff's Response:**  The basis for Mr. Masoero's decision on the appeal of the SWO was his belief that permits automatically expire after one year, unless the permit-holder received a renewal, regardless of whether construction was ongoing.  Abandonment of the permit was not identified as a basis for Mr. Masoero's denial of the appeal until the day prior to the hearing on Plaintiff's Motion for a Preliminary Injunction.  Complaint at ¶ 25, 28; Pl's Aff. at 34, 36, 38, 53; Pl's Supp. Aff. at ¶9, 10.

**3.    "In addition, Plaintiff failed to provide any evidence that supported her allegation of continuous work from April 28, 2005 through March 19, 2008.  *Id*."  Def's Mem. at 3.**

> **Plaintiff's Response**:  Plaintiff had envelopes of receipts for work performed during 2006 and 2007 with her at the meeting with Mr. Masoero on April 8, 2008. Plaintiff offered to go through those receipts with Mr. Masoero to show that work had been continuous, but he refused to look at them.  Mr. Masoero indicated at

that time that it was not relevant whether Plaintiff had performed work during

those years, since her permit expired one year after issuance.  Complaint at ¶ 25,

28; Pl's Aff. at ¶¶ 31, 36-39, 43.  Moreover, the receipts are the same receipts that

were later deemed satisfactory to show evidence of ongoing construction.  Pl's

Supp. Aff. at ¶11-14.

**4.    "In conducting his appeal, Mr. Masoero considered both the law and the facts, as presented to him.  *Id*."  Def's Mem. at 3.**

<u>**Plaintiff's Response**</u>:  Mr. Masoero did not consider either the law or the facts as

presented to him in conducting his appeal.  Mr. Masoero was unknowledgeable

about the law, and was wholly unable to support his position.  He refused to look

at evidence of ongoing construction, he summarily dismissed the advice given by

other employees of DCRA, and he gave no weight, and in fact later denied having

been showed, written publications indicating that his interpretation was incorrect.

Complaint at ¶¶25-28, Pl's Aff. at ¶¶ 34-36, 38-44, 47, 53-54, and Exh. 7 to Pl's

Aff.


**III.    ADDITIONAL FACTS AND ISSUES UPON WHICH DISCOVERY IS NECESSARY**

Plaintiff anticipates that there will be disputed facts regarding each material element of

her claims as discovery proceeds.  As noted in Plaintiff's Memorandum, there has been

no discovery whatsoever, and Defendants have not even filed an Answer to Plaintiff's

Complaint.  Therefore, Plaintiff cannot state that the above represents the full universe of

disputed facts.

Dated:  August 4, 2008

Respectfully submitted,

_____/s/_____

DEANNA J. CHANG
DC Bar No. 458381
1315 Irving St. NW
Washington, DC 20010
ph:  202.486.3221
email:  morleymash@yahoo.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| **DEANNA J. CHANG,** | : |
|  | : |
| **Plaintiff,** | : |
| **v.** | :    **Civ. A. No.:  08-cv-00871 (PLF)** |
|  | : |
| **DISTRICT OF COLUMBIA** | : |
| **DEPARTMENT OF CONSUMER AND** | : |
| **REGULATORY AFFAIRS,** _et al._ | : |
|  | : |
| **Defendants.** | : |

_____:

**PROPOSED ORDER**

For the reasons set forth in Plaintiff's Opposition to Defendants' Motion to

Dismiss, or in the Alternative, for Summary Judgment, it is hereby ORDERED that

Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment is

DENIED.

It is further ORDERED that the Parties shall appear before this Court on

_____, 2008 for a scheduling conference pursuant to Fed. R. Civ. P.

16 and LCvR 16.4.

Dated: _____                           _____

                                                                   HON. PAUL L. FRIEDMAN
                                                                   United States District Court Judge