### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEANNA J. CHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-cv-00871 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| DEPARTMENT OF CONSUMER | ) | |
| AND REGULATORY AFFAIRS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"), Adrian M. Fenty, Linda K. Argo, and Donald Masoero ("Defendants") hereby reply in support of their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. What Plaintiff continues to claim is a breach of her constitutional rights is nothing more than an ordinary local regulatory dispute.

Plaintiff's claims are essentially "state law claim[s] in federal garb." *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 294 (D.C. Cir. 2000). "Purged of its spurious constitutional overtones," *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 129 (1985), this case merely challenges the District's enforcement of its building-code laws. "Such a question is not one of constitutional import; it is a question of state law and its resolution is best left to the local courts." *American Tower v. Williams*, 146 F. Supp. 2d 27, 31 (D.D.C. 2001). Plaintiff has failed to plead facts rising to the level of constitutional violations, and her case should be dismissed.

I.      *Elkins v. District of Columbia*, relied on by Plaintiff, supports dismissal of Plaintiff's due process claims.

In her Opposition, Plaintiff refers the Court to *Elkins v. District of Columbia*, 527 F. Supp. 2d 36 (D.D.C. 2007). Opp. at 5. District Defendants concur that *Elkins* is instructive in this case. First, the case demonstrates that Plaintiff here fails to allege actions constituting a violation of procedural due process because she received notice of the SWO and because she received an opportunity to be heard in the appeal process. Additionally, *Elkins*, illustrates that the conduct by the District, as alleged in Plaintiff's complaint, does not rise to the high bar required to support a substantive due process claim.

In *Elkins*, the plaintiffs obtained building permits from DCRA for the purpose of renovating their row house. After pressure was applied by neighbors who opposed the building plans, DCRA issued a stop work order, searched the house pursuant to an administrative warrant, and proposed revocation of the permits. *Id*. at 40-44. The *Elkins* plaintiffs challenged DCRA's actions, appealing to the Office of Administrative Hearings. The proceedings revealed that, despite some District officials maintaining that plaintiffs' permits were all legitimate and valid, a Historic Preservation Officer second-guessed DCRA's approvals and successfully sought to stop the project. *Id*. at 40-1. Among the findings of the OAH was that DCRA seldom provided written notice of hearing rights with stop work orders and notices of violation, that DCRA only occasionally provided oral notice of hearing rights, and that DCRA failed to advise plaintiffs of their appeal rights related to the SWO. *Id*. at 43.

In the midst of their OAH appeal, the *Elkins* plaintiffs filed suit in the United States District Court for the District of Columbia alleging multiple constitutional

violations against various District officials.  *Id*. at 44.  Among those constitutional claims

were claims for procedural and substantive due process violations.  *Id.* at 47.  The U.S.

District Court ruled against the plaintiffs, dismissing both due process claims prior to

discovery.  *Id*. at 51.

In dismissing the *Elkins* plaintiffs' procedural due process claim, the Court found

that plaintiffs were not deprived of procedural due process because (1) they were given

notice of the proposed revocation, and (2) they were given an opportunity to be heard in

opposing the proposed revocations.  *Id*. at 48.[1]  "Plaintiffs had a full – if tardy –

opportunity to challenge the proposed revocation and everything that went before.  In

these circumstances, the Court does not find a procedural due process violation."  *Id*. at

49.

Here, as in *Elkins*, the facts pled in Plaintiff's complaint – even when assumed to

be true – fail to rise to a level constituting a violation of procedural due process.  While

there is no doubt that she disagreed with the result of her appeal with Mr. Masoero,[2]

Defendants afforded her an opportunity to be heard in a meaningful way.  Complaint at

¶¶ 23-29 (describing the substance of Plaintiff's appeal with Mr. Masoero).  Moreover,

the SWO appeal process at issue in this case is constitutionally sufficient.  *See 3883

Connecticut LLC v. District of Columbia*, 336 F.3d 1068 (D.C. Cir. 2003); *Eastern

Trans-Waste of Maryland, Inc. v. The District of Columbia*, 2007 U.S. Dist. LEXIS

---

[1] The Court specifically relied on *American Towers, Inc. v. Williams*, 146 F. Supp. 2d 27, 33 (D.D.C. 2001), where this Court found no deprivation of procedural due process where the plaintiff merely had the opportunity to file a written response DCRA's proposed rescission of plaintiff's permit and where DCRA nevertheless rescinded the permit.
[2] Plaintiff appears to equate the opportunity to being heard in a meaningful way with the government agreeing with her position, demonstrating her fundamental misunderstanding of the requirements of procedural due process.  *See 3883 Connecticut LLC*, 336 F.3d at 1074.

21790 (D.D.C. March 27, 2007).  Plaintiff's complaint does not contain allegations constituting a violation of procedural due process.

In denying *Elkins* plaintiffs' substantive due process claim, the Court was mindful that "[i]nadvertent errors, honest mistakes, agency confusion, even negligence in the performance of official duties, do not warrant redress.  A mere violation of law or deviation from regulations and procedures has been found insufficient to support a substantive due process claim."  *Elkins*, 527 F. Supp. 2d at 49-50, *citing Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988); *American Fed'n of Gov't Employees, Local 446 v. Nicholson*, 475 F.3d 341, 353 (D.C. Cir. 2007); *Duckett v. Quick*, 282 F.3d 844, 848 (D.C. Cir. 2002).  Indeed, the fact that the District Defendants in *Elkins* expressed internal disagreement about the status and propriety of the proposed permit revocations and accompanying SWO's did not elevate the District's conduct to "meet the high bar required to support a substantive due process claim."  *Elkins*, 517 F. Supp. 2d at 50.

Similarly, in this case, Plaintiff's allegations, even if assumed to be true, fall short of the actions of the *Elkins* defendants, particularly those of the Historic Preservation Officer, "who seem[ed] to have organized a campaign against the construction on the Property."  *Id.*, at 41.  The actions described in Plaintiff's complaint do not constitute "substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law that trammels significant personal or property rights."  *Silverman*, 845 F.2d at 1080.  As such, she cannot demonstrate a substantive due process violation.

Plaintiff's constitutional claims should be dismissed pursuant to Rule 12(b)(6). She has failed to plead allegations that, if proved true, are sufficient to establish violations of either procedural due process or substantive due process.

## II.    Neither the language nor the legislative history of D.C Code § 6-1405.01(a) indicates that it creates a private right of action under which Plaintiff may bring suit.

To determine whether a statute creates a private right of action, "what must ultimately be determined is whether Congress intended to create the private remedy asserted. . . ." *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-16 (1979). In the present case, neither the language nor the legislative history of D.C. Code § 6-1405.01(a) gives any indication that a private right of action exists. The relevant provision reads:

> The Director shall seek to administer all building permits, certificates of occupancy and other provisions of this chapter, and all regulations issued hereunder, in a manner that is fair, efficient, predictable, readily adaptable to new technologies, consumer-oriented, devoid of unnecessary time delays and other administrative burdens, cost-effective, and directed at enhancing the protection of the public health, welfare, safety and quality of life.

D.C. OFFICIAL CODE § 6-1405.01(a).

Citing a 1919 case from the Eighth Circuit, Plaintiff argues that this language creates "an absolute, nondiscretionary duty to perform acts set forth in [the] statute." Opp. at 12. In doing so, she ignores the reality that neither the plain, unambiguous language of the statute, nor its legislative history contemplates creating a private right of action. Indeed, Defendants' research has not yielded any action ever brought under this statute.

The District of Columbia Court of Appeals articulated a three part test to determine the existence of a private right of action in *Coates v. Elzie*, 768 A.2d 997 (D.C. 2001) (adapting it from *Cort v. Ash*, 755 U.S. 66 (1975). The three questions are: (1) Is the plaintiff "one of the class for whose especial benefit the statute was enacted?" (2) Is there any explicit or implicit legislative intent to either create or deny a remedy? (3) "[I]s it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?" *Coates*, 768 A.2d at 1001. As a permit holder, Plaintiff would may fall within the class for whose benefit the statute was enacted; however, she is unable to point to any intent or purpose to create a cause of action. There is no penalty provision, and there no enforcement provision. Quite simply, D.C. Code § 6-1405.01(a) does not provide Plaintiff a private cause of action, and her claim should be dismissed.

III.    **Summary Judgment is appropriate, even without discovery, as there are no *material* facts in dispute.**

Plaintiff spends the majority of her Opposition arguing that, should the Court approach Defendants' motion as one for summary judgment, it should nevertheless deny it. Opp. at 4-11. Her argument has two main thrusts: (1) summary judgment is inappropriate in the absence of discovery; and (2) Defendants' motion is supported by facts in dispute. Neither argument is valid in this instance because the case's current posture does not foreclose summary judgment and because Plaintiff fails to identify any material facts in dispute.

Plaintiff argues that summary judgment would be premature in this case because there has not been able to conduct discovery. Opp. at 5-6. Among the cases she cites for support is *Elkins v. District of Columbia*. Opp. at 5. As previously discussed, *supra*, the plaintiffs' procedural and substantive due process claims were dismissed at the beginning

of that suit *without any discovery* being conducted.  *Elkins*, 527 Fupp. 2d at 51.

Summary judgment should not be foreclosed, even at the early stages of litigation, when

appropriate,

        More importantly, summary judgment is appropriate at this stage because there

are no *material* issues of fact in dispute.  An opponent's assertion of "the mere existence of

*some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no genuine issue

of material fact. . . . Only disputes over facts that might affect the outcome of the suit under

governing law will properly preclude the entry of summary judgment."  *Vessels v. District*

*of Columbia*, 531 A.2d 1016, 1019, n.9 (D.C. 1987), *quoting Anderson v. Liberty Lobby,*

*Inc.* 477 U.S. 242, 248 (1986) (emphasis in original).

        Plaintiff's Opposition fails to provide a statement of any disputed issues and

material facts that need to be litigated.  Plaintiff's entire Statement of Facts and Issues

Necessary to be Litigated (SFINL), fails to comply with LCvR 56.1, requiring that a

party opposing summary judgment append a "a separate concise statement of genuine

issues setting forth all material facts as to which is contended there exists a genuine issue

necessary to be litigated which shall include references to the parts of the record relied on

to support the statement." LCvR 56.1.

        The SFINL is not a concise statement of genuine issues of material fact that exist

that need to be litigated; rather, it impermissibly presents further argument.[3]  Nowhere in

---

[3] Plaintiff's SFINL does contain a section listing "Additional Facts and Issues Upon Which Discovery is
Necessary;" however, it merely reads, "Plaintiff anticipates that there will be disputed facts regarding each
material element of her claims as discovery proceeds.  As noted in Plaintiff's Memorandum, there has been
no discovery whatsoever, and Defendants have not even filed an Answer to Plaintiff's Complaint.
Therefore, Plaintiff cannot state that the above represents the full universe of disputed facts."  SFINL at 5-
6.  Plaintiff fails to note a single fact in this section or to note a reference to the record.

her Opposition or in the SFINL does Plaintiff provide a concise statement of genuine issues and disputed material facts. Defendants should not have to guess or attempt to discern what Plaintiff contends are material facts by parsing through long nebulous narratives. For instance, Plaintiff argues that it is material that there may have been an "informal" inspection of her property in 2007 when DCRA Inspectors were canvassing the alley behind her house. SFINL at 2. This is obviously immaterial to her claims before the Court.

Consequently, her SFINL fails to conform to this Circuit's "strict compliance" rule. *See Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002) ("This circuit has long upheld strict compliance with the district court's local rules on summary judgment when invoked by the district court."); *Twist v. Meese*, 854 F.2d 1421, 1424-5 (finding lack of compliance with rule requiring statement of material facts in dispute may be regarded as fatal).

Plaintiff failed to adhere to the "strict compliance" rule with her SFINL, and the Court should reject it. Plaintiff has failed to raise a genuine issue of material fact contradicting any portion of the Defendants' Statement of Uncontested Material Facts, and she has failed to identify and support any genuine issues of material fact that should be litigated. Consequently, the Court should grant summary judgment in favor of the District Defendants.

## <u>CONCLUSION</u>

For the reasons stated above, as well as those set forth in Defendants' original motion, Defendants respectfully request this Court grant its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of
Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I


/s/ Chad Copeland
CHAD COPELAND[4]
Assistant Attorney General
441 Fourth Street, N.W.
Suite 600 South
Washington, D.C. 20001
(202) 724-6623 (telephone)
(202) 727-0431 (fax)
chad.copeland@dc.gov


## CERTIFICATE OF SERVICE

     I hereby certify that on the 11th day of August, 2008, I caused **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** to be served on Plaintiff via the Electronic Case Filing system.


                    By:      /s/ Chad Copeland/s/
                                 CHAD COPELAND
                                 Assistant Attorney General

---

[4]      DC Bar Application pending.  Member of Texas Bar in good standing.  Authorized by the Office of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the United States District Court for the District of Columbia Local Rules 83.2(d) and 83.2(e).