UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEANNA CHANG,

Plaintiff,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF REGULATORY AND CONSUMER AFFAIRS, et al.,

Defendants.

Civil Action No. 08-0871 (PLF)

OPINION

This matter is before the Court on defendants' motion to dismiss or, in the alternative, for summary judgment. After careful consideration of the parties' papers and the entire record in the case, the Court will grant defendants' motion to dismiss as to all counts.[1]

I. BACKGROUND

Plaintiff Deanna J. Change alleges violations of her procedural and substantive due process rights, as well as violations of Section 6-1405.01 of the District of Columbia Code, arising from the issuance of a stop work order on renovations done to her home. See Compl. ¶¶ 1-2. According to the allegations in the complaint, plaintiff received Building Permit No. B472074 from the District of Columbia Department of Consumer and Regulatory Affairs

[1] The Court considered the following papers: the Complaint ("Compl."); Defendants' Motion to Dismiss or in the Alternative for Summary Judgment ("Mot."); Plaintiff's Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment ("Opp."); and Defendants' Reply in Support of their Motion to Dismiss or in the Alternative for Summary Judgment ("Rep.").

("DCRA") to renovate her residence at 1315 Irving St., N.W. on April 28, 2005. See Compl. ¶ 10. The renovations were still ongoing on March 19, 2008 when the DCRA issued a stop work order. See Compl. ¶¶ 10-11. The Order alleged four separate violations of the District of Columbia's Construction Codes: (1) working without a building permit; (2) working without a demolition permit; (3) failure to post a building permit; (4) failure to post a demolition permit. See Compl. ¶ 15.

On March 21, 2008, plaintiff went to the DCRA to inquire about the stop work order. See Compl. ¶ 16. A DCRA employee, Tomeka Jones, informed plaintiff that the proper method for removing the stop work order was to file a Notice of Appeal with the Chief Building Inspector, Don Masoero, at DCRA. See Compl. ¶ 18. Plaintiff filed her appeal that same day. See Compl. ¶ 18. The issue was not resolved, and plaintiff subsequently filed a Notice of Appeal with defendant Linda Argo, the Director of DCRA. See Compl. ¶¶ 19, 21. On April 4, 2008, plaintiff met with Mr. Masoero, who agreed that three of the violations — failure to post a building permit, working without a demolition permit, and failure to post a demolition permit — were invalid. See Compl. ¶¶ 23, 24. At the same meeting, Mr. Masoero informed plaintiff that her building permit had expired, putting her in violation of the Construction Codes. See Compl. ¶ 25. Plaintiff believed that Mr. Masoero was incorrect in stating that her permit had expired. See Compl. ¶ 26. Plaintiff requested a hearing before the Office of Administrative Hearings on her challenge to Mr. Masoero's determination, and was waiting for that hearing to be scheduled when she filed a complaint and a motion for preliminary injunction in this Court. See Compl. ¶ 30. Plaintiff named as defendants the DCRA, Mayor Adrian Fenty in his official capacity, and Linda Argo and Don Masoero in their individual and official capacities. The Court heard

argument on June 20, 2008, but in light of representations made in a joint report filed by the parties stating that the stop work order had been lifted, the Court denied the motion for preliminary injunction as moot. See July 21, 2008 Minute Order; see also Joint Report Concerning Preliminary Injunction.

## II. DISCUSSION

Defendants move to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants argue that plaintiff does not plead a cause of action for procedural or substantive due process, that Section 6-1405.01(a) of the District of Columbia Code does not confer a private right of action on plaintiff, and that in the absence of any viable federal claim the Court should decline to exercise supplemental jurisdiction and should dismiss the remaining claims. They also argue that defendants Linda K. Argo and Don Masoero enjoy qualified immunity for the claims asserted against them. The Court will grant defendants' motion to dismiss in its entirety.

### *A. Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to provide the "grounds" of "entitle[ment] to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 555; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). While there is no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 550 U.S. at 556, "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 557-58. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 555, or must be sufficient "to state a claim to relief that is plausible on its face." Id. at 570. The Court referred to this newly clarified standard as "the plausibility standard." Id. at 560 (abandoning the "no set of facts" language from Conley v. Gibson).

On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. at 2200; see also Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d at 15. It must construe the complaint "liberally in the plaintiff['s] favor, and grant plaintiff[] the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see also Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d at 15. The Court, however, need not accept inferences drawn by a plaintiff if those inferences are

unsupported by facts alleged in the complaint; nor must it accept plaintiff's legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).

### *B. Procedural Due Process Claim*

For her procedural due process claim, plaintiff asserts that she had a constitutionally protected property right in her building permit and that defendants issued the stop work order without basis and without prior notice and the opportunity for a hearing. The Court will assume, for the purposes of this discussion, that plaintiff had a valid property interest in Building Permit B472074, a point defendants do not contest in their motion. See 3883 Connecticut LLC v. District of Columbia, 336 F.3d 1068, 1072 (D.C. Cir. 2003) (finding a property interest in the possession of a building permit). At issue is whether plaintiff received adequate process in conjunction with issuance of the stop work order.

The provisions of the D.C. Construction Codes in force at the time provided for the following appeals process:

> 112.1 Appeals within the Department. The owner of a building or structure or any person suffering a legal wrong, or adversely affected or aggrieved, may initiate an appeal, within the Department from a stop work order . . . .
>
> 112.1.1 Official Notice of Action. The official inspector, or other person whose action or decision is being appealed shall provide the claimant written notice of the action or decision, which shall state as a minimum the name of the claimant, address of the property in question, nature of violation or non-compliance, section of the construction codes providing the basis for the action or decision taken, and the reviewing official within the Department to whom the appeal should be taken.

> 112.1.2 Action on Appeal. Within three (3) working days of receipt of the appeals form, the reviewing official shall affirm, modify, or reverse the previous action or decision. If the reviewing official affirms or modifies the previous action or decision, the claimant may request a review of the matter by the Director. Further, if the reviewing official does not act upon the appeal within the three working day period, the decision will be deemed affirmed and the claimant may proceed to request review by the Director. The Director will act on the request within an additional three (3) working days. The decision of the Director shall be the final decision of the Department. If the Director does not act within the three working day period, or denies the appeal, the claimant may appeal the matter directly to the Board of Appeals and Review.
>
> 112.2 Appeal to Board of Appeals and Review. The owner of a building or structure any person suffering a legal wrong or adversely affected or aggrieved by a final decision of the code official, as set forth above in § 112.1 may appeal to the D.C. Board of Appeals and Review.

D.C. MUN. REGS. tit. 12A § 112 (2008).[2]

In 3883 Connecticut LLC v. District of Columbia, 336 F.3d at 1073, the D.C. Circuit considered an earlier iteration of these same appeal provisions under the standard established by the Supreme Court in Mathews v. Eldridge, 424 U.S. 319 (1976). It concluded that these procedures afford a permit holder adequate process to challenge a stop work order, explaining:

> [T]he permit holder has a substantial interest in the continued effect of the permit and in proceeding with a project without delay. . . . At the same time, we recognize the District's significant interest in maintaining its capability to act swiftly to bring an immediate halt to construction work that poses a threat to public health and safety or to the environment. . . . Moreover, the regulations provide for expedited post-deprivation review before two District officials and then immediate appeal to the District

[2] The Construction Codes have since been amended slightly. See D.C. MUN. REGS. tit. 12A §§ 112A-114A (2009).

> Board of Appeals and Review — a procedure that reduces the risk of protracted harm from a wrongly issued permit. . . . We therefore conclude that these protections meet the requirements of due process.

3883 Connecticut LLC v. District of Columbia, 336 F.3d at 1074 (citations omitted). This Court finds that the D.C. Circuit's decision in 3883 Connecticut is controlling here; plaintiff has alleged no basis for distinguishing the process that she received from that found adequate in 3883 Connecticut.

More specifically, plaintiff alleges that the stop work order was issued by Michael Pearson, acting on behalf of DCRA, and that it alleged four violations of the Construction Codes. See Compl. ¶ 15, Ex. 3 (Stop Work Order).[3] The stop work order met the requirements of Section 112.1.1: It provided written notice of the action (issuance of a stop work order); and it stated the address of the property in question, the nature of the violation (failure to obtain a permit), the specific sections of the Construction Codes at issue, and the process for review, including the name of the reviewing official (Don Masoero). See D.C. MUN. REGS. tit. 12A § 112.1.1 (2008). Although the notice did not state plaintiff's name, as required, plaintiff's allegations that she acted immediately following receipt of the stop work order, see Compl. ¶ 16, make plain that she was in no way hampered in the appeals process by the failure to include her name on the notice.

---

[3] In assessing the legal sufficiency of the complaint, the Court may consider the facts as alleged in the complaint, as well as documents incorporated into the complaint by reference. See Wagener v. SBC Pension Benefit Plan, 407 F.3d 395, 397 (D.C. Cir. 2005) (noting that in reviewing district court's grant of motion to dismiss for failure to state a claim, the court could refer to "exhibits attached to, and the documents incorporated by reference in, the complaint.")

Plaintiff then filed a Notice of Appeal of the stop work order with Mr. Masoero, the first step in the appeals process conceived of by the Construction Codes. See Compl. ¶ 18; D.C. MUN. REGS. tit. 12A § 112.1 (2008). At that point, Mr. Masoero was obliged to affirm, modify, or reverse the action within three working days. See D.C. MUN. REGS. tit. 12A § 112.1.2 (2008). Plaintiff alleges that Mr. Masoero's office called her within three days, but that the office representative stated that they did not have a record of the stop work order and could not proceed until they located it. See Compl. ¶ 20. On the fourth working day after plaintiff filed her Notice of Appeal, Mr. Masoero's office still had not resolved the matter. See id. ¶ 21. If the reviewing official does not act upon an appeal within three working days, it "will be deemed affirmed and the claimant may proceed to request review by the Director." D.C. MUN. REGS. tit. 12A § 112.1.2 (2008). Plaintiff proceeded to this next step by filing her Notice of Appeal with Ms. Argo (the Director of DCRA). See Compl. ¶ 21.

The regulations next provide that the Director must act upon the request within three additional working days, but "[i]f the Director does not act within the three working day period, or denies the appeal, the claimant may appeal the matter directly to the Board of Appeals and Review [now the Office of Administrative Hearings]." D.C. MUN. REGS. tit. 12A § 112.1.2 (2008). Ms. Argo did not act on the appeal within the three day window, see Compl. ¶ 22, but plaintiff did not immediately follow the next step provided for by the regulations and appeal the matter directly to the Office of Administrative Hearings. See Compl. ¶ 23 (alleging that the next event was a meeting scheduled with Mr. Masoero's office). Plaintiff did appeal the Notice of Infraction that Mr. Masoero issued on April 2, 2008 (which she received on or before the April 8, 2008 meeting with him) to the Office of Administrative Hearings. She had been waiting for the

hearing to be scheduled when she filed suit approximately six weeks later. See Compl. ¶¶ 23, 24, 30, Ex. 6 (Notice of Infraction).

The allegations in plaintiff's complaint show that she received notice of the infraction and the opportunity to be heard through a multi-level appeals process. She received notice of the available procedures for appeal, because the Stop Work Order Appeal Form identifies the provision of the Construction Codes that provides for the appeals process and summarizes the process for appeal. See Compl., Ex. 4. Plaintiff complains of the initial inaction by Mr. Masoero and Ms. Argo, but the Construction Codes provide that in the event of inaction, after three working days an appealing party can bypass the inactive official and proceed to the next step in the review process. See 3883 Connecticut LLC v. District of Columbia, 336 F.3d at 1074 (concluding that the District's procedures provided adequate due process in part because they provided for "post-deprivation review before two District officials and then immediate appeal to the District Board of Appeals and Review"). The Construction Codes do not provide a time frame within which the Office of Administrative Hearings must act, but the D.C. Circuit in 3883 Connecticut considered the appeals process in its entirety and concluded that the procedures were adequate, even though they lacked such a deadline. See id.; see also Eastern Trans-Waste of Maryland v. District of Columbia, Civil Action No. 05-0032, 2007 U.S. Dist. LEXIS 21790 at *12 (D.D.C. March 27, 2007) ("[N]owhere did the court of appeals in 3883 Connecticut base its decision or reasoning on the expeditiousness of the review process."). The claim for procedural due process violations will be dismissed.[4]

---

[4] Plaintiff also complains that Mr. Masoero's decision in the Notice of Infraction was incorrect, but this allegation does not state a claim for a procedural due process violation. If an individual receives adequate notice and the opportunity to be heard in a meaningful manner,

*C. Substantive Due Process*

Plaintiff alleges that defendants violated her substantive due process rights through issuance of the stop work order, which deprived her of the use and value of a substantial portion of her home. In order to maintain an action for a substantive due process violation a plaintiff must allege (1) the existence of a legally cognizable property interest, and (2) egregious governmental misconduct in depriving plaintiff of that interest. See George Wash. Univ. v. District of Columbia, 318 F.3d 203, 206-09 (D.C. Cir. 2003).

> "[I]n a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 847 n. 8 (1998). Most likely to rise to that level is "conduct intended to injure in some way unjustifiable by any government interest." Id. at 849.

Feirson v. District of Columbia, 506 F.3d 1063, 1066-67 (D.C. Cir. 2007). Nothing in the allegations in plaintiff's complaint amount to this level of violation, and it is established that "[i]nadvertent errors, honest mistakes, agency confusion, even negligence in the performance of official duties, do not warrant redress." Eastern Trans-Waste of Md., Inc. v. District of Columbia, 2007 U.S. Dist. LEXIS 21790 at *14 (quoting Silverman v. Barry, 845 F.2d 1072, 1080 (D.C. Cir. 1988)).

While Mr. Masoero may have been incorrect in his interpretation of the Construction Codes, plaintiff has not alleged any motivation on the part of defendants that would make such an allegation amount to stating a claim for a substantive due process violation. In

---

her procedural due process rights have not been violated, even though she believes the decision that results from that opportunity to be heard to be incorrect. See American Towers, Inc. v. Williams, 146 F. Supp. 2d 27, 33 (D.D.C. 2001).

Eastern Trans-Waste, for example, the plaintiff asserted a substantive due process claim against the District of Columbia for delay in issuing a building permit. Id. at *7. Judge Oberdorfer granted judgment in favor of the defendants in that case because the plaintiff had not presented any evidence that the District had deliberately delayed the permitting process in order "to artificially depress the value of [plaintiff's] property," or "to hamper [plaintiff] from competing with the District in the solid waste business;" rather, the delays were caused by the District's concern about the scope and extent of the plaintiff's planned construction. Id. at *15, 20-21. Similarly, plaintiff in this case has alleged no motive on the part of any of the defendants that would make their alleged behavior amount to a substantive due process violation. This claim also will be dismissed.

*D. Violation of District of Columbia Code § 6-1405.01*

Defendants seek dismissal of plaintiff's claim under District of Columbia Code § 6-1405.01 on the ground that the statute does not create a private right of action. The relevant statutory language is as follows:

> The Director shall seek to administer all building permits, certificates of occupancy and other provisions of this chapter, and all regulations issued hereunder, in a manner that is fair, efficient, predictable, readily adaptable to new technologies, consumer-oriented, devoid of unnecessary time delays and other administrative burdens, cost-effective, and directed at enhancing the protection of the public health, welfare, safety and quality of life.

D.C. Code § 6-1405.01(a). Nothing in the statute explicitly creates a private right of action, nor, based upon the Court's research, has the statute ever been interpreted to provide for one. While it is sometimes possible to imply a private right of action when a statute does not expressly

provide for it, "in recent decades the Supreme Court has 'retreated from [its] previous willingness to imply a cause of action where Congress has not provided one.'" Prunte v. Universal Music Group, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) (quoting Corr. Serv. Corp. v. Malesko, 534 U.S. 61, 67 n.3 (2001)); see also National Trust for Historic Preservation v. Blanck, 938 F. Supp. 908, 914 (D.D.C. 1996) ("[i]n order to establish an implied private right of action under a federal statute, a plaintiff bears a relatively heavy burden").

The District of Columbia Court of Appeals uses a three part test to determine whether District of Columbia statutes create an implied private right of action:

> First, is the plaintiff 'one of the class for whose especial benefit the statute was enacted' . . . ? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?

Coates v. Elzie, 768 A.2d 997, 1001 (D.C. 2001) (quoting In re D.G., 583 A.2d 160, 166 (D.C. 1990)). As to the first factor, plaintiff was a permit holder, and therefore is likely part of the class for whose benefit the statute was created. Second, as already noted, there is no indication of any legislative intent to create a private right of action. The statute does not, for example, provide any sanctions for noncompliance by the Director. Rather, through the language "shall seek," the statute creates general standards for the method by which the Director administers building permits rather than a binding, enforceable duty. These standards are described in broad language — "fair, efficient, predictable" — which does not lend itself to adjudication by the courts. See D.C. Code § 6-1405.01(a).

Neither does the third factor in the test suggest that the statute provides — or was intended to provide — for a private right of action. The statute is part of the D.C. Construction Codes, which

> shall be construed to secure their expressed intent, which is to ensure public safety, health, and welfare by building construction, through structured strength, energy and water conservation, accessibility to persons with disabilities, adequate egress facilities, sanitary equipment, light, ventilation, and fire safety; and, in general, to secure safety to life and property from all hazards incident to the design, erection, repair, removal, demolition, or use and occupancy of buildings, structures, or premises.

D.C. Code § 6-1404. The underlying purpose of the legislative scheme is to ensure that the construction occur in a manner than promotes the "public safety, health, and welfare," not to ensure that individuals involved in construction projects be afforded particular substantive rights. Id.

The Court will not imply a private right of action where, as here, it is doubtful that such a remedy was intended to accompany the statute or conceived of as part of the legislative scheme. See Prunte v. Universal Music Group, 484 F. Supp. 2d at 42 ("The Supreme Court has 'responded cautiously to suggestions that [implied private rights of action] be extended into new contexts,' even when declining to do so means that injuries would go unredressed.") (quoting Schweiker v. Chilicky, 487 U.S. 412, 425 (1988)). Because D.C. Code § 6-1405.01 does not provide plaintiff with a private right of action, plaintiff's claim under the statute will be dismissed.

III. CONCLUSION

For the foregoing reasons, the Court will grant defendants' motion to dismiss in its entirety.[5] The case will be dismissed. An Order consistent with this Opinion will be issued this same day.

/s/_________________________
PAUL L. FRIEDMAN
United States District Judge

DATE: March 30, 2009

[5] Since the Court is dismissing all claims, it need not reach the arguments that defendants raise about qualified immunity or whether it should decline to exercise supplemental jurisdiction over plaintiff's state law claim.